IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

IN RE JEEP WRANGLER CLASS ACTION :     3:02 CV 1219 (JBA)

ANGELA PHELAN, ET AL.

v.

DAIMLERCHRYSLER CORPORATION     :     DATE: OCTOBER 21, 2003

-----------------------------------------------------------x

## RULING ON DEFENDANT'S SECOND MOTION TO COMPEL AND ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE PRODUCT DISCOVERY

The factual and procedural history behind this litigation is set forth in considerable detail in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel, filed July 10, 2003 (Dkt. #66)["July 2003 Ruling"], this Magistrate Judge's Recommended Ruling on Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint, filed July 31, 2003 (Dkt. #70)["Recommended Ruling"], and Judge Arterton's Order on Motion for Partial Dismissal of Plaintiff's Amended Complaint and Scheduling Order, filed September 26, 2003 (Dkt. #81)["September 2003 Order"], familiarity with which is presumed.

Briefly, on July 16, 2002, plaintiff Angela Phelan, Administratrix of the estate of Christopher Phelan, individually and on behalf of the class of all Jeep Wrangler owners, filed this action regarding a two-vehicle accident on January 18, 2000, in which her decedent was killed while driving his 1994 Jeep Wrangler. (Dkt. #1). An Amended Complaint was filed on October 16, 2002 (Dkt. #18), which alleges violation of the Connecticut Unfair Trade Practices Act ["CUTPA"], CONN. GEN. STAT. § 42-110 *et seq.* (First Count) and the Connecticut Product Liability Act, CONN. GEN. STAT. § 52-572m *et seq.* (Third Count),

AO 72A
(Rev. 8/82)

claiming that the roll bar structure on the Jeep was defective.[1] The file has been referred to this Magistrate Judge for various pretrial purposes. (See Dkts. ##46, 55, 57 & 69).

Under the Scheduling Order, filed on May 9, 2003 (Dkt. #57), class discovery was to commence upon the filing of the ruling on defendant's then pending Motion to Dismiss and was to be completed within ninety days thereof, and all product liability discovery was to be completed by July 15, 2003. (¶¶ 3 & 5).[2] Thereafter, the deadlines were extended so that all product liability discovery was to be completed by August 15, 2003. (See 6/23/03 endorsement on Dkt. #62).[3] On July 31, 2003, this Magistrate Judge filed her Recommended Ruling, which was approved and adopted by Judge Arterton on September 26, 2003 in the October 2003 Order, with modifications directed to an issue not raised by the parties in their underlying briefs. In the October 2003 Order, Judge Arterton directed the parties "to focus . . . on a critical issue of whether the alleged CUTPA violations regarding Phelan's 1994 Jeep Wrangler occurred prior to July 17, 1999. If so, Phelan's individual claim under CUTPA is time barred and she cannot be a proper representative of a class of individuals whose claims against [defendant] arise from alleged CUTPA violations occurring on or after July 17, 1999." (Id. at 1-2). Thus, "[i]n order to first determine whether plaintiff's CUTPA claim is time-barred," Judge Arterton ordered that class discovery remains stayed, and the parties were directed to conduct and conclude discovery on plaintiff's individual

---

[1]Plaintiff's original Amended Complaint was filed on October 4, 2002. (Dkt. #16). The Second Count, which alleged that defendant's CUTPA violations resulted in the wrongful death of plaintiff's decedent, was dismissed by agreement in light of Gerrity v. R.J. Reynolds Tobacco Co., 263 Conn. 120 (2003). (See Dkt. #57, at ¶ 2).

[2]Plaintiff's Motion for Class Certification was to filed within twenty days following the close of class discovery and defendant's Motion for Summary Judgment (based on Daubert) was to be filed by August 15, 2003. (Id. ¶¶ 4 & 6).

[3]The deadline for defendant's Motion for Summary Judgment also was postponed until September 15, 2003. (Id.). Such motion was filed that day. (Dkts. ##77-80).

2

AO 72A
(Rev. 8/82)

CUTPA claims and on plaintiff's ability to serve as a putative class representative by January 16, 2004. (Id. at 4).[4]

Two motions are presently pending before the Court. First, on July 11, 2003, defendant filed its Second Motion to Compel and brief in support, regarding two interrogatories. (Dkts. ##67-68).[5] On August 1, 2003, plaintiff filed her brief in opposition. (Dkt. #71).[6]

Second, on August 15, 2003, plaintiff filed her Motion for Extension of Time To Complete Product Discovery (Dkt. #74),[7] which seeks an extension until November 15, 2003 to complete product discovery in this case. On September 3, 2003, defendant filed its brief in opposition. (Dkt. #76).[8]

For the reasons stated below, defendant's Second Motion to Compel (Dkt. #67) is

---

[4]In addition, defendant is to file a Motion for Summary Judgment on the issue of statute of limitations for Count One by February 16, 2004. (Id. at 4-5).

[5]The following eleven exhibits were attached: copy of Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories, dated December 20, 2002 (Exh. 1); copy of defendant's Motion to Compel Plaintiff's Further Responses to Interrogatories, dated April 22, 2003 (Exh. 2, with Subexhs. 1.A-F; see also Dkt. #49); copy of Judge Arterton's Endorsement Order, filed May 7, 2003 (Exh. 3; see also Dkt. #54); copy of Plaintiff's Supplemental Answers to Defendant's Interrogatories Nos. 4-8, dated May 12, 2003 (Exh. 4); copies of correspondence between counsel, dated May 21, May 14, June 30, July 2, and July 8, 2003 (Exhs. 5, 7, 8, 9 & 11); copy of Plaintiff's Supplemental Answers and Objections to Defendant's First and Second Set of Interrogatories and First Request for Production of Documents, dated June 26, 2003 (Exh. 6); and excerpts from deposition transcript of Dr. Michael S. Wogalter, PhD, taken on April 2, 2003 (Exh. 10).

[6]Attached as Exh. 1 was a copy of a list of lawsuits against defendant.

[7]Attached as Exh. 1-3 were copies of filings in Waitt v. Chrysler Motors Corp., Docket No. X03-CV97-0492125S, Complex Litigation Docket, Superior Court in New Britain, dated August 11, July 30, and January 26, 1999.

[8]The following two exhibits were attached: copy of correspondence between counsel, dated May 20, 2003 (Exh. A); and copy of Defendant's Supplemental Responses to Interrogatory Nos. 7 and 8 and Request No. 1 (Exh. B).

granted in part and denied in part and plaintiff's Motion for Extension of Time to Complete Product Discovery (Dkt. #74) is granted until December 31, 2003.

I.  DISCUSSION

A.  DEFENDANT'S SECOND MOTION TO COMPEL

On or about November 21, 2002, defendant served its First Set of Interrogatories upon plaintiff, to which plaintiff served her Answers and Objections on December 20, 2002. (Dkt. #68, at 1 & Exh. 1). On April 24, 2003, defendant filed a Motion to Compel (Dkt. #49), with respect to Interrogatories Nos. 4-8. (See also Dkt. #68, at 2 & Exh. 2). On May 7, 2003, Judge Arterton issued an Order, indicating that this motion was granted, absent objection, "[a]s set forth on the record" on May 5, 2003, with plaintiff to serve supplemental responses by May 12, 2003. (Dkt. #54; see also Dkt. #68, at 2 & Exh. 3). On May 12, 2003, plaintiff served her Supplemental Answers to Interrogatories Nos. 4-8. (Dkt. #68, Exh. 4). On June 26, 2003, plaintiff served an additional Supplemental Answers and Objections to Interrogatories Nos. 4-8. (Dkt. #68, Exh. 6).[9]

Interrogatories No. 4 and 8 are at issue in the pending motion. With respect to Interrogatory No. 4, defendant requests that the Court order further supplementation of plaintiff's response within ten days and if plaintiff fails to do so, sanctions should be imposed, including preclusion of any undisclosed testimony or other evidence on other occurrences. (Dkt. #67, at 3 ¶ 5). With respect to Interrogatory No. 8, defendant requests that the Court order plaintiff to provide within ten days a complete and detailed supplemental response of specific requested items and if plaintiff fails to supplement as ordered, plaintiff would be barred from presenting any evidence at trial in support of her allegations of failure to warn. (Id. at ¶ 6).

---

[9]Plaintiff responded to additional interrogatories and production requests as well.

4

Interrogatory No. 4 asks plaintiff to identify any witness she expects to call at trial regarding similar incidents, including each witness' name and address, the make, model, model year and vehicle identification number of the vehicle involved in each accident, the specific circumstances of each accident (nature of injuries, number of persons involved, number of vehicles involved, weather conditions, etc.), the substance of the facts and opinions to which each witness is expected to testify, and any documents within plaintiff's possession relating to such occurrences. (Dkt. #68, Exh. 1). In her December 20, 2002 response, plaintiff replied: "To be provided as product liability discovery continues." (Id.). After Judge Arterton granted defendant's Motion to Compel, absent objection, plaintiff's supplemental answers, dated May 12, 2003, listed the names of five plaintiffs who had sued defendant and the docket numbers and courts of their lawsuits, referred to a September 9, 2001 "Roll-Over Preparedness" report prepared by Seth Markowitz which was produced, and indicated that plaintiff "will further respond to this interrogatory after [d]efendant has produced related information requested in [p]laintiff['s] written discovery served on [d]efendant." (Dkt. #68, Exh. 4). In her supplemental response, dated June 26, 2003, plaintiff responded that she "expect[s] to call a limited number of witnesses to testify at trial regarding accidents similar to the subject accident in this case," but that defendant had restricted its discovery responses to plaintiff by initially only providing lawsuits and claims involving a 1994 Jeep Wrangler (YJ), and then supplementing it to involve the Jeep Wrangler (YJ) for the model years 1987 through 1995, but only where there were personal injuries and the Jeep Wrangler (YJ) overturned or it was alleged that a defect existed in the roll bar structure. (Dkt. #68, Exh. 6). Plaintiff thus stated that: "When [defendant] has fully complied with [p]laintiff['s] written discovery requests, [p]laintiff[] will determine which witnesses [she] expect[s] to call to testify at trial regarding similar accidents, and [p]laintiff[]

5

will supplement [her] response." (Id.).

In its brief, defendant argues that Judge Arterton's May 7th Order was "unequivocal" and did not permit plaintiff to assert new possible arguments. (Dkt. #68, at 4). In her brief in opposition, plaintiff contends that she has fully complied with and will continue to supplement her response to discovery, when and as she obtains and evaluates additional information from defendant and non-parties (Dkt. #71, at 3-5), that plaintiff is still digesting the information provided to plaintiff in defendant's supplemental responses provided on July 1, 2003 (id. at 5), and that defendant intentionally withheld information regarding Waitt v. Chrysler Corp., a case it settled in Connecticut regarding a fatal 1993 Jeep Wrangler (YJ) rollover accident. (Id. at 5-7).[10]

Discovery regarding similar accidents was addressed in Magistrate Judge's Ruling on Plaintiff's Motion to Compel, filed July 10, 2003 (Dkt. #66), one day before defendant's pending motion was filed. The July 2003 Ruling denied plaintiff's motion, "without prejudice to renew, with additional evidence, from an expert, that the differences described by defendant [between models Jeep Wrangler (YJ) and Jeep Wrangler (TJ)] are only 'relatively minor differences.'" (At 7)(emphasis omitted). As previously mentioned, all product liability discovery was to have been completed by August 15, 2003. (See 6/23/03 endorsement on Dkt. #62). Plaintiff has not renewed her motion in the three months since the July 2003 Ruling.[11] Moreover, she has had more than ample time to carefully analyze the supplemental information and materials provided to her by defendant on July 1, 2003. Thus,

---

[10] The Waitt lawsuit is addressed in defendant's brief in opposition to plaintiff's Motion for Extension of Time. (Dkt. #76).

[11] In her Motion for Extension, plaintiff represented that she is "in the process of obtaining the additional expert and evidentiary basis to support" a renewed motion. (Dkt. #74, at 3).

unless and until plaintiff files a Motion to Renew her Motion to Compel, and unless and until such motion is granted by the Court, plaintiff has in her possession all the information she is going to obtain from defendant regarding similar occurrences. Therefore, **on or before November 14, 2003**, plaintiff shall provide the detailed information requested in Interrogatory No. 4, based upon the information provided by defendant to date, bearing in mind plaintiff's obligation to provide supplemental responses when and if additional information is forthcoming from defendant, as ordered by the Court.[12]

Interrogatory No. 8 asks plaintiff to identify each and every respect in which the condition of the vehicle has changed since the time of the accident, indicating the date of the change, the person(s) responsible for the change, the cause of the change, and the identity of the person(s) who had legal responsibility for the condition of the vehicle at the time of such change. (Dkt. #68, Exh. 1). In her December 20th response, plaintiff objected to this interrogatory but without waiving her objection, stated that "the condition of the subject Jeep Wrangler has not changed from the date of the accident to the present, except to the extent the vehicle or any of its components were moved for inspection during party inspections." (Id.). In her May 12th supplemental responses, plaintiff listed the dates on which the vehicle was inspected and by whom. (Dkt. #68, Exh. 4). In her June 26th supplemental responses, plaintiff again answered: "The condition of the subject vehicle has not changed since the time of the subject accident to the present." (Dkt. #68, Exh. 6).

In its brief, defendant argues that this Jeep may have contained a warning label located on the interior portion of the hardtop roof near the driver, and that when defendant's expert on warnings traveled on July 1, 2003 to inspect the vehicle, the hardtop roof was

---

[12]Defendant's request for additional sanctions is therefore <u>denied without prejudice to renew</u>, if needed.

7

missing and only a few small remnants of what may have been the hardtop roof were in the vehicle's rear compartment. (Dkt. #68, at 5). Defendant further argues that there is no dispute that the vehicle had a hardtop roof when plaintiff's decedent purchased it in July 1999, that the hardtop roof was on the Jeep at the time of the accident on January 18, 2000, and that the hardtop roof was on the vehicle when it was inspected by defendant's experts on November 19, 2001 and January 9, 2002. (Id.). According to defense counsel, plaintiff's counsel indicated that the hardtop roof may have been missing as long ago as April 2003, when a representative of plaintiff photographed it at the salvage yard where it is being stored. (Id.). Defendant argues that plaintiff's failure to properly preserve the vehicle may make it impossible to determine if a warning label was present, and that plaintiff's current answer that the condition of the vehicle is unchanged is "plainly incorrect." (Id. at 5-6). Defendant seeks an order that plaintiff supplement her answer, with a detailed and complete statement of the date when the hardtop was lost or destroyed, who was responsible for this change in the vehicle's condition, the cause of the change, and the identity of the person who had legal responsibility for the condition of the vehicle at the time of the change, and also an opportunity to review the photographs taken by plaintiff's counsel or his representative in January 2000, on February 11, 2003, and on April 17, 2003. (Id. at 6).

In her brief in opposition, plaintiff's counsel represents that he first learned about the hardtop roof's absence from defense counsel on July 1, 2003, and that during a deposition on July 15, 2003 of the salvage company, was informed that the salvage company does not know how or when the hardtop was misplaced. (Dkt. #71, at 8). Plaintiff represented that she "soon" would supplement her response accordingly. (Id.). Plaintiff apparently objects to production of her photographs, as attorney-work product. (Id.).

As plaintiff agreed to supplement her response to Interrogatory No. 8, if she has not

done so previously, **on or before November 3, 2003**, she shall serve a supplemental answer, with a detailed and complete statement of the date when the hardtop roof was lost or destroyed (to the extent she knows), who was responsible for this change in the vehicle's condition (to the extent she knows), the cause of the change (to the extent she knows), and the identity of the person who had legal responsibility for the condition of the vehicle at the time of the change. Defendant's response for an opportunity to review the photographs taken by plaintiff's counsel or his representative in January 2000, on February 11, 2003, and on April 17, 2003 is not an unreasonable one, if for no other reason than to ascertain at what point in time the hardtop roof disappeared. Therefore, **on or before November 7, 2003**, plaintiff either shall: (1) make available for defendant's review the January 2000, February 2003 and April 2003 photographs, <u>to the extent that they show the presence of, or absence of, the hardtop roof</u>, <u>or</u> (2) may submit copies thereof to the Magistrate Judge for her <u>in camera</u> review.[13]

### B. PLAINTIFF'S MOTION FOR EXTENSION OF TIME

As previously indicated, the deadlines for the completion of discovery in this case presently are as follows: all product liability discovery was to be completed by August 15, 2003 (<u>see</u> 6/23/03 endorsement on Dkt. #62), class discovery remains stayed, and the parties are to conduct and conclude discovery on plaintiff's individual CUTPA claims and on plaintiff's ability to serve as a putative class representative by January 16, 2004. (September 2003 Order at 4).

In this motion, filed on August 15, 2003, plaintiff seeks to extend the deadline to complete product liability discovery until November 15, 2003, on the basis that defendant

---

[13] Defendant's request for additional sanctions is therefore <u>denied without prejudice to renew</u>, if needed.

9

"has and continues to intentionally withhold information and documents that [d]efendant is required to timely and fully disclose to [p]laintiff[] . . ., [thus] hamper[ing] [p]laintiff['s] product discovery in this case . . . ." (Dkt. #74, at 1). Specifically, plaintiff points to the parties' dispute about discovery of accidents involving the Jeep Wrangler (TJ), addressed in Section I.A. supra, defendant's sketchy information about the Waitt lawsuit, also mentioned in Section I.A. supra, defendant's withholding of information and data prepared by its accident reconstruction expert, and defendant's withholding of information to its design engineering expert. (Id. at 2-4 & Exhs. 1-3).

In its brief in opposition, defendant argues that its responses regarding the Jeep Wrangler (YJ) were timely, accurate, and complete, that defendant provided sufficient information regarding the Waitt litigation, that the documents produced in the Waitt lawsuit were not requested in this lawsuit, that plaintiff's failure to file her renewed motion is not grounds for extending the discovery deadline, that defendant did not withhold information from its own expert, and that no basis exists for extending discovery. (Dkt. #76, at 2-8).

Given the complexity of the factual and legal issues raised in this lawsuit, which involves the death of a young man, given the volume of discovery which has been exchanged by the parties thus far, given the January 16, 2004 deadline for completion of discovery on the CUTPA issues, and given the stay of class action discovery, it is appropriate to extend the deadline for the completion of product liability discovery until **December 31, 2003**. If plaintiff wishes to renew her Motion to Compel, she must do so **on or before November 14, 2003**.

## II CONCLUSION

Accordingly, for the reasons stated in Section I.A. supra, defendant's Second Motion to Compel (Dkt. #67) is granted in part and denied in part and for the reasons stated in

10

Section I.B. supra, plaintiff's Motion for Extension of Time to Complete Product Discovery (Dkt. #74) is granted until December 31, 2003.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same)**; FED. R. CIV. P. 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.[14]

Dated at New Haven, Connecticut, this 21st day of October, 2003.

                                                    Joan Glazer Margolis
                                                    United States Magistrate Judge

---

[14] These disputes are ones which mature adults should have been able to resolve between themselves.

If either counsel believe a continued settlement conference before this Magistrate Judge would be productive, he is to contact Chambers accordingly.

11