UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Jeep Wrangler Class Action | ) |
| | ) |
| Angela Phelan, Administratix of | ) |
| the Estate of Christopher Phelan, | ) |
| Class Member, and Individually | ) |
| | ) Civil No. 3:02 CV 1219 JBA |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DaimlerChrysler Corporation | ) December 5, 2003 |
| | ) |
| Defendant. | ) |

**DAIMLERCHRYSLER CORPORATION'S MOTION
TO PRECLUDE OR LIMIT PLAINTIFF'S EXPERT TESTIMONY
FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER
AND FED. R. CIV. P. 26(a)(2)**

Defendant DaimlerChrysler Corporation ("defendant") respectfully submits this Motion to Preclude or Limit Plaintiff's Expert Testimony for Failure to Comply with the Court's Scheduling Order and Fed. R. Civ. P. 26(a)(2).

Defendant states the following reasons in support of its Motion:

1.  This Court's Scheduling Order of December 20, 2002 required plaintiff's expert disclosure concerning her individual product liability claims to have been served by February 1, 2003. The deadline for plaintiff's expert disclosure had already been extended by three months, over the defendant's objection, from November 1, 2002.

**ORAL ARGUMENT IS REQUESTED**

2.  As of February 1, 2002, plaintiff had named Dr. Irving U. Ojalvo, Wilson B. Hayes, Michael Wogalter, and Malka Shah as experts liability issues.[1] Plaintiff identified Irving Ojalvo on product design issues, and in several other areas, at that time.

3.  In an apparent effort to circumvent this Court's Scheduling Order, plaintiff's counsel has now engaged two additional consultants. Plaintiff's Memorandum of Law in Support of her Renewed Motion to Compel Defendant's Responses to Plaintiff's First Set of Product Liability Interrogatories and Requests for Production states plaintiff is consulting with "an expert", James M. Mundo, regarding differences between the roll cage systems of the Jeep Wrangler (YJ) and the Jeep Wrangler (TJ). In the cover letter to that motion, plaintiff's counsel mentions in passing that they have been working with Paul V. Sheriden [sic] and they expect to have him testify at trial.

4.  Plaintiff's counsel has already engaged and disclosed Irving Ojalvo on vehicle design issues. If Ojalvo is, in fact, qualified to testify on design issues, there is no reason for plaintiff's counsel to hire an additional expert. They could presumably have consulted with their disclosed expert on the differences between the roll structures of the Wrangler (YJ) and the Wrangler (TJ). Instead, they now seek to add another expert on those issues by naming James Mundo. Plaintiff's counsel has provided no information on the subject matters of Paul Sheridan's proposed trial testimony in this case.

5.  Plaintiff has not previously identified either of these individuals as a testifying expert in this action as required by Rule 26(a)(2)(A), nor provided reports in compliance with Rule 26(a)(2)(B). Plaintiff's failure to disclose the expert information required by Rule 26(a)

---

[1] The defendant served its expert disclosure in accordance with the Court's Scheduling Orders and Fed. R. Civ. P. 26(a)(2) on May 15, 2003.

without substantial justification mandates sanctions under Rule 37(c)(1). Fed. R. Civ. P. 37(c)(1) provides in relevant part that, "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed" (emphasis added).

6.    The facts and history of this case do not indicate a substantial justification for plaintiff's failure to timely disclose these witnesses. As for the proposed testimony of James Mundo, the Court issued its Order on the plaintiff's Motion to Compel on July 10, 2003. While plaintiff already had a putative design expert at that time, plaintiff's counsel waited more than three months after the original Order was issued to seek an expert affidavit on the differences between the YJ and TJ roll structures. There is no excuse for the late identification of Paul Sheridan. The Court's Order permitting plaintiff to renew her Motion to Compel does not grant plaintiff's counsel license to hire additional trial experts.

7.    The defendant incorporates the attached memorandum of law in support of this motion.

WHEREFORE, DaimlerChrysler Corporation requests that the Court 1) Preclude any expert testimony at trial by witnesses not yet formally identified in compliance with Fed. R. Civ. P. 26(a)(2); 2) preclude any expert testimony at trial by James Mundo and Paul Sheridan.

- 3 -

Defendant,
DaimlerChrysler Corporation
By its attorneys,

_____
Peter M. Durney (Fed. Bar ID# CT14569)
pdurney@cornellgollub.com
James P. Kerr (Fed. Bar ID# CT24142)
jkerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100
(617) 482-3917 Fax

## CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this ___ day of December, 2003, a true copy of the foregoing DaimlerChrysler Corporation's Motion to Preclude or Limit Plaintiff's Expert Testimony for Failure to Comply with the Court's Scheduling Order and Fed. R. Civ. P. 26(a)(2), was served via first class mail, directed to:

Steven E. Arnold, Esq.
Peter Van Dyke, Esq.
James Helpin, Esq.
Stanger & Arnold, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut 06107

Attorney for Plaintiff

and:

Daniel J. Krisch, Esq.
Horton, Shields & Cormier
90 Gillett Street
Hartford, Connecticut 06105

Lewis H. Goldfarb, Esq.
Hogan & Hartson, LLP
875 Third Avenue
New York, New York 10022

Christopher Miller
c/o Robinson Correctional Facility
285 Shaker Road
P.O. Box 1600
Enfield, CT 06082

Third-Party Defendant

Terri S. Reiskin, Esq.
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

James A. Hourihan, Esq.
Hogan & Hartson, LLP
555 Thirteenth Street
Washington, D.C. 20004

-4-

M. Sheila Jeffrey, Esq.
Miller, Canfield, Paddock & Stone, P.L.C.
Seventh Floor
101 North Main
Ann Arbor, MI 48104

Co-counsel for Defendant

_____
James P. Kerr

- 5 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Jeep Wrangler Class Action )<br>)<br>Angela Phelan, Administratix of )<br>the Estate of Christopher Phelan, )<br>Class Member, and Individually )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DaimlerChrysler Corporation )<br>)<br>Defendant. ) | Civil No. 3:02 CV 1219 JBA<br><br><br>December 5, 2003 |

**MEMORANDUM IN SUPPORT OF DAIMLERCHRYSLER CORPORATION'S
MOTION TO PRECLUDE OR LIMIT PLAINTIFF'S EXPERT TESTIMONY
FOR FAILURE TO COMPLY WITH
THE COURT'S SCHEDULING ORDER AND FED. R. CIV. P. 26(a)(2)**

Defendant DaimlerChrysler Corporation ("defendant") submits this memorandum in support of its Motion to Preclude or Limit Plaintiff's Expert Testimony for Failure to Comply With the Court's Scheduling Order and Fed. R. Civ. P. 26(a)(2).

**I.    STATEMENT OF RELEVANT FACTS**

The Court's December 20, 2002 Scheduling Order in this case states that plaintiff's expert disclosure on her individual product liability claims was to have been served no later than February 1, 2003. At that time, the deadline for plaintiff's expert disclosure had already been extended by three months, over the defendant's objection, from November 1, 2002. (See Ex. 1, Scheduling Order of December 20, 2002; Ex. 2, Scheduling Order of October 11, 2002).[1]

---

[1] Defendant filed is first Motion to Preclude for Failure to Comply with the Court's Scheduling Order and Fed. R. Civ. P 26(a)(2) on or about November 19, 2002. As of the original deadline of November 1, 2002, plaintiff had

As of February 1, 2002, plaintiff had identified Dr. Irving U. Ojalvo, Wilson B. Hayes, Michael Wogalter, and Malka Shah as experts on liability issues.[2] Plaintiff identified Irving Ojalvo as an expert on practically every subject matter that might be relevant in a products liability case. The proposed subject matters of his testimony and purported areas of expertise include alleged defects in what plaintiff describes as the vehicle's "roll cage", as well as accident reconstruction, biomechanics and injury causation. (See Ex. 3, Plaintiff's Expert Disclosure at 2.)[3]

Plaintiff's counsel has used their most recent discovery motion to identify two additional experts. On December 1, 2003, defendant received plaintiff's Renewed Motion to Compel, where it learned that, "Plaintiffs are consulting with an expert, James M. Mundo, of American Automotive Design to confirm that there are only relatively minor differences between the roll cage systems of the Jeep Wrangler (YJ) and the Jeep Wrangler (TJ)." (Ex. 4, Plaintiffs' Memorandum of Law in Support of Plaintiffs' Renewed Motion to Compel Defendant's Responses to Plaintiffs' First Set of Product Liability Interrogatories and Requests for Production at 3). In the cover letter attached to that motion, plaintiff's counsel mentioned in passing that, "we have been working with Paul V. Sheriden, and expect to call him to testify at trial." (Ex. 5, Steven Arnold's 11/14/03 letter).

Defense counsel has requested that plaintiff's counsel provide proper disclosure of their newly identified experts, Sheridan and Mundo, but has received no response to date. (See Ex. 6, letter of December 2, 2003 to Steven Arnold).

---

identified only one expert on her individual product liability claims and had not served a report by that expert until several days after the deadline.

[2]  Plaintiff failed to timely serve reports for Hayes or Wogalter.

- 2 -

Based on plaintiff's unexplained and unjustified failure to comply with Rule 26(a)(2) and the Court's Scheduling Order, the defendant requests that the Court preclude any expert testimony by these witnesses at trial.

## II. ARGUMENT

Plaintiff's failure to provide the disclosure mandated by Fed. R. Civ. P. 26(a)(2) and the Court's Scheduling Order requires the limitation or preclusion of expert testimony at trial by Mundo and Sheridan.

### A. Plaintiff has failed to comply with Rule 26(a)(2) and the Court's Scheduling Order regarding the disclosure of experts.

Pursuant to Fed. R. Civ. P. 26(a)(2), parties engaged in litigation are obliged to "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). "The purpose of this rule is to give parties a reasonable opportunity to prepare an effective cross-examination of the opposing parties' expert witnesses and, if necessary, arrange for testimony from other experts." 6 James W. Moore et al., Moore's Federal Practice, § 23.23[2] (3rd ed. 1997).

Fed. R. Civ. P. 26(a)(2)(B) requires that a party provide "written report prepared and signed by the witness . . ." The rule states in detail the requisite contents of an expert's report:

> A complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the

---

[3] The defendant served its expert disclosure in accordance with the Court's Scheduling Orders and Fed. R. Civ. P. 26(a)(2) on May 15, 2003.

- 3 -

> witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). Fed. R. Civ. P. 26(a)(2)(C) states a specific timetable for the disclosure of expert testimony -- either "at the times and in the sequence directed by the Court," by the parties' stipulation, or at least ninety (90) days before trial. The Court has entered Scheduling Orders in this case that provide discovery deadlines for plaintiff's individual product liability claims. The applicable Order for the purposes of this motion is the December 20, 2002 Order issued by Judge Arterton. (See Ex. 1).

In an apparent attempt to evade the requirements of that Order, plaintiff's counsel has now engaged two additional consultants, Paul Sheridan and James Mundo. <u>Neither of these individuals has been identified by plaintiff up to this point in the case.</u> (See Exs. 2-3, cited above) The defendant anticipates that plaintiff will seek to present expert testimony by these individuals at trial.

B.     <u>Plaintiff's failure to disclose as required by Rule 26(a)(2) warrants sanctions under Rule 37(c)(1).</u>

Fed. R. Civ. P. 37(c)(1) provides in relevant part that, "A party that without <u>substantial justification</u> fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed" (emphasis added). The purpose of Rule 37(c)(1) is "to prevent the practice of 'sandbagging' an adversary with new evidence." <u>Ventra v. United States</u>,

- 4 -

121 F.Supp.2d 326, 331-332 (S.D.N.Y. 2000), citing <u>Johnson Electric North America v. Mabuchi Motors America Corp.</u>, 77 F. Supp. 2d 446, 458 (S.D.N.Y. 1999). Rule 26(a) contemplates a "detailed and complete" expert report in order to minimize the expense of deposing experts, to help shorten direct examination and to prevent an ambush at trial. Fed. R. Civ. P. Advisory Committee's Note; <u>see</u> also <u>Thibeault v. Square D Company</u>, 960 F.2d 239, 244 (1st Cir. 1992) (expert discovery increases the quality of trial by better preparing attorneys for cross-examination, supplying a helpful focus for the court's supervision of the judicial process and promoting fairness at trial by avoiding surprise); <u>Ortiz-Lopez v. Sociedad Espanola</u>, 248 F.3d 29, 35 (1st Cir. 2001).

Plaintiff has not made clear whether James Mundo is expected to testify at trial. If that is the case, then plaintiff should have disclosed Mundo as an expert witness in February and provided a report. No information at all has been provided for Paul Sheridan. Plaintiff's counsel referred briefly to this witness in a cover letter and provided no information whatsoever regarding his proposed testimony. Counsel has merely alluded to Sheridan with the apparent expectation that the defendant is capable of divining what Sheridan's testimony will be in this case. Plaintiff cannot claim compliance with Fed. R. Civ. P. 26(b)(2) on those grounds.

The expert disclosure requirements of Rule 26(a) are "not merely aspirational, and courts must deal decisively with a party's failure to adhere to them." <u>Lohnes v. Level 3 Communications, Inc.</u>, 272 F.3d 49, 60 (1st Cir. 2001). Rule 37(c)(1) clearly contemplates strict adherence to the discovery rules set out in Rule 26(a) and harsh sanctions for breaches of those rules. Numerous courts have excluded expert evidence for failure to comply with Rule 26(a). <u>See</u> <u>Ventra</u>, 121 F. Supp. at 331 (excluding testimony by plaintiff's expert for failure to timely disclose without substantial justification); <u>Fleet Capital Corporation v. Yamaha Motor</u>

- 5 -

Corporation, U.S.A, 01 Civ. 1047 (AJP), 2002 U.S. Dist. LEXIS 17502 (S.D.N.Y. 2002); Hyun v. South Kent School, Civ. No. 3:95CV2235(AHN), 1997 U.S. Dist. LEXIS 14622, p. 5 (D. Conn. 1997).

The sanctions set forth in Fed. R. Civ. P. 37(c)(1) require that the plaintiff be precluded from using expert evidence "at trial, at a hearing, or on a motion any information not so disclosed." Ortiz-Lopez, 248 F.3d at 33 (citing Rule 37(c)(1)). The Ortiz court affirmed the preclusion of expert trial testimony for a far less serious violation of Rule 26(a) than the plaintiff have committed here. See id. at 36. In that case, plaintiffs failed to include a listing of other cases in which their liability expert had previously testified -- information specifically required by Rule 26(a)(2)(B). Id.

    C.    Plaintiff can not demonstrate substantial justification to avoid the mandatory sanctions of Rule 37(c)(1).

There is no justification for plaintiff's failure to disclose these witnesses. Plaintiff's refusal to identify or provide any formal disclosure for these individuals is consistent with plaintiff's past failures to comply with this Court's deadlines. As for the proposed testimony of James Mundo, the Court issued its Order on the plaintiff's Motion to Compel on July 10, 2003. While plaintiff already had a putative design expert at that time, plaintiff's counsel waited more than three months after the original Order was issued to seek an expert affidavit on the differences between the YJ and TJ roll structures. There is no excuse of any kind for the late identification of Paul Sheridan. This Court's Order permitting plaintiff to renew her Motion to Compel does not grant plaintiff's counsel license to hire additional trial experts.

The potential harm to the defendant if these witnesses are allowed to give expert testimony at trial is clear. In view of plaintiff's failure to comply with this Court's expert discovery requirements and the resulting prejudice, the defendant requests that the Court to exercise its discretionary power by precluding the trial testimony of plaintiffs' newly identified experts, James Mundo and Paul Sheridan.

### III. CONCLUSION

WHEREFORE, DaimlerChrysler Corporation requests that the Court preclude the expert testimony at trial of plaintiffs' newly identified experts, James Mundo and Paul Sheridan.

> Defendant,
> DaimlerChrysler Corporation
> By its attorneys,
>
> _/s/ James P. Kerr_
> Peter M. Durney (Fed. Bar ID# CT14569)
> pdurney@cornellgollub.com
> James P. Kerr (Fed. Bar ID# CT24142)
> jkerr@cornellgollub.com
> CORNELL & GOLLUB
> 75 Federal Street
> Boston, MA 02110
> (617) 482-8100
> (617) 482-3917 Fax

### CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this ___ day of December, 2003, a true copy of the foregoing Memorandum in Support of DaimlerChrysler Corporation's Motion to Preclude or Limit Plaintiff's Expert Testimony for Failure to Comply with the Court's Scheduling Order and Fed. R. Civ. P. 26(a)(2) was served via first class mail directed to:

Steven E. Arnold, Esq.
Peter Van Dyke, Esq.
James Helpin, Esq.
Stanger & Arnold, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut 06107

Attorney for Plaintiff

and:

Daniel J. Krisch, Esq.
Horton, Shields & Cormier
90 Gillett Street
Hartford, Connecticut 06105

Lewis H. Goldfarb, Esq.
Hogan & Hartson, LLP
875 Third Avenue
New York, New York 10022

M. Sheila Jeffrey, Esq.
Miller, Canfield, Paddock & Stone, P.L.C.
Seventh Floor
101 North Main
Ann Arbor, MI 48104

Co-counsel for Defendant

Christopher Miller
c/o Robinson Correctional Facility
285 Shaker Road
P.O. Box 1600
Enfield, CT 06082

Third-Party Defendant

Terri S. Reiskin, Esq.
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

James A. Hourihan, Esq.
Hogan & Hartson, LLP
555 Thirteenth Street
Washington, D.C. 20004

_/s/ James P. Kerr_
James P. Kerr