RE:     CASE NO. 3:02cv1219 (JBA)

---

TO:     COUNSEL OF RECORD:

---

On or before **March 26, 2003,**

THE PARTIES SHALL SUBMIT TO THE CHAMBERS OF THE HONORABLE JANET BOND ARTERTON [with certification copies sent to all counsel of record] AN ORIGINAL STATUS REPORT, STATING THE FOLLOWING:

    (a)  THE STATUS OF THE CASE, IDENTIFYING ANY PENDING MOTIONS, OR ANY CIRCUMSTANCES POTENTIALLY INTERFERING WITH THE PARTIES' COMPLIANCE WITH THE SCHEDULING ORDER;
    (b)  INTEREST IN REFERRAL FOR SETTLEMENT PURPOSES TO A UNITED STATES MAGISTRATE JUDGE OR TO THE DISTRICT'S SPECIAL MASTERS PROGRAM;
    (c)  WHETHER THE PARTIES WILL CONSENT TO A TRIAL BEFORE A MAGISTRATE JUDGE; AND
    (d)  THE ESTIMATED LENGTH OF TRIAL.

    NO STATUS REPORTS WILL BE ACCEPTED VIA FACSIMILE.

                                  BY ORDER OF THE COURT

                                  KEVIN F. ROWE, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHELAN        :

v.            :    NO. 3:02cv1219 (JBA)

DAIMLERCHRYSLER CORPORATION    :

FILED
Oct 11  3 30 PM '02
U.S DISTRICT COURT
NEW HAVEN CONN.

## SCHEDULING ORDER

Pursuant to the colloquy with counsel on the record 10/09/02, the following schedule is ordered:

1. All discovery on plaintiff's individual product liability claims will be completed by 1/31/03, as follows: Plaintiff's expert reports will be served by 11/1/02; and will be deposed by 12/2/02; Defendant's expert reports will be served by 1/2/03; and will be deposed by 1/31/03.

2. Dispositive motions will be filed by 2/21/03, and this matter will be trial ready 10/03/03. The parties' Joint Trial Memorandum will be filed 30 days after ruling on dispositive motions.

3. If no dispositive motions are filed, the parties' Joint Trial Memorandum will be due 4/1/03 [instructions attached] and this matter will be deemed trial ready immediately thereafter.

4. Any amended pleadings will be filed by 10/15/02.

5. Defendant's Motion to Dismiss will be served on plaintiff by 11/5/02; plaintiff's opposition will be served on defendants by 11/26/02; the parties' fully joined motion will be filed 12/10/02, with a courtesy copy sent to chambers. The parties' pre-filing conference requirement has been satisfied this date.

6. A status conference will be held 12/19/02 at 2:30 p.m. in Chambers Room 118. The parties' status reports shall be submitted to chambers no later than 12/16/02 [see format attached].

7. The parties' Supplemental 26(f) Planning Report on class claims will be filed ten (10) calendar days following the

court's ruling.

No extensions will be granted absent a showing of good cause which could not have reasonably been anticipated by the parties at the time of their report filing.

IT IS SO ORDERED.

_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut: **October 10, 2002**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE JEEP WRANGLER CLASS ACTION : | |
| : | CIVIL NO.: 302CV1219(JBA) |
| ANGELA PHELAN, ADMINISTRATRIX : | |
| OF THE ESTATE OF CHRISTOPHER : | |
| PHELAN, CLASS MEMBER, AND : | |
| INDIVIDUALLY, : | |
| Plaintiffs, . : | PLAINTIFFS' DISCLOSURE OF |
| : | EXPERT WITNESS |
| V. : | |
| : | |
| DAIMLERCHRYSLER CORPORATION, : | |
| Defendant. : | JANUARY 31, 2003 |

Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the Plaintiffs hereby disclose that **Irving U. Ojalvo, Sc.D.** may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703, and/or 705 as follows:

a. Irving U. Ojalvo, Sc.D.
   Connecticut Technology Associates
   1011 High Ridge Road
   Stamford, CT 06905

b. Dr. Ojalvo is expected to testify about:

   (1) His education, training and experience in the fields of accident reconstruction, biomechanics, human factors engineering, injury

·1·

        causation, and occupant kinematics;

(2)    The reconstruction of this accident;

(3)    The biomechanics of Christopher Phelan's body during the accident sequence;

(4)    The human factors engineering, A-Pillar, and roll cage defects of the 1994 Jeep Wrangler; and

(5)    The survivability of Christopher Phelan's accident relative to federal roof crush standards.

c.    The substance and summary of the facts and grounds for the opinions to which Dr. Ojalvo is expected to testify are set forth in his report that is attached hereto, and include:

(1)    At the point when the Jeep Wrangler began its accident roll sequence, Christopher Phelan was alive, and his vehicle was traveling about 40 miles per hour or less.

(2)    During the roll sequence, there was a glancing blow to the left upper A-Pillar area, causing the top side of the driver's door frame to crush downward and inward into Christopher Phelan's head;

(3)    The accident forces to the left upper A-Pillar area of Christopher Phelan's Jeep Wrangler were much less than the amount of force the Jeep Wrangler must withstand to meet federal roof crush standards;

STANGER & ARNOLD, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

(4)    If the A-Pillar area of the 1994 Jeep Wrangler had met federal roof crush standards, Christopher Phelan would have survived this accident.

PLAINTIFFS

By /s/ Steven E. Arnold
Steven E. Arnold  ct07966
sea@SAlaw.us
Stanger & Arnold, LLP
29 South Main Street, Suite 325
West Hartford, CT 06107
Tel: 860.561.0650
Fax: 860.561.0646
Their Attorneys

-3-

## CERTIFICATION

I hereby certify that a copy of the foregoing was faxed and mailed on January 31, 2003, postage prepaid, to all counsel and pro se parties of record as follows:

Daniel Krisch, Esq.
Horton, Shields & Cormier, P.C.
90 Gillett Street
Hartford, CT 06105

Marie E. Chafe, Esq.
Peter M. Durney, Esq.
James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Terri S. Reiskin, Esq.
James A. Hourihan, Esq.
Hogan & Hartson
555 Thirteenth Street, N.W.
Washington, D.C. 20004

Lewis H. Goldfarb, Esq.
Hogan & Hartson
875 Third Avenue
New York, NY 10022

Steven E. Arnold

STANGER & ARNOLD, LLP
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE JEEP WRANGLER CLASS ACTION | CIVIL NO. 3:02 CV 1219 (JBA) |
| ANGELA PHELAN, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER PHELAN, CLASS MEMBER, AND INDIVIDUALLY | |
| Plaintiffs | |
| VS. | |
| DAIMLERCHRYSLER CORPORATION | NOVEMBER 14, 2003 |
| Defendant | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RENEWED MOTION TO COMPEL DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF PRODUCT LIABILITY INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to the Court's July 10, 2003 Ruling on Plaintiffs' Motion To Compel and its October 21, 2003 Ruling on Plaintiffs' Motion For Extension Of Time To Complete Product Discovery, and in accordance with Fed.R.Civ.P. 37 and D.Conn.L.Civ.R. 37, Plaintiffs submit this Memorandum of Law In Support Of Plaintiffs' Renewed Motion to Compel Defendant's Responses To Plaintiffs' First Set Of Product Liability Interrogatories And Requests For Production. Plaintiffs incorporate by reference the reasons and authorities set forth in their May 19, 2003 Motion To Compel, and their June 17, 2003 Reply To Defendant's Opposition To Plaintiffs' Motion To Compel.

1

## I. NATURE OF CASE

The Plaintiff estate of Christopher Phelan brings this product liability action for his wrongful death, claiming that the roll cage system of Defendant's Jeep Wrangler (YJ) sports utility vehicle is defective and caused Christopher Phelan's death in his Jeep Wrangler rollover accident. The Plaintiff estate also brings this Connecticut Unfair Trade Practices action on behalf of itself and her putative class of Connecticut Jeep Wrangler (YJ) owners for their economic loss of bargain damages. On May 19, 2003, Plaintiffs filed their Motion to Compel Defendant's Responses to Plaintiffs' First Set of Product Liability Interrogatories and Requests for Production. On July 10, 2003, the Court denied Plaintiffs' Motion To Compel without prejudice to renew, with additional evidence, from an expert, that there were only relatively minor differences between the roll cage systems of the Jeep Wrangler (YJ) and Jeep Wrangler (TJ).

## II. LAW

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). "Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery." Omega Eng'g, Inc. v. Omega, S.A., 2001 U.S. Dist. Lexis 2016, *5 (D.Conn. 2001). "The term 'reasonably calculated' as used in Rule 26 means 'any possibility that the information sought may be relevant to the subject matter of the action'" Id. (citing Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988)).

2

In determining relevancy in the product liability context, courts make the following inquiry:

> In product liability actions it is frequently difficult to judge which of a manufacturer's products are sufficiently similar to the allegedly defective product to be subject to discovery. Generally, different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation. . .
>
> On the other hand, where there has been no suggestion that other models share pertinent characteristics with the products at issue, discovery relating to those objects will be disallowed. . . .

Fine v. Facet Aerospace Prods. Co., 133 F.R.D. 439, 441-42 (S.D.N.Y. 1990).

## III. ARGUMENT

As per the Court's July 10, 2003 Ruling, Plaintiffs are consulting with an expert, Mr. James M. Mundo of American Automotive Design, to confirm that there are only relatively minor differences between the roll cage systems of the Jeep Wrangler (YJ) and the Jeep Wrangler (TJ). Exh. 1 (CV – James Mundo). In order for Mr. Mundo to thoroughly evaluate and counter the design distinctions cited by Defendant's expert, Leon Neal, Mr. Mundo has requested the engineering drawings for both the Jeep Wrangler (YJ) and the Jeep Wrangler (TJ) roll cage systems. Despite exhaustive efforts, as yet, Plaintiffs have been unable to obtain engineering drawings for the Jeep Wrangler (TJ) roll cage system. Plaintiffs recently located an independent source for these engineering drawings so they can be provided to Mr. Mundo. Mr. Mundo's expert Affidavit is expected to confirm that there are only minor differences between Defendant's design of the roll cage systems of the Jeep Wrangler (YJ) and Jeep Wrangler (TJ).

3

Plaintiffs will supplement their Renewed Motion To Compel with Mr. Mundo's Affidavit upon its receipt.

Defendant's Jeep Wrangler (TJ) release engineer, Peter Chapman, worked on the Jeep Wrangler (TJ) roll cage system design, including its windshield and sport bar, and he testified on behalf of Defendant in a separate action involving a Jeep Wrangler (YJ) accident. Exh. 2, at 7 (Deposition – Peter Chapman). Mr. Chapman testified that there are only minor differences between the Jeep Wrangler (YJ) and the Jeep Wrangler (TJ) roll cage systems, and that the Jeep Wrangler (TJ) roll cage system, including the A-Pillar and sport bar, share the same design defect issues pertinent to those in this case:

Q. Do you know how the TJ model differs from the YJ model?

A. In design, yes.

Q. In particular with regard to the sport bar does the TJ model differ from the YJ model?

A. Yes, some minor changes.

Q. What are those changes?

A. The main hoop of the sport bar was formerly a two-piece, became a three-piece. The styling attachment of the side bar was modified, and an additional attachment was made into the B-pillar.

Q. What about the windshield, did it change from the YJ to the TJ?

A. Only inasmuch as it was a new windshield. The basic design concept stayed the same.

Q. Was the A-pillar changed in any way in the TJ versus the YJ?

4

> A.   Again, only inasmuch as it was a new windshield, so the basic panels were redesigned but in the same format.

Exh. 2, at 10.

Mr. Chapman also testified that Defendant used "the '95 [Jeep Wrangler (YJ)] ... as a benchmark to do the '97 [Jeep Wrangler (TJ)]," and that Defendant made use of all of the Jeep Wrangler (YJ) design and release drawing work, as well as input from Defendant's Jeep Wrangler structures group for Defendant's Jeep Wrangler (TJ) design. Id. at 26-27. In addition, Mr. Chapman testified that the "minor changes" to the Jeep Wrangler (TJ) sport bar were not related to the vehicle structure, but rather were made to eliminate wind noise, water leaks, and buzz, squeak and rattle noises (BSR noises). Id. at 14-18. Mr. Chapman also was responsible for recommending a change to the Jeep Wrangler (TJ) B-Pillar, only to improve door sealing to eliminate door BSR noises. Id. at 20-21. Mr. Chapman testified:

> Q.   Other than the wind noise and water leaks, are you aware of any problems that were reported with the YJ that the TJ design was intended to correct or improve?
>
> ...
>
> A.   Not specific problems because the TJ was originally meant to be a facelift vehicle which means tighten the existing vehicle, make some physical changes that people could see that made it look like a different vehicle, so the intent was to carry over as much of the existing vehicle as possible.
>
> ...
>
> Q   So from your standpoint the TJ was simply a facelift vehicle, though it was trying to correct the wind noise and water leak customer complaint?
>
> A   And I've mentioned other things like noise, vibration, buzz, squeak and rattle, just to make it generally feel like a better vehicle for the customer.

5

Exh. 2, at 28-29.

Simply stated, Defendant's "intent was to carry over as much of the existing [Jeep Wrangler (YJ)] vehicle as possible [into the Jeep Wrangler (TJ) design]. Id.

The deposition testimony of Defendant's Jeep Wrangler (TJ) release engineer makes it clear that, contrary to Defendant's proffered Affidavit of Mr. Neal, there are only relatively minor differences between the roll cage systems of the Jeep Wrangler (YJ) and the Jeep Wrangler (TJ). Moreover, the Jeep Wrangler (YJ) and the Jeep Wrangler (TJ) roll cage systems, including the windshield/A-Pillar, remain substantially similar, thus making the Jeep Wrangler (TJ) roll cage system design pertinent in this action. Facet Aerospace Products. 133 F.R.D. at 441-42. Furthermore, the fact that Defendant intended for the design of the Jeep Wrangler (TJ) sports bar "to carry over the YJ sports bar," creates a direct relevancy nexus between the Jeep Wrangler (YJ) and Jeep Wrangler (TJ) roll cage systems. Exh. 2, at 36-37; Omega Eng'g, Inc. v. Omega, S.A., 2001 U.S. Dist. Lexis 2016, *5. The Jeep Wrangler (TJ) documents and information that Plaintiffs seek to compel Defendant to produce are relevant, or may lead to relevant information, for the following reasons.

The design process to revise and improve the Jeep Wrangler (YJ) into the Jeep Wrangler (TJ) model began in 1993, a year prior to the manufacture of Chris Phelan's Jeep Wrangler (YJ). Any documents developed during this year will shed light on Defendant's knowledge concerning the Jeep Wrangler (YJ) roll cage system (in turn, triggering the duty to warn), and possible design alternatives that could have been implemented prior to the manufacture of Chris Phelan's

6

Jeep Wrangler (YJ). In addition, the Jeep Wrangler (TJ) documents will help determine whether Defendant should have sent product warnings, retrofits, or recall notices to Jeep Wrangler (YJ) owners and operators up until the time of Chris Phelan's fatal rollover accident in 2000. Any information concerning Jeep Wrangler (TJ) lawsuits or complaints are relevant to Defendant's failure to warn Jeep Wrangler (YJ) owners and operators of any unsafe roll cage system design. Defendant's marketing materials, literature, decals relating to the capabilities or description of the Jeep Wrangler (TJ) model is relevant to the Jeep Wrangler (YJ) model because of the similar roll cage systems design.

Defendant also has produced an unsubstantiated 1-page FMVSS-related 216 roof crush test that Defendant purportedly ran on a Jeep Wrangler (YJ) during the period when the Jeep Wrangler (TJ) was being developed. Defendant's purported test document lacks the usual and necessary validation data, and Defendant represented that it was found lying around in Defendant's engineering department when a second search effort by Defendant's litigation employee, Mr. Neal, was conducted. Exh. 3, at 71-81 (Deposition – Leon Neal). Defendant's purported test document was not found where similar engineering documents are ordinarily maintained. Id. Defendant's Jeep Wrangler (TJ) roll cage system documents or information requested by Plaintiffs' discovery may help determine whether Defendant's unsubstantiated FMVSS 216-related roof crush test every occurred, or is valid or relevant in this case.

7

## IV.  CONCLUSION

For the reasons and authorities set forth above, Plaintiffs request that the Court grant Plaintiffs' Renewed Motion To Compel Defendant's Responses To Plaintiffs' First Set Of Product Liability Interrogatories And Requests For Production, and order Defendant to comply with Plaintiffs' discovery requests within ten (10) days of the Court's order.

Respectfully submitted,
PLAINTIFFS

BY _____
Steven E. Arnold, ct07966
sea@SAlaw.us
Peter M. Van Dyke, ct24747
pvd@SAlaw.us
Stanger & Arnold, LLP
29 South Main Street
West Hartford, CT 06107
Tel. (860) 561-0650
Fax. (860) 561-0646
Their Attorneys

8

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on November 14, 2003, postage prepaid, to all counsel and pro se parties of record as follows:

Peter M. Durney, Esq.
Marie E. Chafe, Esq.
James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Daniel Krisch, Esq.
Horton, Shields & Knox
90 Gillett Street
Hartford, CT 06105

Terri S. Reiskin, Esq.
James A. Hourihan, Esq.
Hogan & Hartson
555 Thirteenth Street
Washington, DC 20004

Lewis H. Goldfarb, Esq.
Hogan & Hartson
875 Third Avenue
New York, NY 10022

M. Sheila Jeffrey, Esq.
Miller, Canfield, Paddock & Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, MI 48098

_____
Steven E. Arnold

9

STANGER & ARNOLD, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

# STANGER & ARNOLD, LLP
### Attorneys and Counsellors at Law

STEVEN E. ARNOLD, P.C.

Direct Dial: 860.561.0615
e-mail: sea@SAlaw.us

Nationally Board Certified Trial Lawyer
Also Admitted in Massachusetts

29 South Main St.
West Hartford, Connecticut 06107
860.561.0650
Fax: 860.561.0646

http://www.SAlaw.us

41-B New London Turnpike
Glastonbury, CT 06033
860.633.3373

----------------------

573 Hopmeadow Road
Simsbury, CT 06070
860.658.1744

November 14, 2003

James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Re:   Angela Phelan, et al v. Daimler Chrysler Corporation

Dear Mr. Kerr:

Enclosed please find Plaintiffs' Renewed Motion to Compel Defendant's Responses to Plaintiffs' First Set of Product Liability Interrogatories and Request for Production. Separately, as a courtesy we would like to disclose that we have been working with Paul V. Sheriden and expect that we will call him to testify at trial.

Very truly yours,

STEVEN E. ARNOLD, P.C.

By: _____
Steven E. Arnold

cc:   Paul V. Sheriden (w/o enclosures)
      Counsel of Record

DAVID H. SEMPERT
PETER M. DURNEY°+
DAVID W. McGOUGH**
THOMAS A. PURSLEY◊
MARIE CHADEAYNE CHAFE▲
JAMES P. KERR
PATRICIA A. HARTNETT◊
STEPHANIE LYONS SULLIVAN
MATTHEW J. ZAMALOFF
REBECCA C. KOH
GREGG P. BAILEY
MARCI J. SHYAVITZ
CHRISTINE A. KNIPPER
TRACY L. KORAL
OF COUNSEL
PHILIP J. FOLEY✩

**CORNELL & GOLLUB**
ATTORNEYS AT LAW
75 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 482-8100
TELECOPIER (617) 482-3917
cgmail@cornellgollub.com

ROBERT W. CORNELL
(1910-1987)
KARL L. GOLLUB
(1934-1985)

RHODE ISLAND OFFICE

148 MAIN STREET
WAKEFIELD, RHODE ISLAND 02879

TELEPHONE (401) 782-2072
TELECOPIER (401) 782-4941

▲ ALSO ADMITTED IN CONNECTICUT
* ALSO ADMITTED IN MAINE
+ ALSO ADMITTED IN NEW HAMPSHIRE
✩ ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN PENNSYLVANIA
◊ ALSO ADMITTED IN RHODE ISLAND

December 5, 2003

Steven E. Arnold, Esq.          **VIA FACSIMILE**
STANGER AND ARNOLD, LLP
29 South Main Street
West Hartford, CT 06107

Re:   Angela Phelan, Administratix of the Estate of Christopher Phelan, Class Member, and Individually v. DaimlerChrysler Corporation

Dear Mr. Arnold:

I am writing to seek further supplementation of Plaintiff's Supplemental Answer to Defendant's Interrogatory No. 4, as required by the Magistrate Judge's Ruling of October 21, 2003 on the defendant's Second Motion to Compel.

As stated in the Ruling, "[Plaintiff] has had more than ample time to carefully analyze the supplemental information and materials provided to her by defendant on July 1, 2003. Thus, unless and until plaintiff files a Motion to Renew her Motion to Compel, and unless and until such motion is granted by the Court, plaintiff has in her possession all the information she is going to obtain from defendant regarding similar occurrences. Therefore, **on or before** November 14, 2003, plaintiff shall provide the detailed information requested in Interrogatory No. 4, based upon the information provided by defendant to date..."

Plaintiff's Supplement Response, such as it is, served on November 14, is plainly not in compliance with the October 21 Ruling.

The Ruling requires that plaintiff provide "the detailed information" sought in Interrogatory No. 4. The Interrogatory asks specifically for: the name and address of any witness that plaintiff expects to call at trial regarding occurrences allegedly similar to the incident which gave rise to the present action, the make, model year, and vehicle identification number of vehicle involved in any such accidents, the specific facts and

circumstances of each such accident, the substance of the facts and opinions to which each witness is expected to testify, and the identity of any documents in plaintiff's possession, custody, or control relating to any such occurrences.

Plaintiff's response identifies the names of three cases that were provided to you on July 1, 2003, nearly six months ago. Plaintiff has given the names of only two potential witnesses from any those cases, and no addresses. Plaintiff has not given the make, model year or VIN, has failed to describe these incidents even briefly, has failed to state the substance of the facts and opinions to be testified to, and has failed to identify specifically any documents relating to these occurrences. The response also makes repeated references to testimony by expert witnesses, none of whom have been previously disclosed.

The response refers as well to cases supposedly investigated by Leon Neal, but likewise fails to provide any information about those cases.

Plaintiff's Answer must be supplemented immediately and in detail accordance with the Ruling. In the continuing absence of an adequate response, we will renew our motion for sanctions and seek the preclusion of any such evidence from trial.

> Very truly yours,
>
> *[signature]*
>
> James P. Kerr

JPK/bmh