UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratix of | ) | |
| the Estate of Christopher Phelan, | ) | Civil No. 302CV1219 JBA |
| Class Member, and Individually | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | December 19, 2003 |
| DaimlerChrysler Corporation | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT DAIMLERCHRYSLER CORPORATION'S
## MOTION TO PRECLUDE EVIDENCE OF OTHER OCCURRENCES

Defendant DaimlerChrysler Corporation moves this Court to preclude evidence by plaintiff regarding other occurrences due to plaintiff's continuing failure to comply with the Court's Ruling regarding the defendant's Second Motion to Compel.

The defendant states the following reasons in support of its motion:

1.      The defendant filed its Second Motion to Compel on July 10, 2003, requesting that the Court order plaintiff to provide further a supplemental response to defendant's Interrogatory No. 4. Interrogatory No. 4 seeks detailed information regarding other occurrences that plaintiff will seek to have admitted to the jury at trial. The information requested includes

**ORAL ARGUMENT IS REQUESTED**

the name and address of any witness that plaintiff expects to call at trial regarding occurrences allegedly similar to the incident which gave rise to the present action, the make, model year, and vehicle identification number of vehicle involved in any such accidents, the specific facts and circumstances of each such accident, the substance of the facts and opinions to which each witness is expected to testify, and the identity of any documents in plaintiff's possession, custody, or control relating to any such occurrences.

2.     As set forth in defendant's Second Motion to Compel, plaintiff has failed repeatedly to adequately supplement her response to No. 4. The Magistrate Judge's Ruling of October 21, 2003 states that: "[Plaintiff] has had more than ample time to carefully analyze the supplemental information and materials provided to her by defendant on July 1, 2003. Thus, unless and until plaintiff files a Motion to Renew her Motion to Compel, and unless and until such motion is granted by the Court, plaintiff has in her possession all the information she is going to obtain from defendant regarding similar occurrences. Therefore, **on or before** November 14, 2003, plaintiff shall provide the detailed information requested in Interrogatory No. 4, based upon the information provided by defendant to date . . ." Plaintiff's Motion has not been granted by the Court.

3.     Plaintiff's Supplemental Response, served on November 14, is plainly not in compliance with the October 21 Ruling. The Ruling requires that plaintiff provide "the detailed information" sought in Interrogatory No. 4. Plaintiff's response does no more than identify the names of three cases that defendant provided to plaintiff on July 1, 2003, nearly six months ago. Plaintiff has given the names of only two potential witnesses from any those cases, and no addresses. Plaintiff has not given the make, model year or VIN, has failed to describe these

- 2 -

incidents even briefly, has failed to state the substance of the facts and opinions to be testified to, and has failed to identify specifically any documents relating to these occurrences.[1] The response makes repeated references to testimony by unnamed expert witnesses from other cases, none of whom have been previously disclosed. Instead of complying with the Court's Ruling, what plaintiff has provided is a series of broad references to three other matters, with descriptions of proposed evidence so vague that they could include testimony by practically every witness and every document involved in those matters.

4.    A Memorandum of Law is submitted herewith.

5.    A proposed Order is attached hereto as Exhibit 1.

6.    An Affidavit of Consultation is attached hereto as Exhibit 2.

WHEREFORE, for the reasons set forth herein and in the Memorandum of Law filed with this Motion, DaimlerChrysler Corporation requests that the Court allow its Motion to Preclude Evidence of Other Occurrences.

Respectfully submitted,
DAIMLERCHRYSLER CORPORATION

By:    _____
James P. Kerr (Fed. Bar ID# CT24142)
     jkerr@cornellgollub.com
Peter M. Durney (Fed. Bar ID# CT14569)
     pdurney@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, Massachusetts 02110

---

[1]    The response refers as well to cases supposedly investigated by Leon Neal, but likewise fails to provide any information about those cases.

(617) 482-8100
(617) 482-3917 (facsimile)

## CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this _14th_ day of December, 2003, a true and correct copy of the foregoing DaimlerChrysler Corporation's Motion to Preclude Evidence of Other Occurrences, was served via first class mail, postage prepaid, directed to:

Steven E. Arnold, Esq.
STANGER & ARNOLD, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut 06107
        Attorney for Plaintiff

Mr. Christopher Miller
c/o Robinson Correctional Facility
285 Shaker Road
P.O. Box 1400
Enfield, CT 06082
        Third-Party Defendant

Daniel J. Krisch, Esq.
HORTON, SHIELDS & CORMIER
90 Gillett Street
Hartford, Connecticut 06105

Terri S. Reiskin, Esq.
James A. Hourihan, Esq.
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

Lewis H. Goldfarb, Esq.
HOGAN & HARTSON, LLP
875 Third Avenue
New York, New York 10022

M. Sheila Jeffrey, Esq.
MILLER, CANFIELD, PADDOCK & STONE, P.L.C.
Seventh Floor
101 North Main
Ann Arbor, MI 48104

        Co-counsel for Defendant

_____
James P. Kerr

- 4 -

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

In re Jeep Wrangler Class Action            )
                                            )
Angela Phelan, Administratix of             )
the Estate of Christopher Phelan,           )          Civil No. 302CV1219 JBA
Class Member, and Individually              )
                                            )
            Plaintiffs,                     )
                                            )
      v.                                    )
                                            )
DaimlerChrysler Corporation                 )
                                            )
            Defendant.                      )


## ORDER REGARDING DAIMLERCHRYSLER CORPORATION'S MOTION TO PRECLUDE EVIDENCE REGARDING OTHER INCIDENTS

IT IS HEREBY ORDERED THAT DaimlerChrysler Corporation's Motion to Preclude Evidence Regarding Other Incidents is allowed and that plaintiff is sanctioned from introducing at trial evidence regarding other occurrences similar to plaintiff's accident.


Date:

                                            _____
                                            (                    , J.)

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

In re Jeep Wrangler Class Action                )
                                                )
Angela Phelan, Administratix of                 )
the Estate of Christopher Phelan,               )        Civil No. 302CV1219 JBA
Class Member, and Individually                  )
                                                )
        Plaintiffs,                             )
                                                )
        v.                                      )        December 19, 2003
                                                )
DaimlerChrysler Corporation                     )
                                                )
        Defendant                               )

## AFFIDAVIT OF CONSULTATION

I, James P. Kerr, counsel for DaimlerChrysler Corporation, certify that pursuant to L. Civ. R. 9(d)(2), this office contacted plaintiff's counsel by letter on December 5, 2003 in order to consult regarding the issues raised in DaimlerChrysler Corporation's Motion to Preclude Evidence of Other Occurrences. To date, plaintiff has failed to respond to the defendant's request for further supplementation. The issues addressed in the present Motion cannot therefore be resolved.

Signed under the pains and penalties of perjury this 19th day of December, 2003.

                        By:     _____
                                James P. Kerr (Fed. Bar ID# CT24142)
                                jkerr@cornellgollub.com
                                CORNELL & GOLLUB
                                75 Federal Street
                                Boston, Massachusetts 02110
                                (617) 482-8100

                                Attorney for defendant DaimlerChrysler Corporation