UNITED STATES DISTRICT COURT
for the
THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratix of | ) | |
| the Estate of Christopher Phelan, | ) | Civil No. 302CV1219 JBA |
| Class Member, and Individually | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | December 19, 2003 |
| | ) | |
| DaimlerChrysler Corporation | ) | |
| Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
DAIMLERCHRYSLER CORPORATION'S
MOTION TO PRECLUDE EVIDENCE OF OTHER OCCURRENCES**

DaimlerChrysler Corporation respectfully submits this memorandum in support of its

Motion to Preclude Evidence of Other Occurrences.

## I.    STATEMENT OF THE CASE

DaimlerChrysler Corporation first served the plaintiff with interrogatories in this case on

November 21, 2002.  The present motion is directed to plaintiff's response to Interrogatory No. 4.

No. 4 seeks information regarding evidence plaintiff intends to present at trial of other

occurrences.  (See Ex. 1, Plaintiff's November 14, 2003 Supplemental Answer to Defendant's

Interrogatory No. 4).[1]  This is the third occasion on which the defendant has been forced to resort

to motion practice to obtain supplementation of plaintiff's response to this interrogatory.  In

response to the first such motion the Court ordered that plaintiff's responses to No. 4 and four

---

[1]    The history of plaintiff's response to Interrogatory No. 4 was discussed in detail in the defendant's Second
Motion to Compel and supporting Memorandum, and noted in the Magistrate Judge's October 21, 2003 Ruling on
that Motion. (See Ex. 2 at 3-4).

other interrogatories were to be served by May 12, 2003. (See copy of order attached as Ex. 2.) The defendant filed its Second Motion to Compel on July 10, 2003, in an effort to secure plaintiff's compliance with the Court's May 6 Order.

The Magistrate Judge's Ruling of October 21, 2003 states that: "[Plaintiff] has had more than ample time to carefully analyze the supplemental information and materials provided to her by defendant on July 1, 2003. Thus, unless and until plaintiff files a Motion to Renew her Motion to Compel, and unless and until such motion is granted by the Court, plaintiff has in her possession all the information she is going to obtain from defendant regarding similar occurrences. Therefore, **on or before** November 14, 2003, plaintiff shall provide the detailed information requested in Interrogatory No. 4, based upon the information provided by defendant to date . . ."[2] (Ex. 2 at 6-7.)

Plaintiff has once again failed to comply with the Court's ruling.

## II.    ARGUMENT

Interrogatory No. 4 seeks in clear and explicit language detailed information regarding other occurrences plaintiff intends to present at trial. The information requested includes the name and address of any witness that plaintiff expects to call at trial, the make, model year, and identification number of each vehicle involved in any such accidents, the specific facts and circumstances of each such accident, the substance of the facts and opinions to which each witness is expected to testify, and the identity of any documents in plaintiff's possession, custody, or control relating to any such occurrences. (See Ex. 1 at 1-2.)

---

[2]     Plaintiff's Renewed Motion to Compel has not been granted by the Court.

The Court ordered plaintiff to supplement her response to this interrogatory in mid-May. Nearly seven months after the Court issued that Order and six months after the defendant's Second Motion to Compel was filed, plaintiff has yet to fully supplement her response. Plaintiff's most recent supplemental response identifies three cases from which plaintiff intends to present evidence of other occurrences, along with unidentified matters supposedly investigated by Leon Neal, who is an employee of the defendant:

Plaintiff supplements her response Defendant's Interrogatory No. 4 as follows:

Interrogatory No. 4

Please identify any witnesses plaintiffs expect to call at trial who will testify regarding accidents involving occurrences allegedly similar to the incident which gave rise to the present action, including in your answer:

a.      each witness' name and address;

b.      the make, model, model year and vehicle identification number of the vehicle involved in each such accident;

c.      the specific facts and circumstances of each such accident, including the nature of the alleged injuries, number of persons involved, number of vehicles involved, weather conditions, the location, date, and time;

d.      the substance of the facts and opinions to which each witness is expected to testify;

e.      the identity of any documents in plaintiffs possession, custody, or control relating to any such occurrences.

- 3 -

**ANSWER:**    Plaintiffs further supplement their June 26, 2003 Supplemental Response to this interrogatory as follows:

> James W. Gillespie and Sandra Gillespie. Parents and Next of Kin of James Wade Gillespie. Deceased v. Chrysler Corporation and Jeep Eagle, Division of the Chrysler Corporation:

Defendant has been previously apprised of all of the information and documents available concerning this matter. Plaintiffs expect that witnesses who may be called to testify in this case will include Sandra Gillespie and/or Harry Daniels, in addition to documentary evidence in this matter. Plaintiffs expect to call other persons familiar with this matter as disclosed in depositions and discovery, including the accident investigation authorities, and expert witnesses in this matter.

> Mutschler. et al. v. Chrysler Corp., et al.:

Defendant has all of the information and documents available concerning this matter. Plaintiffs expect to call persons familiar with the accident and/or vehicle damage as disclosed in depositions and discovery, including the accident investigation authorities, and expert witnesses in this matter. Plaintiffs also expect to offer documentary evidence in this case.

> Shamel et al. v. Defendant, et al.:

Defendant has all of the information and documents available concerning this matter. Plaintiffs expect to call persons familiar with the accident and/or

- 4 -

vehicle damage as disclosed in depositions and discovery, including the accident investigation authorities, and expert witnesses in this matter.   Plaintiffs also expect to offer documentary evidence in this case.

Leon Neal:

Mr. Neal is Defendant's litigation liaison employee who has investigated about 10 other rollover accidents involving Jeep Wranglers where the A-Pillar made contact with the ground, often resulting in the displacement of the A-Pillar windshield frame.   Information about these other rollover accidents may reveal additional witnesses who were involved in similar Jeep Wrangler rollover accidents who Plaintiffs may call to  testify at trial in this case, in addition to other documentary evidence in those matters.

(Ex. 1 at 2-3).

Plaintiff's Supplemental Response is plainly not in compliance with the October 21 Ruling.   Instead of complying with the Court's Ruling and providing a detailed answer, plaintiff has provided is a series of broad references to three other matters, with descriptions of proposed evidence so vague that they could include testimony by practically every witness and every document involved in those matters.[3]   Plaintiff may not evade her obligations under the Court's Ruling by simply by asserting claiming that the defendant has "all the information and documents available" on these matters.   The purpose of Interrogatory No. 4 was to determine not only the incidents that plaintiff would seek to introduce and the vehicle involved, but also the

---

[3]      The response refers as well to cases supposedly investigated by Leon Neal, but likewise fails to provide any information about those cases.

identity of any witnesses plaintiff will seek to present and the substance of their testimony, as well as the identity of any documents plaintiff may have on these matters.

The Ruling requires that plaintiff provide "the detailed information" sought in Interrogatory No. 4. Plaintiff has failed, once again, to provide the information the Court ordered to be produced. The supplemental response was deliberately drafted so as to include practically every potential witness and document that might be related to those matters. Plaintiff has given the names of only two potential witnesses from any those cases, the <u>Gillespie</u> matter, and no addresses. Plaintiff has not given the make, model year or VIN, has failed to describe these incidents even briefly, has failed to state the substance of the facts and opinions to be testified to, and has failed to identify specifically any documents relating to these occurrences. The response makes repeated references to testimony by unnamed expert witnesses from other cases, none of whom have been previously disclosed.[4] (<u>See</u> Ex. 1 at 2-3).

The defendant requested further supplementation from the plaintiff by letter, but plaintiff has failed completely to respond to that request. (<u>See</u> Ex. 3, Letter dated December 5, 2003).

As stated in the Court's Ruling of October 21, "plaintiff has in her possession all the information she is going to obtain from defendant regarding similar occurrences." In fact, the three matters plaintiff identified by name were contained on a list of claims and lawsuits the defendant produced on July 1, 2003. Plaintiff had this information for nearly five months before serving a supplemental response and, other than obtaining the names of two witnesses in one matter, and apparently failed to act upon it during that period. Plaintiff should not be rewarded for this lack of diligence.

---

[4]    The deadline for service of plaintiff's expert disclosure was February 1, 2003, over nine months ago.

In the absence of a detailed response to this interrogatory such as the Court's Ruling requires, DaimlerChrysler Corporation will be seriously prejudiced in the preparation of its defense. Based on plaintiff's latest supplementation, the defendant would not only have to prepare against testimony by every potential witness in any of the matters identified, but also against every single document contained in any one of those files. The defendant should not be obliged to prepare its defense based on pure speculation as to what evidence plaintiff may seek to present at trial.

WHEREFORE, DaimlerChrysler Corporation requests that the Court issue an Order precluding any testimony or other evidence on other occurrences for plaintiff's continuing failure to comply with the Court's orders.

Respectfully submitted,
DAIMLERCHRYSLER CORPORATION

By: _____
James P. Kerr (Fed. Bar ID# CT24142)
jkerr@cornellgollub.com
Peter M. Durney (Fed. Bar ID# CT14569)
pdurney@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, Massachusetts 02110
(617) 482-8100
(617) 482-3917 (facsimile)

## CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this ____ day of December, 2003, a true and correct copy of the foregoing Memorandum of

- 7 -

Law in Support of Defendant DaimlerChrysler Corporation's Motion to Preclude Evidence of Other Occurrences, was served via first class mail, postage prepaid, directed to:

Steven E. Arnold, Esq.
Peter Van Dyke, Esq.
James Helpin, Esq.
STANGER & ARNOLD, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut  06107

Attorney for Plaintiff

and:

Daniel J. Krisch, Esq.
HORTON, SHIELDS & CORMIER
90 Gillett Street
Hartford, Connecticut  06105

Lewis H. Goldfarb, Esq.
HOGAN & HARTSON, LLP
875 Third Avenue
New York, New York 10022

M. Sheila Jeffrey, Esq.
MILLER, CANFIELD, PADDOCK & STONE, P.L.C.
Seventh Floor
101 North Main
Ann Arbor, MI 48104

Co-counsel for Defendant

Christopher Miller
c/o Robinson Correctional Facility
285 Shaker Road
      P.O. Box 1600
Enfield, CT 06082

Third-Party Defendant

Terri S. Reiskin, Esq.
James A. Hourihan, Esq.
HOGAN & HARTSON, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

_____
James P. Kerr

- 8 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE JEEP WRANGLER CLASS ACTION :
                                                    :    CIVIL NO.: 302CV1219(JBA)
ANGELA PHELAN, ADMINISTRATRIX     :
OF THE ESTATE OF CHRISTOPHER       :
PHELAN, CLASS MEMBER, AND           :
INDIVIDUALLY                                       :
                Plaintiffs                             :
                                                    :
VS.                                                   :
                                                    :
DAIMLERCHRYSLER CORPORATION  :    NOVEMBER 14, 2003

        Defendant

PLAINTIFFS' SUPPLEMENTAL ANSWER
TO DEFENDANT'S INTERROGATORY No. 4

        Plaintiff supplements her response Defendant's Interrogatory No. 4 as follows:

Interrogatory No. 4

        Please identify any witnesses plaintiffs expect to call at trial who will testify regarding

accidents involving occurrences allegedly similar to the incident which gave rise to the

present action, including in your answer:

        a.   each witness' name and address;

·1·

STANGER & ARNOLD, LLP
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

b.  the make, model, model year and vehicle identification number of the vehicle
involved in each such accident;

c.  the specific facts and circumstances of each such accident, including the nature of
the alleged injuries, number of persons involved, number of vehicles involved,
weather conditions, the location, date, and time;

d.  the substance of the facts and opinions to which each witness is expected to testify.

e.  the identity of any documents in plaintiffs possession, custody, or control relating
to any such occurrences.

**ANSWER:**    Plaintiffs further supplement their June 26, 2003 Supplemental
Response to this interrogatory as follows:

> James W. Gillespie and Sandra Gillespie, Parents and Next of Kin of James
> Wade Gillespie, Deceased v. Chrysler Corporation and Jeep Eagle, Division of
> the Chrysler Corporation:

Defendant has been previously apprised of all of the information and

documents available concerning this matter.  Plaintiffs expect that witnesses who

may be called to testify in this case will include Sandra Gillespie and/or Harry

Daniels, in addition to documentary evidence in this matter.  Plaintiffs expect to call

other persons familiar with this matter as disclosed in depositions and discovery,

including the accident investigation authorities, and expert witnesses in this matter.

> Mutschler, et al. v. Chrysler Corp., et al.:

·2·

Defendant has all of the information and documents available concerning this matter. Plaintiffs expect to call persons familiar with the accident and/or vehicle damage as disclosed in depositions and discovery, including the accident investigation authorities, and expert witnesses in this matter. Plaintiffs also expect to offer documentary evidence in this case.

Shamel, et al. v. Defendant, et al.:

Defendant has all of the information and documents available concerning this matter. Plaintiffs expect to call persons familiar with the accident and/or vehicle damage as disclosed in depositions and discovery, including the accident investigation authorities, and expert witnesses in this matter. Plaintiffs also expect to offer documentary evidence in this case.

Leon Neal:

Mr. Neal is Defendant's litigation liaison employee who has investigated about 10 other rollover accidents involving Jeep Wranglers where the A-Pillar made contact with the ground, often resulting in the displacement of the A-Pillar windshield frame. Information about these other rollover accidents may reveal additional witnesses who were involved in similar Jeep Wrangler rollover accidents who Plaintiffs may call to testify at trial in this case, in addition to other documentary evidence in those matters.

STANGER & ARNOLD, LLP
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

PLAINTIFFS


By _____

Steven E. Arnold, ct07966
sea@SAlaw.us
Peter Van Dyke, ct24747
pvd@SAlaw.us
Stanger & Arnold, LLP
29 South Main Street
West Hartford, CT 06107
Tel:  860.561.0650
Fax:  860.561.0646
Their Attorneys

STANGER & ARNOLD, LLP
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on November 14, 2003, postage prepaid, to all counsel and pro se parties of record as follows:

Daniel Krisch, Esq.
Horton, Shields & Knox. P.C.
90 Gillett Street
Hartford, CT 06105

Lewis H. Goldfarb, Esq.
Hogan & Hartson
875 Third Avenue
New York, NY 10022

Peter M. Durney, Esq.
Marie E. Chafe, Esq.
James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Terri S. Reiskin, Esq.
James A. Hourihan, Esq.
Hogan & Hartson
555 Thirteenth Street, NW
Washington, DC 20004

Sheila Jeffrey, Esq.
Miller, Canfield, Paddock and Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, Michigan 48098

Steven E. Arnold

·5·



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x

IN RE JEEP WRANGLER CLASS ACTION  :          3:02 CV 1219 (JBA)

ANGELA PHELAN, ET AL.          :

v.                             :

DAIMLERCHRYSLER CORPORATION    :          DATE: OCTOBER 21, 2003

------------------------------------------------------x

<u>RULING ON DEFENDANT'S SECOND MOTION TO COMPEL AND ON PLAINTIFF'S</u>
<u>MOTION FOR EXTENSION OF TIME TO COMPLETE PRODUCT DISCOVERY</u>

The factual and procedural history behind this litigation is set forth in considerable

detail in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel, filed July 10, 2003

(Dkt. #66)["July 2003 Ruling"], this Magistrate Judge's Recommended Ruling on Defendant's

Motion for Partial Dismissal of Plaintiff's Amended Complaint, filed July 31, 2003 (Dkt.

#70)["Recommended Ruling"], and Judge Arterton's Order on Motion for Partial Dismissal

of Plaintiff's Amended Complaint and Scheduling Order, filed September 26, 2003 (Dkt.

#81)["September 2003 Order"], familiarity with which is presumed.

Briefly, on July 16, 2002, plaintiff Angela Phelan, Administratrix of the estate of

Christopher Phelan, individually and on behalf of the class of all Jeep Wrangler owners, filed

this action regarding a two-vehicle accident on January 18, 2000, in which her decedent was

killed while driving his 1994 Jeep Wrangler. (Dkt. #1). An Amended Complaint was filed on

October 16, 2002 (Dkt. #18), which alleges violation of the Connecticut Unfair Trade

Practices Act ["CUTPA"], CONN. GEN. STAT. § 42-110 *et seq.* (First Count) and the

Connecticut Product Liability Act, CONN. GEN. STAT. § 52-572m *et seq.* (Third Count),

claiming that the roll bar structure on the Jeep was defective.[1]  The file has been referred

to this Magistrate Judge for various pretrial purposes.  (See Dkts. ##46, 55, 57 & 69).

Under the Scheduling Order, filed on May 9, 2003 (Dkt. #57), class discovery was

to commence upon the filing of the ruling on defendant's then pending Motion to Dismiss

and was to be completed within ninety days thereof, and all product liability discovery was

to be completed by July 15, 2003.  (¶¶ 3 & 5).[2]  Thereafter, the deadlines were extended so

that all product liability discovery was to be completed by August 15, 2003.  (See 6/23/03

endorsement on Dkt. #62).[3]  On July 31, 2003, this Magistrate Judge filed her

Recommended Ruling, which was approved and adopted by Judge Arterton on September

26, 2003 in the October 2003 Order, with modifications directed to an issue not raised by

the parties in their underlying briefs.  In the October 2003 Order, Judge Arterton directed the

parties "to focus . . . on a critical issue of whether the alleged CUTPA violations regarding

Phelan's 1994 Jeep Wrangler occurred prior to July 17, 1999.  If so, Phelan's individual

claim under CUTPA is time barred and she cannot be a proper representative of a class of

individuals whose claims against [defendant] arise from alleged CUTPA violations occurring

on or after July 17, 1999."  (Id. at 1-2).  Thus, "[i]n order to first determine whether plaintiff's

CUTPA claim is time-barred," Judge Arterton ordered that class discovery remains stayed,

and the parties were directed to conduct and conclude discovery on plaintiff's individual

---

[1]Plaintiff's original Amended Complaint was filed on October 4, 2002.  (Dkt. #16).
The Second Count, which alleged that defendant's CUTPA violations resulted in the
wrongful death of plaintiff's decedent, was dismissed by agreement in light of Gerrity v.
R.J. Reynolds Tobacco Co., 263 Conn. 120 (2003).  (See Dkt. #57, at ¶ 2).

[2]Plaintiff's Motion for Class Certification was to filed within twenty days following
the close of class discovery and defendant's Motion for Summary Judgment (based on
Daubert) was to be filed by August 15, 2003.  (Id. ¶¶ 4 & 6).

[3]The deadline for defendant's Motion for Summary Judgment also was postponed
until September 15, 2003.  (Id.).  Such motion was filed that day.  (Dkts. ##77-80).

2

CUTPA claims and on plaintiff's ability to serve as a putative class representative by January 16, 2004. (Id. at 4).[4]

Two motions are presently pending before the Court. First, on July 11, 2003, defendant filed its Second Motion to Compel and brief in support, regarding two interrogatories. (Dkts. ##67-68).[5] On August 1, 2003, plaintiff filed her brief in opposition. (Dkt. #71).[6]

Second, on August 15, 2003, plaintiff filed her Motion for Extension of Time To Complete Product Discovery (Dkt. #74),[7] which seeks an extension until November 15, 2003 to complete product discovery in this case. On September 3, 2003, defendant filed its brief in opposition. (Dkt. #76).[8]

For the reasons stated below, defendant's Second Motion to Compel (Dkt. #67) is

---

[4]In addition, defendant is to file a Motion for Summary Judgment on the issue of statute of limitations for Count One by February 16, 2004. (Id. at 4-5).

[5]The following eleven exhibits were attached: copy of Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories, dated December 20, 2002 (Exh. 1); copy of defendant's Motion to Compel Plaintiff's Further Responses to Interrogatories, dated April 22, 2003 (Exh. 2, with Subexhs. 1.A-F; see also Dkt. #49); copy of Judge Arterton's Endorsement Order, filed May 7, 2003 (Exh. 3; see also Dkt. #54); copy of Plaintiff's Supplemental Answers to Defendant's Interrogatories Nos. 4-8, dated May 12, 2003 (Exh. 4); copies of correspondence between counsel, dated May 21, May 14, June 30, July 2, and July 8, 2003 (Exhs. 5, 7, 8, 9 & 11); copy of Plaintiff's Supplemental Answers and Objections to Defendant's First and Second Set of Interrogatories and First Request for Production of Documents, dated June 26, 2003 (Exh. 6); and excerpts from deposition transcript of Dr. Michael S. Wogalter, PhD, taken on April 2, 2003 (Exh. 10).

[6]Attached as Exh. 1 was a copy of a list of lawsuits against defendant.

[7]Attached as Exh. 1-3 were copies of filings in Waitt v. Chrysler Motors Corp., Docket No. X03-CV97-0492125S, Complex Litigation Docket, Superior Court in New Britain, dated August 11, July 30, and January 26, 1999.

[8]The following two exhibits were attached: copy of correspondence between counsel, dated May 20, 2003 (Exh. A); and copy of Defendant's Supplemental Responses to Interrogatory Nos. 7 and 8 and Request No. 1 (Exh. B).

3

granted in part and denied in part and plaintiff's Motion for Extension of Time to Complete

Product Discovery (Dkt. #74) is granted until December 31, 2003.

## I.  DISCUSSION

### A.  DEFENDANT'S SECOND MOTION TO COMPEL

On or about November 21, 2002, defendant served its First Set of Interrogatories

upon plaintiff, to which plaintiff served her Answers and Objections on December 20, 2002.

(Dkt. #68, at 1 & Exh. 1).  On April 24, 2003, defendant filed a Motion to Compel (Dkt. #49),

with respect to Interrogatories Nos. 4-8.  (See also Dkt. #68, at 2 & Exh. 2).  On May 7,

2003, Judge Arterton issued an Order, indicating that this motion was granted, absent

objection, "[a]s set forth on the record" on May 5, 2003, with plaintiff to serve supplemental

responses by May 12, 2003.  (Dkt. #54; see also Dkt. #68, at 2 & Exh. 3).  On May 12, 2003,

plaintiff served her Supplemental Answers to Interrogatories Nos. 4-8.  (Dkt. #68, Exh. 4).

On June 26, 2003, plaintiff served an additional Supplemental Answers and Objections to

Interrogatories Nos. 4-8.  (Dkt. #68, Exh. 6).[9]

Interrogatories No. 4 and 8 are at issue in the pending motion.  With respect to

Interrogatory No. 4, defendant requests that the Court order further supplementation of

plaintiff's response within ten days and if plaintiff fails to do so, sanctions should be

imposed, including preclusion of any undisclosed testimony or other evidence on other

occurrences.  (Dkt. #67, at 3 ¶ 5).  With respect to Interrogatory No. 8, defendant requests

that the Court order plaintiff to provide within ten days a complete and detailed supplemental

response of specific requested items and if plaintiff fails to supplement as ordered, plaintiff

would be barred from presenting any evidence at trial in support of her allegations of failure

to warn.  (Id. at ¶ 6).

---

[9]Plaintiff responded to additional interrogatories and production requests as well.

4

Interrogatory No. 4 asks plaintiff to identify any witness she expects to call at trial regarding similar incidents, including each witness' name and address, the make, model, model year and vehicle identification number of the vehicle involved in each accident, the specific circumstances of each accident (nature of injuries, number of persons involved, number of vehicles involved, weather conditions, etc.), the substance of the facts and opinions to which each witness is expected to testify, and any documents within plaintiff's possession relating to such occurrences. (Dkt. #68, Exh. 1). In her December 20, 2002 response, plaintiff replied: "To be provided as product liability discovery continues." (Id.). After Judge Arterton granted defendant's Motion to Compel, absent objection, plaintiff's supplemental answers, dated May 12, 2003, listed the names of five plaintiffs who had sued defendant and the docket numbers and courts of their lawsuits, referred to a September 9, 2001 "Roll-Over Preparedness" report prepared by Seth Markowitz which was produced, and indicated that plaintiff "will further respond to this interrogatory after [d]efendant has produced related information requested in [p]laintiff['s] written discovery served on [d]efendant." (Dkt. #68, Exh. 4). In her supplemental response, dated June 26, 2003, plaintiff responded that she "expect[s] to call a limited number of witnesses to testify at trial regarding accidents similar to the subject accident in this case," but that defendant had restricted its discovery responses to plaintiff by initially only providing lawsuits and claims involving a 1994 Jeep Wrangler (YJ), and then supplementing it to involve the Jeep Wrangler (YJ) for the model years 1987 through 1995, but only where there were personal injuries and the Jeep Wrangler (YJ) overturned or it was alleged that a defect existed in the roll bar structure. (Dkt. #68, Exh. 6). Plaintiff thus stated that: "When [defendant] has fully complied with [p]laintiff['s] written discovery requests, [p]laintiff[] will determine which witnesses [she] expect[s] to call to testify at trial regarding similar accidents, and [p]laintiff[]

5

will supplement [her] response." (Id.).

In its brief, defendant argues that Judge Arterton's May 7th Order was "unequivocal" and did not permit plaintiff to assert new possible arguments. (Dkt. #68, at 4). In her brief in opposition, plaintiff contends that she has fully complied with and will continue to supplement her response to discovery, when and as she obtains and evaluates additional information from defendant and non-parties (Dkt. #71, at 3-5), that plaintiff is still digesting the information provided to plaintiff in defendant's supplemental responses provided on July 1, 2003 (id. at 5), and that defendant intentionally withheld information regarding Waitt v. Chrysler Corp., a case it settled in Connecticut regarding a fatal 1993 Jeep Wrangler (YJ) rollover accident. (Id. at 5-7).[10]

Discovery regarding similar accidents was addressed in Magistrate Judge's Ruling on Plaintiff's Motion to Compel, filed July 10, 2003 (Dkt. #66), one day before defendant's pending motion was filed. The July 2003 Ruling denied plaintiff's motion, "without prejudice to renew, with additional evidence, from an expert, that the differences described by defendant [between models Jeep Wrangler (YJ) and Jeep Wrangler (TJ)] are only 'relatively minor differences.'" (At 7)(emphasis omitted). As previously mentioned, all product liability discovery was to have been completed by August 15, 2003. (See 6/23/03 endorsement on Dkt. #62). Plaintiff has not renewed her motion in the three months since the July 2003 Ruling.[11] Moreover, she has had more than ample time to carefully analyze the supplemental information and materials provided to her by defendant on July 1, 2003. Thus,

---

[10]The Waitt lawsuit is addressed in defendant's brief in opposition to plaintiff's Motion for Extension of Time. (Dkt. #76).

[11]In her Motion for Extension, plaintiff represented that she is "in the process of obtaining the additional expert and evidentiary basis to support" a renewed motion. (Dkt. #74, at 3).

6

unless and until plaintiff files a Motion to Renew her Motion to Compel, and unless and until such motion is granted by the Court, plaintiff has in her possession all the information she is going to obtain from defendant regarding similar occurrences. Therefore, **on or before November 14, 2003**, plaintiff shall provide the detailed information requested in Interrogatory No. 4, based upon the information provided by defendant to date, bearing in mind plaintiff's obligation to provide supplemental responses when and if additional information is forthcoming from defendant, as ordered by the Court.[12]

Interrogatory No. 8 asks plaintiff to identify each and every respect in which the condition of the vehicle has changed since the time of the accident, indicating the date of the change, the person(s) responsible for the change, the cause of the change, and the identity of the person(s) who had legal responsibility for the condition of the vehicle at the time of such change. (Dkt. #68, Exh. 1). In her December 20th response, plaintiff objected to this interrogatory but without waiving her objection, stated that "the condition of the subject Jeep Wrangler has not changed from the date of the accident to the present, except to the extent the vehicle or any of its components were moved for inspection during party inspections." (Id.). In her May 12th supplemental responses, plaintiff listed the dates on which the vehicle was inspected and by whom. (Dkt. #68, Exh. 4). In her June 26th supplemental responses, plaintiff again answered: "The condition of the subject vehicle has not changed since the time of the subject accident to the present." (Dkt. #68, Exh. 6).

In its brief, defendant argues that this Jeep may have contained a warning label located on the interior portion of the hardtop roof near the driver, and that when defendant's expert on warnings traveled on July 1, 2003 to inspect the vehicle, the hardtop roof was

---

[12]Defendant's request for additional sanctions is therefore <u>denied without prejudice to renew</u>, if needed.

7

missing and only a few small remnants of what may have been the hardtop roof were in the vehicle's rear compartment. (Dkt. #68, at 5). Defendant further argues that there is no dispute that the vehicle had a hardtop roof when plaintiff's decedent purchased it in July 1999, that the hardtop roof was on the Jeep at the time of the accident on January 18, 2000, and that the hardtop roof was on the vehicle when it was inspected by defendant's experts on November 19, 2001 and January 9, 2002. (Id.). According to defense counsel, plaintiff's counsel indicated that the hardtop roof may have been missing as long ago as April 2003, when a representative of plaintiff photographed it at the salvage yard where it is being stored. (Id.). Defendant argues that plaintiff's failure to properly preserve the vehicle may make it impossible to determine if a warning label was present, and that plaintiff's current answer that the condition of the vehicle is unchanged is "plainly incorrect." (Id. at 5-6). Defendant seeks an order that plaintiff supplement her answer, with a detailed and complete statement of the date when the hardtop was lost or destroyed, who was responsible for this change in the vehicle's condition, the cause of the change, and the identity of the person who had legal responsibility for the condition of the vehicle at the time of the change, and also an opportunity to review the photographs taken by plaintiff's counsel or his representative in January 2000, on February 11, 2003, and on April 17, 2003. (Id. at 6).

In her brief in opposition, plaintiff's counsel represents that he first learned about the hardtop roof's absence from defense counsel on July 1, 2003, and that during a deposition on July 15, 2003 of the salvage company, was informed that the salvage company does not know how or when the hardtop was misplaced. (Dkt. #71, at 8). Plaintiff represented that she "soon" would supplement her response accordingly. (Id.). Plaintiff apparently objects to production of her photographs, as attorney-work product. (Id.).

As plaintiff agreed to supplement her response to Interrogatory No. 8, if she has not

8

AO 72A
(Rev. 8/82)

done so previously, <u>on or before November 3, 2003</u>, she shall serve a supplemental

answer, with a detailed and complete statement of the date when the hardtop roof was lost

or destroyed (to the extent she knows), who was responsible for this change in the vehicle's

condition (to the extent she knows), the cause of the change (to the extent she knows), and

the identity of the person who had legal responsibility for the condition of the vehicle at the

time of the change. Defendant's response for an opportunity to review the photographs

taken by plaintiff's counsel or his representative in January 2000, on February 11, 2003, and

on April 17, 2003 is not an unreasonable one, if for no other reason than to ascertain at

what point in time the hardtop roof disappeared. Therefore, <u>on or before November 7,

2003,</u> plaintiff either shall: (1) make available for defendant's review the January 2000,

February 2003 and April 2003 photographs, <u>to the extent that they show the presence of,

or absence of, the hardtop roof, or</u> (2) may submit copies thereof to the Magistrate Judge

for her <u>in camera</u> review.[13]

### B. PLAINTIFF'S MOTION FOR EXTENSION OF TIME

As previously indicated, the deadlines for the completion of discovery in this case

presently are as follows: all product liability discovery was to be completed by August 15,

2003 (<u>see</u> 6/23/03 endorsement on Dkt. #62), class discovery remains stayed, and the

parties are to conduct and conclude discovery on plaintiff's individual CUTPA claims and on

plaintiff's ability to serve as a putative class representative by January 16, 2004.

(September 2003 Order at 4).

In this motion, filed on August 15, 2003, plaintiff seeks to extend the deadline to

complete product liability discovery until November 15, 2003, on the basis that defendant

---

[13]Defendant's request for additional sanctions is therefore <u>denied without
prejudice to renew</u>, if needed.

9

"has and continues to intentionally withhold information and documents that [d]efendant is required to timely and fully disclose to [p]laintiff[] . . ., [thus] hamper[ing] [p]laintiff['s] product discovery in this case . . . ." (Dkt. #74, at 1).  Specifically, plaintiff points to the parties' dispute about discovery of accidents involving the Jeep Wrangler (TJ), addressed in Section I.A. supra, defendant's sketchy information about the Waitt lawsuit, also mentioned in Section I.A. supra, defendant's withholding of information and data prepared by its accident reconstruction expert, and defendant's withholding of information to its design engineering expert.  (Id. at 2-4 & Exhs. 1-3).

In its brief in opposition, defendant argues that its responses regarding the Jeep Wrangler (YJ) were timely, accurate, and complete, that defendant provided sufficient information regarding the Waitt litigation, that the documents produced in the Waitt lawsuit were not requested in this lawsuit, that plaintiff's failure to file her renewed motion is not grounds for extending the discovery deadline, that defendant did not withhold information from its own expert, and that no basis exists for extending discovery.  (Dkt. #76, at 2-8).

Given the complexity of the factual and legal issues raised in this lawsuit, which involves the death of a young man, given the volume of discovery which has been exchanged by the parties thus far, given the January 16, 2004 deadline for completion of discovery on the CUTPA issues, and given the stay of class action discovery, it is appropriate to extend the deadline for the completion of product liability discovery until December 31, 2003.  If plaintiff wishes to renew her Motion to Compel, she must do so **on or before November 14, 2003**.

## II  CONCLUSION

Accordingly, for the reasons stated in Section I.A. supra, defendant's Second Motion to Compel (Dkt. #67) is granted in part and denied in part and for the reasons stated in

10

Section I.B. supra, plaintiff's Motion for Extension of Time to Complete Product Discovery (Dkt. #74) is granted until December 31, 2003.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**[14]

Dated at New Haven, Connecticut, this 21st day of October, 2003.

Joan Glazer Margolis
United States Magistrate Judge

---

[14]These disputes are ones which mature adults should have been able to resolve between themselves.

If either counsel believe a continued settlement conference before this Magistrate Judge would be productive, he is to contact Chambers accordingly.

11

# CORNELL & GOLLUB
ATTORNEYS AT LAW
75 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 482-8100
TELECOPIER (617) 482-3917
cgmail@cornellgollub.com

DAVID H. SEMPERT
PETER M. DURNEY*+
DAVID W. McGOUGH**
THOMAS A. PURSLEY◊
MARIE CHADEAYNE CHAFE▲
JAMES P. KERR
PATRICIA A. HARTNETT◊
STEPHANIE LYONS SULLIVAN
MATTHEW J. ZAMALOFF
REBECCA C. KOH
GREGG P. BAILEY
MARCI J. SHYAVITZ
CHRISTINE A. KNIPPER
TRACY L. KORAL
OF COUNSEL
PHILIP J. FOLEY◊

ROBERT W. CORNELL
(1910-1987)
KARL L. GOLLUB
(1934-1985)

RHODE ISLAND OFFICE
—
148 MAIN STREET
WAKEFIELD, RHODE ISLAND 02879

TELEPHONE (401) 782-2072
TELECOPIER (401) 782-4941

▲ ALSO ADMITTED IN CONNECTICUT
* ALSO ADMITTED IN MAINE
+ ALSO ADMITTED IN NEW HAMPSHIRE
◊ ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA
◊ ALSO ADMITTED IN RHODE ISLAND

December 5, 2003

Steven E. Arnold, Esq.                    **VIA FACSIMILE**
STANGER AND ARNOLD, LLP
29 South Main Street
West Hartford, CT 06107

Re:    Angela Phelan, Administratix of the Estate of Christopher Phelan, Class Member,
       and Individually v. DaimlerChrysler Corporation

Dear Mr. Arnold:

I am writing to seek further supplementation of Plaintiff's Supplemental Answer
to Defendant's Interrogatory No. 4, as required by the Magistrate Judge's Ruling of
October 21, 2003 on the defendant's Second Motion to Compel.

As stated in the Ruling, "[Plaintiff] has had more than ample time to carefully
analyze the supplemental information and materials provided to her by defendant on July
1, 2003. Thus, unless and until plaintiff files a Motion to Renew her Motion to Compel,
and unless and until such motion is granted by the Court, plaintiff has in her possession
all the information she is going to obtain from defendant regarding similar occurrences.
Therefore, **on or before** November 14, 2003, plaintiff shall provide the detailed
information requested in Interrogatory No. 4, based upon the information provided by
defendant to date..."

Plaintiff's Supplement Response, such as it is, served on November 14, is plainly
not in compliance with the October 21 Ruling.

The Ruling requires that plaintiff provide "the detailed information" sought in
Interrogatory No. 4. The Interrogatory asks specifically for: the name and address of any
witness that plaintiff expects to call at trial regarding occurrences allegedly similar to the
incident which gave rise to the present action, the make, model year, and vehicle
identification number of vehicle involved in any such accidents, the specific facts and

circumstances of each such accident, the substance of the facts and opinions to which each witness is expected to testify, and the identity of any documents in plaintiff's possession, custody, or control relating to any such occurrences.

Plaintiff's response identifies the names of three cases that were provided to you on July 1, 2003, nearly six months ago. Plaintiff has given the names of only two potential witnesses from any those cases, and no addresses. Plaintiff has not given the make, model year or VIN, has failed to describe these incidents even briefly, has failed to state the substance of the facts and opinions to be testified to, and has failed to identify specifically any documents relating to these occurrences. The response also makes repeated references to testimony by expert witnesses, none of whom have been previously disclosed.

The response refers as well to cases supposedly investigated by Leon Neal, but likewise fails to provide any information about those cases.

Plaintiff's Answer must be supplemented immediately and in detail accordance with the Ruling. In the continuing absence of an adequate response, we will renew our motion for sanctions and seek the preclusion of any such evidence from trial.

Very truly yours,

James P. Kerr

JPK/bmh