UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratix of | ) | |
| the Estate of Christopher Phelan, | ) | |
| Class Member, and Individually | ) | |
| | ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DaimlerChrysler Corporation, | ) | January 21, 2004 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE EVIDENCE OF OTHER OCCURRENCES**

The defendant, DaimlerChrysler Corporation, respectfully submits this brief in reply to plaintiff's Opposition to Defendant's Motion to Preclude Evidence of Other Occurrences, pursuant to L. R. Civ. P. 7(d).

The defendant states the following in reply to plaintiff's Opposition and in further support of its Motion, and in order to correct misstatements regarding the defendant's conduct in discovery made in plaintiff's Opposition.

1. The defendant's responses to plaintiff's requests for information regarding other occurrences have been timely and complete. As plaintiff acknowledges, in March, 2003, DaimlerChrysler produced to plaintiff in response to Plaintiff's First Interrogatory No. 10. lists of lawsuits and claims served prior to January 18, 2000, the date of the subject accident, identifying 4 lawsuits and 2 claims in which it was alleged that a 1994 Jeep Wrangler (YJ) overturned, or in which it was alleged that a defect existed in the rollbar structure, and personal injury occurred.

Those lawsuits were identified by title of case, court, court location, and docket number, while the claims were identified by claimant and accident location.

2.  On July 1, 2003, the defendant produced significantly expanded lists of claims and lawsuits in supplemental response to Interrogatory No. 10. These lists identified claims and lawsuits served prior to June 27, 2003 in which it was alleged that a 1987 through 1995 model year Jeep Wrangler (YJ) overturned, or in which it was alleged that a defect existed in the rollbar structure, and personal injury occurred. The lists included 11 claims, identified by claimant and accident location, and 79 lawsuits, identified by title of case, court, court location, and docket number.

3.  Plaintiff did not seek any further supplementation of the defendant's response to Interrogatory No. 10, or make any further request for information on other occurrences after the July 1, 2003 production, other than to demand similar information regarding models other than the Wrangler (YJ), none of which were involved in the subject accident. The CAIR (Customer Assistance Inquiry Request) reports referred to in plaintiff's Opposition were not even requested until December 5, 2003, in plaintiff's Third Request for Production of Documents, which was served less than a month before the expiration of the extended product liability discovery deadline.

4.  Plaintiff's counsel has thus had detailed information regarding 79 other lawsuits and information on 11 claims for more than six months, in addition to the lists produced in March 2003, and still refuses to comply with the Court's Order. Furthermore, defense counsel has learned in the course of discovery that plaintiff's counsel has obtained deposition transcripts

2

and documents from other actions identified by the defendant in its lists of lawsuits, and has refused either to identify or produce those documents to the defendant.

5. The arguments stated in plaintiff's Opposition are consistent with the dilatory conduct of plaintiff's counsel throughout discovery. As documented in the defendant's briefs on plaintiff's response to defendant's Interrogatory No. 4, plaintiff's counsel has long had more than ample information with which to prepare a complete response, and has repeatedly failed to do so. In spite of the Court's Order of October 21, plaintiff's counsel still refuses to comply.

WHEREFORE, the Defendant DaimlerChrysler Corporation requests that the Court allow its Motion to Preclude Evidence of Other Occurrences.

Respectfully submitted,
DAIMLERCHRYSLER CORPORATION

By: _____
James P. Kerr (Fed. Bar ID# CT24742)
  jkerr@cornellgollub.com
Peter M. Durney (Fed. Bar ID# CT14569)
  pdurney@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, Massachusetts 02110
(617) 482-8100
(617) 482-3917 (facsimile)

## CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 21st day of January, 2004, a true and correct copy of the foregoing Defendant DaimlerChrysler Corporation's Reply to Plaintiff's Opposition to Defendant's Motion to Preclude Evidence of Other Occurrences was served via first class mail, postage prepaid, directed to: