UNITED STATES DISTRICT COURT
for the
THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratix of | ) | |
| the Estate of Christopher Phelan, | ) | Civil No. 302CV1219 JBA |
| Class Member, and Individually | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | September 2, 2003 |
| | ) | |
| DaimlerChrysler Corporation | ) | |
| Defendant | ) | |

**DAIMLERCHRYSLER CORPORATION'S OPPOSITION TO
PLAINTIFFS' MOTION FOR EXTENSION OF TIME
<u>TO COMPLETE PRODUCT DISCOVERY</u>**

## I.    INTRODUCTION

The discovery deadline in this case was August 15, 2003. On that date, Plaintiffs filed a motion to extend the discovery deadline to November 15, 2003. Plaintiffs falsely claim that DaimlerChrysler Corporation has "intentionally with[held] information and documents" and that an alleged "pattern of bad faith discovery practices" necessitates additional time for Plaintiffs to complete discovery. In fact, DaimlerChrysler Corporation responded promptly and completely to discovery requests. Plaintiffs' failure to complete discovery in accordance with the court's order was caused by their own pattern of dilatory discovery practices related to this case. Now that the time for discovery has elapsed, Plaintiffs make false allegations of discovery abuses in order to place the blame on DaimlerChrysler Corporation for their own failure to comply with discovery deadlines.

## II.    LEGAL ARGUMENT

### A.    DaimlerChrysler Corporation's Responses and Supplemental Responses to Discovery Were Timely, Accurate, and Complete.

The complaint instituting this action was served on January 21, 2001. Almost two years later, on January 2, 2003, Plaintiffs served on DaimlerChrysler Corporation a combined set of Interrogatories and Requests for Production. Responses to that discovery were served by DaimlerChrysler Corporation on or about January 30, 2003.

In DaimlerChrysler Corporation's initial responses to discovery, it limited documents produced to those related to the 1994 Jeep Wrangler (YJ), which is the vehicle that is the subject of this action. On May 13, 2003, months after the initial discovery responses were served, Plaintiffs' counsel sent a letter seeking more specific responses to the discovery. Four business days later, a Motion to Compel was filed. By letter of May 20, 2003 (attached as Exhibit A), DaimlerChrysler Corporation's discovery counsel advised Plaintiffs' attorney that it would supplement the discovery responses to provide information about other model year Jeep Wrangler (YJ) vehicles.[1] The Motion to Compel was then withdrawn as to these issues. By order of July 10, 2003, the motion was denied as to the remaining matters at issue in the motion.

DaimlerChrysler Corporation served the supplemental responses to discovery on June 6, 2003. The documents it agreed to provide were gathered and productions were made on or about July 10 and July 22. The supplemental responses were complete and accurate. Further, contrary to Plaintiffs' claim, they were served in a timely manner.

---

[1]    The Jeep Wrangler (YJ) was produced from the 1987 through 1995 model years.

**B.**     <u>Waitt v. Chrysler Corporation</u> **Was Identified with Sufficient Specificity to Allow Plaintiffs to Obtain Information About the Case.**

In DaimlerChrysler Corporation's supplemental response to Request No. 10, it agreed to review its product liability records and provide, subject to protective order, a list of personal injury lawsuits in which it was alleged that a 1987 through 1995 Jeep Wrangler (YJ) overturned or in which a defect was alleged in the roll bar structure. On or about July 1, 2003, the expanded lawsuit list was served on Plaintiffs.

Plaintiffs make great moment of the fact that <u>Waitt v. Chrysler Corporation</u> was the 68th case on a 75-case lawsuit list, implying that DaimlerChrysler Corporation was somehow attempting to hide the case. In fact, as Plaintiffs are well-aware, the list was provided in alphabetical order. Six weeks prior to filing this motion, the case was identified with sufficient specificity to allow Plaintiffs to identify it and obtain information about it. Further, it is clear that Plaintiffs have now been in contact with the plaintiff's attorney in the <u>Waitt</u> case, since Plaintiffs attached documents from the <u>Waitt</u> case to their Motion to Extend the Discovery Deadline. The production of the lawsuit list several weeks ago provides no basis for extending the time within which discovery must be completed.

**C.**     **Documents Produced in** <u>Waitt v. Chrysler Corporation</u> **Were Not Called for in Discovery in this Case.**

**1.**     **CJ-R, CJ-Refreshen, and Renneker Documents**

Plaintiffs contend that "in an attempt to obstruct Plaintiffs' further investigation and discovery" DaimlerChrysler Corporation "continues to withhold" documents that it produced in

<u>Waitt v. Chrysler Corporation</u>.  Plaintiffs falsely claim that documents produced in <u>Waitt</u> related to the development of new vehicles in the early 1980s somehow were called for in discovery this case.

In <u>Waitt</u>, in response to specifically-worded discovery requests seeking documents concerning the "CJ Freshen or Refreshen Program" and "CJ-R Program," DaimlerChrysler Corporation provided documents generated in the early 1980s in connection with the design of new vehicles then under development that referred on their face to "CJ Freshen," "CJ Refreshen," and "CJ-R."

In <u>Waitt</u>, DaimlerChrysler Corporation also produced certain computations related to static stability metrics that were prepared by engineer Dennis Renneker in the early 1980s.  The documents reflect consideration of various possible alternative designs for vehicles then being considered for production and were prepared before design and development of the Jeep Wrangler (YJ) was begun.

Plaintiffs falsely claim that these documents were called for by Interrogatory Nos. 7 and 8 and Request for Production No. 1.  Those discovery requests, responses, and supplemental responses are attached hereto as Exhibit B.  Interrogatory Nos. 7 and 8 seek documents related to the roll bar structure in the Jeep Wrangler (YJ). The documents produced in <u>Waitt</u> do not refer to the roll bar structure of the Jeep Wrangler (YJ).  Even assuming some of the documents referred to a roll bar in a developmental vehicle that ultimately became the Jeep Wrangler (YJ), they cannot be deemed to have been requested by Interrogatory Nos. 7 and 8 since the roll bar in the

- 4 -

Jeep Wrangler (YJ) changed significantly in the 1992 model year in order to create an attachment point for the rear three-point restraint that was introduced in 1992. Any reference in the documents to a roll bar that could somehow be traced to the Jeep Wrangler (YJ) would relate to the roll bar structure of the 1987 through 1991 vehicle, not the 1992 through 1995 vehicle.

Request No. 1 is a poorly worded request for "the basis and substantiation of your responses to each interrogatory in Plaintiffs' First Set of Interrogatories above." By no stretch of the imagination can the documents produced in <u>Waitt</u> be deemed called for by Request No. 1. Plaintiffs simply are attempting to support a spurious claim of discovery abuse where none exists.

**2.    Engineering Book of Knowledge**

Plaintiffs claim that DaimlerChrysler Corporation should have produced its Engineering Book of Knowledge (EBOK) because it was requested (though not produced) in <u>Waitt</u>. EBOK is an electronic resource that is referred to by DaimlerChrysler Corporation engineers in the design and development of vehicles. EBOK was created in 1996, long after the design and development of the 1994 Jeep Wrangler (YJ). Further, it does not contain information specific to the Jeep Wrangler (YJ). EBOK cannot be deemed to have been called for by Interrogatory Nos. 7 or 8 or Request No. 1.

**D.    Plaintiffs' Failure to Renew the Motion to Compel Is Not Grounds for an Extension of the Discovery Deadline.**

On May 20, 2003, Plaintiffs filed a Motion to Compel production of documents related to the roll bar structure of the Jeep Wrangler (TJ), an all-new vehicle that first began production in

- 5 -

the 1997 model year. Plaintiffs' discovery requests defined "Jeep Wrangler" to be "all Jeep Wrangler series model vehicles from date of first manufacture to present substantially similar in design and manufacture to Christopher Phelan's 1994 Jeep Wrangler." In response to the motion, DaimlerChrysler Corporation provided an engineer's affidavit demonstrating that the roll bar structure of the Jeep Wrangler (YJ) differed from that of the Jeep Wrangler (TJ). By order of July 10, the court denied the motion "without prejudice to renew, with additional evidence, from an expert, that the differences described by defendant are only 'relatively minor differences,'" as claimed by Plaintiffs in their reply brief.

The court's order was issued five weeks ago. By mid-August, with the discovery deadline looming, Plaintiffs still had done nothing to renew their motion. Now that the discovery deadline has passed, Plaintiffs claim to be "obtaining additional expert and evidentiary basis to support" the renewed motion. Plaintiffs should not at this late date be permitted to renew a motion that was denied weeks ago.

### E.    DaimlerChrysler Corporation Did Not Withhold Data Concerning FMVSS 216 Testing.

In Paragraph 8 of Plaintiffs' motion, it is claimed that it was recently "revealed" that Michelle Vogler, DaimlerChrysler Corporation's design expert, "was not provided with the data compliance package" related to a roof crush test done on a 1995 Jeep Wrangler (YJ) using Federal Motor Vehicle Safety Standard (FMVSS) 216 – Roof Crush Resistance - as a guideline. Plaintiffs imply that documentation that should have been disclosed in discovery was withheld from the expert.

Although FMVSS 216 was not applicable to the Jeep Wrangler (YJ), DaimlerChrysler Corporation did test the vehicle to the standard. DaimlerChrysler Corporation produced the one-page document related to the testing of the 1995 Jeep Wrangler (YJ) in its initial response to Interrogatory No. 5. This is the document that is referenced in Paragraph 8 of the motion. DaimlerChrysler Corporation is not in possession of any "data compliance package, or other information" related to that test, as Plaintiffs' counsel has been advised. Additional discovery will not uncover any such documents because they do not exist. This is not grounds for re-opening discovery in this case.

**F.    The Fact That Plaintiffs Have Failed to Conduct Company Witness Depositions in a Timely Manner Is Not Grounds for Extending the Discovery Deadline.**

Plaintiffs claim that depositions of DaimlerChrysler Corporation's representatives cannot be done without "Defendant's full compliance with Plaintiffs' discovery." (Paragraph 11 of plaintiff's motion) DaimlerChrysler Corporation has fully complied with the discovery served in this action. Again, the fact that Plaintiffs have allowed the discovery deadline to pass without scheduling depositions of the company witnesses is not the fault of DaimlerChrysler Corporation, nor should it be grounds to extend the discovery deadline in this case.

Plaintiffs served a number of deposition notices in June and sought, *inter alia*, testimony about the design of the roll bar structure of the Jeep Wrangler (TJ). Because of the pending Motion to Compel concerning Jeep Wrangler (TJ) documents, the parties agreed to postpone the depositions pending the outcome of the motion. The court entered its order denying the Motion

to Compel on July 10, yet in the five weeks between the entry of that order and the August 15 discovery deadline, Plaintiffs made no attempt to schedule the depositions. Plaintiffs' dilatory discovery practices should not be grounds for granting the Motion to Extend the Discovery Deadline.

## III.    CONCLUSION

Plaintiffs have delayed meeting discovery deadlines and, by this motion, are attempting to place the blame on DaimlerChrysler Corporation for their own failures. The attempt to ascribe alleged discovery abuses to DaimlerChrysler Corporation as a reason for Plaintiffs' failure to meet the discovery deadline should not be tolerated. It is respectfully submitted that the Court deny Plaintiffs' Motion for Extension of Discovery Deadline.

Respectfully submitted,
DAIMLERCHRYSLER CORPORATION

By:    _____
Peter M. Durney (Fed. Bar ID# CT14569)
    pdurney@cornellgollub.com
James P. Kerr (Fed. Bar ID# CT24142)
    jkerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, Massachusetts 02110
(617) 482-8100
(617) 482-3917 (facsimile)

## CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 3rd day of September, 2003, a true and correct copy of the foregoing DaimlerChrysler

Corporation's Opposition to Plaintiffs' Motion for Extension of Time to Complete Product Discovery, was served via first class mail, postage prepaid, directed to:

Steven E. Arnold, Esq.
STANGER & ARNOLD, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut  06107
        Attorney for Plaintiff

Daniel J. Krisch, Esq.
Horton, Shields & Cormier
90 Gillett Street
Hartford, Connecticut  06105

Terri S. Reiskin, Esq.
James A. Hourihan, Esq.
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

Lewis H. Goldfarb, Esq.
Hogan & Hartson, LLP
875 Third Avenue
New York, New York 10022
        Co-counsel for Defendant

Mr. Christopher Miller
Robinson Correctional Facility
285 Shaker Road
P.O. Box 1400
Enfield, CT 06082
        Third-Party Defendant

James P. Kerr