
RECEIVED AUG 11 1999

| | |
|---|---|
| DOCKET NO.: X03-CV97-0492125 S | : SUPERIOR COURT |
| JEFFREY T. WAITT, ET AL. | : COMPLEX LITIGATION DOCKET |
| vs. | : JUDICIAL DISTRICT OF<br>: NEW BRITAIN |
| CHRYSLER MOTORS CORP., ET AL. | : AT NEW BRITAIN |
| | : AUGUST 9, 1999 |

## DAIMLERCHRYSLER CORPORATION'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S (WENDY PADULA) NOTICE OF DEPOSITION

NOW COMES DAIMLERCHRYSLER CORPORATION (hereinafter DCC), the surviving corporation following the mergers of Chrysler Corporation and a number of its subsidiaries, including Chrysler Motors Corporation, provides these supplemental responses to the Request for Documents at the Deposition of James Thornton previously propounded by Plaintiff Wendy Padula (hereinafter Plaintiff) as follows:

### PRELIMINARY STATEMENT

Effective April 30, 1988, American Motors Sales Corporation merged into AM Computer Leasing Corporation. The name of AM Computer Leasing Corporation was then changed to Jeep Eagle Sales Corporation.

Effective June 30, 1988, Jeep Corporation merged into American Motors Corporation and the name of American Motors Corporation was changed to Jeep Eagle Corporation.

Jeep Eagle Sales Corporation was a wholly-owned subsidiary of Jeep Eagle Corporation. Effective December 30, 1989, Jeep Eagle Sales Corporation merged into Jeep Eagle Corporation. Effective December 31, 1989, Chrysler Motors Corporation and Jeep Eagle Corporation merged into Chrysler Corporation. At the time of the filing and service of this action, there was no entity known as Chrysler Motors Corporation. Effective January 1, 1998, a new entity was formed called Chrysler Motors Corporation, which is a wholly-owned subsidiary of Chrysler Corporation.

Effective November 17, 1998, Chrysler Corporation became known as DaimlerChrysler Corporation.

## GENERAL OBJECTIONS

DCC objects to these requests to the extent they seek information concerning vehicles other than a 1993 Jeep Wrangler (YJ) or accidents other than that which is alleged in this action because such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. DCC also objects to the definitions provided with the requests to the extent they attempt to ascribe to certain words or phrases meanings other than their customary and ordinary meanings.

DCC further objects to these requests to the extent they seek information which is either in the public domain and equally available to Plaintiff or in the possession of entities other than DCC and can be obtained directly from those entities.

The responses contained here are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds the same statement would be subject to if delivered in live testimony in court. All such objections and grounds are expressly reserved by DCC and may be interposed at the time of trial or in conjunction with other uses of the responses.

## SUPPLEMENTAL RESPONSES TO REQUESTS

REQUEST NO. 23: The CJ Freshen or Refreshen programs.

RESPONSE NO. 23: Defendant objects to this request because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant specifically objects to this request because it is not limited to a relevant time period.

Without waiver of these objections, Defendant states that it is in possession of documents generated in connection with the consideration of the design of new vehicles then being considered for production. Some of these documents contain references to the term "CJ Freshen" or "CJ Refreshen" but this term is used in different contexts and refers to a number of proposed vehicle designs that were considered during varying time periods. These documents contain trade secret and other confidential commercial information, the dissemination of which would cause harm to the competitive position of Defendant. However, subject to the protective

order entered in this case, Defendant will make available for inspection a copy of such documents that refer on their face to the terms "CJ Freshen" or "CJ Refreshen" and were generated during the time that design and development considerations occurred involving the vehicle that became the Jeep Wrangler (YJ) vehicle.

SUPPLEMENTAL RESPONSE NO. 23: DCC incorporates by reference its original response and objections. DCC has conducted a search of the documents referenced in its original response according to the parameters described in its response. Based on this search, it has identified thousands of pages of documents, most of which do not pertain to the allegations at issue in this lawsuit. In response to Interrogatory No. 24 of Plaintiff Padula's First Set of Interrogatories and Request for Production, DCC has searched these documents for handling test documentation related to the development of the Jeep Wrangler (YJ) vehicle. In response to the Document Requests attached to co-Plaintiff Waitt's deposition notices for James Thornton, Mike Smith, Mike Gabriel, Glenn Whitehead, and Jerry McCarron, DCC has conducted a similar search of these documents for ones that refer on their face to the terms "stability" and "rollover." In response to Request No. 25, DCC has agreed to conduct a similar search of these documents for ones that refer on their face to vehicle handling. In response to Request No. 170 of Plaintiff's Second Set of Request for Production, DCC has agreed to conduct a similar search of these documents that reflect considerations of the use of a plastic fuel tank in Jeep Wrangler (YJ) vehicles. To the extent that documents exist that reference the term "CJ Freshen" or "CJ

Refreshen" and relate to allegations at issue in this lawsuit, they are included in the documents described above and accordingly refers Plaintiff to its responses and objections to the discovery responses noted above.

REQUEST NO. 34: "CJ-R" program.

RESPONSE NO. 34: Defendant objects to this request because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant specifically objects to this request because it is not limited to a relevant time period.

Without waiver of these objections, Defendant states that it is in possession of documents generated in connection with the consideration of the design of new vehicles then being considered for production. Some of these documents contain references to the term "CJ-R," but this term is used in different contexts and refers to a number of proposed vehicle designs that were considered during varying time periods. These documents contain trade secret and other confidential commercial information, the dissemination of which would cause harm to the competitive position of Defendant. However, subject to the protective order entered in this case, Defendant will make available for inspection a copy of such documents that refer on their face to the term "CJ-R" and were generated during the time that design and development considerations occurred involving the vehicle that became the Jeep Wrangler (YJ) vehicle.

SUPPLEMENTAL RESPONSE NO. 34: DCC incorporates by reference its original response and objections. DCC has conducted a search of the documents referenced in its original response according to the parameters described in its response. Based on this search, it has identified thousands of pages of documents, most of which do not pertain to the allegations at issue in this lawsuit. In response to Interrogatory No. 24 of Plaintiff Padula's First Set of Interrogatories and Request for Production, DCC has searched these documents for handling test documentation related to the development of the Jeep Wrangler (YJ) vehicle. In response to the Document Requests attached to co-Plaintiff Waitt's deposition notices for James Thornton, Mike Smith, Mike Gabriel, Glenn Whitehead, and Jerry McCarron, DCC has conducted a similar search of these documents for ones that refer on their face to the terms "stability" and "rollover." In response to Request No. 25, DCC has agreed to conduct a similar search of these documents for ones that refer on their face to vehicle handling. In response to Request No. 170 of Plaintiff's Second Set of Request for Production, DCC has agreed to conduct a similar search of these documents that reflect considerations of the use of a plastic fuel tank in Jeep Wrangler (YJ) vehicles. To the extent that documents exist that reference the term "CJ-R" and relate to allegations at issue in this lawsuit, they are included in the documents described above and accordingly refers Plaintiff to its responses and objections to the discovery responses noted above.

DEFENDANT,
DAIMLERCHRSLER CORPORATION

By /s/ Philip T. Newbury
Philip T. Newbury, Jr.
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, Connecticut 06114-1190
(860) 249-1361
Juris No.: 28228

Peter M. Durney
CORNELL & GOLLUB
75 Federal Street
Boston, Massachusetts 02110

Stephen J. Ott
MILLER, CANFIELD, PADDOCK
    & STONE, P.L.C.
1400 North Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304

STATE OF MICHIGAN )
)
COUNTY OF OAKLAND)

The undersigned person being first duly sworn on oath, deposes and says that such person is an Assistant Secretary of DaimlerChrysler Corporation (formerly known as Chrysler Corporation, the surviving corporation following the mergers effective December 30 and 31, 1989 of Chrysler Corporation and a number of its subsidiaries, including Chrysler Motors Corporation); that such person has read the foregoing **DAIMLERCHRYSLER CORPORATION'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S (WENDY PADULA) NOTICE OF DEPOSITION** and subscribed to the same on behalf of DaimlerChrysler Corporation; that the foregoing responses are based on information communicated by DaimlerChrysler Corporation personnel and other persons and information obtained from books and records of DaimlerChrysler Corporation; and that such person has no reason to believe that the foregoing responses are not true and correct.

_____
ASSISTANT SECRETARY
DAIMLERCHRYSLER CORPORATION

Subscribed and sworn to before me
this 6th day of August, 1999

_____
Notary Public, Oakland County
State of Michigan

My Commission Expires: 03-02-00