UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

FEB 4  11 12 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| In re Jeep Wrangler Class Action ) | |
| ) | |
| Angela Phelan, Administratix of ) | |
| the Estate of Christopher Phelan, ) | |
| Class Member, and Individually ) | |
| ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DaimlerChrysler Corporation ) | February 4, 2004 |
| ) | |
| Defendant. ) | |

## DEFENDANT DAIMLERCHRYSLER CORPORATIONS' ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT

Now comes the defendant DaimlerChrysler Corporation (hereinafter referred to as "defendant" or "DaimlerChrysler") and answers the serially numbered paragraphs of Plaintiff's October 12, 2002 second Amended Complaint (hereinafter "Plaintiff's Amended Complaint") as follows:

### PARTIES

1. Admitted.

2. Admitted that DaimlerChrysler Corporation has a place of business in Auburn Hills, Michigan. Otherwise denied in the form alleged.

### JURISDICTION AND VENUE

3. DaimlerChrysler does not contest Plaintiff's allegations of jurisdiction at this time, subject to contrary evidence that may be revealed in discovery. Otherwise denied in the form alleged.

4. DaimlerChrysler does not contest Plaintiff's allegations with respect to venue, subject to contrary evidence that may be revealed in discovery. Otherwise denied in the form alleged.

## CLAIMS

5. Admitted that defendant manufactures automobiles, that defendant at one time manufactured the 1994 Jeep Wrangler (YJ) model, and that defendant sells automobiles to authorized dealers in the United States. Otherwise denied in the form alleged.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

## CLASS ACTION

FIRST COUNT

SECOND COUNT

THIRD COUNT

36. Denied.

37. Denied.

38. Denied.

39. Denied.

    a.    (1)    Denied.

          (2)    Denied.

    b.    (1)    Denied.

          (2)    Denied.

    c.    Denied.

The following paragraphs, including paragraphs 1 through 8a-d, constitute a demand for relief to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Christopher A. Phelan's misuse of the vehicle in a manner not intended or reasonably foreseeable to the seller.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the alteration and/or modification of the vehicle by a third party, which alteration was not in accordance with the specifications of DaimlerChrysler Corporation, was made without the consent of DaimlerChrysler Corporation, and could not be reasonably anticipated by DaimlerChrysler Corporation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to give timely notice of any alleged breach of warranty, as a result of which DaimlerChrysler Corporation sustained actual prejudice. Wherefore, plaintiff may not recover.

### FOURTH AFFIRMATIVE DEFENSE

Christopher A. Phelan knowingly and unreasonably assumed the risk of any alleged defect in the product complained of.

### FIFTH AFFIRMATIVE DEFENSE

Other persons and parties are comparatively responsible for the Plaintiffs' injuries under C.G.S. §52-572o.

### SIXTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to an award of damages from DaimlerChrysler Corporation, DaimlerChrysler Corporation is entitled to a setoff for any amounts received by plaintiff from others in satisfaction of her claim for alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant, Christopher Miller, who was operating a Ford Taurus westbound on Route 2 in Glastonbury, Connecticut behind Christopher Phelan's vehicle immediately before the accident, was intoxicated at the time of the accident. Defendant Christopher Miller's reckless operation of the Ford Taurus as a result of his intoxication was an intervening cause of the accident.

### EIGHTH AFFIRMATIVE DEFENSE

Shortly before the accident on January 18, 2000, third-party defendant Christopher Miller was present in Spanky's Café, a bar in Marlborough, Connecticut owned by TZS, LLC and Zachary Spangler, and was there sold alcoholic beverages while he was intoxicated by TZS, LLC and Zachary Spangler directly or through their agents, servants and/or employees. The negligent service of alcoholic beverages to Christopher Miller by TZS, LLC and Zachary Spangler was an intervening cause of the accident.

### NINTH AFFIRMATIVE DEFENSE

Shortly prior to the accident on January 18, 2000, third-party defendant Christopher Miller was present as a customer and patron in Jake's Café, a bar in East Hampton, Connecticut owned by third-party defendants Rikki Timbo, Inc., Maurice Samuelian and Kathleen Samuelian, and was there sold alcoholic beverages while he was intoxicated by defendants Rikki Timbo, Inc., Maurice Samuelian and Kathleen Samuelian directly or through their agents, servants and/or employees. The negligent service of alcoholic beverages to Christopher Miller by third-party defendants Rikki Timbo, Inc., Maurice Samuelian and Kathleen Samuelian was an intervening cause of the accident.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff and/or others over whom defendant had no control may have failed to preserve the subject vehicle in its immediate post-accident condition, causing a spoliation of evidence that has irreparably prejudiced defendant in its defense of this case.

### ELEVENTH AFFIRMATIVE DEFENSE

Any DaimlerChrysler Corporation product involved in plaintiff's accident complied with the "state of the art" under Connecticut law at the time of the accident.

### TWELFTH AFFIRMATIVE DEFENSE

If the plaintiffs are entitled to an award of damages from defendant, the defendant is entitled to a setoff for any amounts received by the plaintiffs from others in satisfaction of their claim for their alleged injuries.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages has no basis in Connecticut law and so fails to state a claim for which relief can be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based upon evidence of defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of defendant would violate the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the Untied State Constitution.

**DEFENDANT CLAIMS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

> Defendant,
> DaimlerChrysler Corporation
> By its attorneys,
>
> _____
> Daniel J. Krisch, Esq.
> dkrisch@hsklawfirm.com
> Fed. Bar #CT21994
> Horton, Shields & Knox, P.C.
> 90 Gillett Street
> Hartford, Connecticut 06105
> (860) 522-8338

## CERTIFICATE OF SERVICE

     I, Daniel J. Krisch, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 4th day of February, 2004, a true copy of the foregoing answer was served via first class mail, directed to:

Steven E. Arnold, Esq.  
Peter Van Dyke, Esq.  
James Halpin, Esq.  
Stanger & Arnold, LLP  
29 South Main Street, Suite 325  
West Hartford, Connecticut 06107  

Attorney for Plaintiff

and:

Terri S. Reiskin, Esq.  
James A. Hourihan, Esq.  
Hogan & Hartson, LLP  
555 Thirteenth Street, N.W.  
Washington, D.C. 20004  

Peter M. Durney, Esq.  
James P. Kerr, Esq.  
CORNELL & GOLLUB  
75 Federal Street  
Boston, MA 02110  

Lewis H. Goldfarb, Esq.  
Hogan & Hartson, LLP  
875 Third Avenue  
New York, New York 10022  

M. Sheila Jeffrey, Esq.  
Miller, Canfield, Paddock & Stone, P.L.C.  
Seventh Floor  
101 North Main  
Ann Arbor, MI 48104  

Co-counsel for Defendant

Christopher Miller  
c/o Robinson Correctional Facility  
285 Shaker Road  
P.O. Box 1600  
Enfield, CT 06082  

Third-Party Defendant

_/s/ Daniel J. Krisch_  
Daniel J. Krisch