

2004 FEB -9 P 4: 49

U.S. DISTRICT COURT
NEW HAVEN CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE JEEP WRANGLER CLASS ACTION | : CIVIL NO. 3:02 CV 1219 (JBA) |
| ANGELA PHELAN, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER PHELAN, CLASS MEMBER, AND INDIVIDUALLY | : : : |
| Plaintiffs | : |
| VS. | : |
| DAIMLERCHRYSLER CORPORATION | : FEBRUARY 9, 2004 |
| Defendant | : |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF, OR OBJECTION TO, MAGISTRATE JUDGE'S RULING ON PENDING DISCOVERY MOTIONS**

Plaintiffs respectfully move for reconsideration of, or Plaintiffs object to, the Magistrate Judge's Ruling On Pending Discovery Motions filed January 26, 2004 ["January 2004 Ruling"] for the following reasons and authorities.

1. <u>Plaintiffs Timely Filed Their Opposition To Defendant's Motion for Protective Order</u>

On January 12, 2004 Plaintiffs filed Plaintiff's Opposition to Defendant's Motion for Protective Order. **Exhibit 1** (copy of Court file stamp on first page). A copy of Plaintiffs' Opposition was sent to all counsel of record and to the Magistrate Judge. For some reason

1

STANGER & ARNOLD, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

Plaintiffs' Opposition to Defendant's Motion for Protective Order was not docketed in the court file. (Plaintiffs' January 12, 2004 Opposition to Defendant's Motion to Preclude Evidence of Other Occurrences also was not docketed. See **Exhibit 2**.)  On January 15, 2004 Plaintiffs filed and served an Errata Sheet and additional exhibits for accuracy and completeness of Plaintiffs' Opposition to Defendant's Motion for Protective Order. (Dkt. #107).

The court record may have constrained the Magistrate Judge to rule "defendant's Motion For Protective Order ...[is] granted absent objection". However, Plaintiffs' Opposition was timely filed, served on all counsel and on the Magistrate Judge. (For some reason there was postage due on the service copy to one (1) of Defendant's five (5) law firms (which Plaintiffs will reimburse). (An additional copy of Plaintiffs' Opposition to Defendant's Motion for Protective Order is being sent to the Magistrate Judge, and a courtesy copy thereof to Judge Arterton.)

2. Plaintiffs Timely Filed Their Opposition To Defendant's Motion To Preclude Evidence of Other Occurrences

On January 12, 2004 Plaintiffs filed Plaintiffs' Opposition to Defendant's Motion To Preclude Evidence of Other Occurrences. **Exhibit 2** (a copy of Court file stamp on first page). A copy of Plaintiffs' opposition papers to Defendant's discovery motions was sent to all defense counsel and to the Magistrate Judge. For some reason Plaintiffs' Opposition to Defendant's Motion to Preclude also was not docketed in the court file. On January 22, 2004 Defendant filed a reply brief. (Dkt. #108).

2

The court record may have constrained the Magistrate Judge to rule "defendant's Motion To Preclude Evidence of Other Occurrences (Dkt. #101) [is] granted absent objection". However, Plaintiffs' Opposition was timely filed, served on all counsel and on the Magistrate Judge. (The service package contained Plaintiffs' opposition papers to Defendant's discovery motions.) (An additional copy of Plaintiffs' Opposition to Defendant's Motion To Preclude Evidence of Other Occurrences is being sent to the Magistrate Judge, and a courtesy copy thereof to Judge Arterton.)

3.  Plaintiffs Have Complied With The Federal Rules And Court Orders

Plaintiffs' counsel sincerely apologize for any conduct on their part that caused the "Magistrate Judge [to] share[] the frustration of defense counsel that plaintiff's counsel invariably waits until the last moment to comply with court orders." January 2004 Ruling at 10. Plaintiffs' counsel will continue to exercise their best efforts to comply with court orders before compliance is due. The frustration of defense counsel may be from Plaintiffs' unrelenting efforts to obtain Defendant's discovery compliance and to protect Plaintiffs' due process rights to conduct full discovery to prove their case.

Plaintiffs also look forward to "the long-awaited conclusion of discovery in this case." Id. The Magistrate Judge's reconsideration of the January 2004 Ruling, with the additional pleadings filed by the parties, may sufficiently establish that Plaintiffs' counsel have been diligent, resourceful, and continue to expend considerable sums of money and efforts to independently

3

discover facts to prove Plaintiffs' case, in spite of, and because of, Defendant's continued refusal to comply with Plaintiffs' discovery. Nonetheless, Plaintiffs have and will continue to comply with the court orders.

Defendant's two (2) discovery motions before the court is another example of Defendant's continued discovery bad faith. Defendant has been ordered to produce Jeep Wrangler (TJ) information in other Jeep Wrangler (YJ) litigation. Plaintiffs maintain that Mr. Chapman's prior deposition testimony, in context, is favorable to Plaintiffs (although ultimately for the jury to decide). Mr. Chapman's testimony also is expert evidence, and Defendant's potential admission, that the Jeep Wrangler (YJ) and (TJ) models are "similar enough" for discovery purposes. State Farm Fire & Gas Co. v. Black & Decker, Inc., 2003 WL 103016 (E.D.La. Jan. 9, 2003).

There can be no prejudice to Defendant to be ordered to comply with Plaintiffs' long-sought-after discovery. Plaintiffs' due process discovery rights have been prejudiced because of Defendant's continued obstruction of justice. Defendant's characteristic non-compliance with Plaintiffs' even more specific additional discovery once again will soon bring the parties before the court with Plaintiffs' second motion to compel Defendant's required discovery compliance. The "long-awaited conclusion of discovery in this case" only can occur if and when the court orders Defendant to fully comply with Plaintiffs discovery, appropriate sanctions, and/or a default judgment against Defendant, because of Defendant's discovery abuses and obstruction of justice in this case.

STANGER & ARNOLD, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

WHEREFORE, for the reasons and authorities set forth above, Plaintiffs move that the Magistrate Judge reconsider the January 2004 Ruling, and deny Defendant's Motion for Protective Order, deny Defendant's Motion to Preclude Evidence of Other Occurrences, and permit Plaintiffs to continue their full discovery of Defendant pursuant to the Federal and Local Rules to prove Plaintiffs' case.

        Respectfully submitted,
        PLAINTIFFS

BY _____
    Steven E. Arnold, ct07966
    sea@SAlaw.us
    Peter Van Dyke, ct24747
    pvd@SAlaw.us
    Stanger & Arnold, LLP
    29 South Main Street
    West Hartford, CT 06107
    Tel. (860) 561-0650
    Fax. (860) 561-0646
    Their Attorneys

## CERTIFICATION

  I hereby certify that a copy of the foregoing was sent, postage prepaid, on February 9, 2004 to:

Peter M. Durney, Esq.
Marie E. Chafe, Esq.
James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Daniel Krisch, Esq.
Horton, Shields & Knox, P.C.
90 Gillett Street
Hartford, CT 06105

Lewis H. Goldfarb, Esq.
Hogan & Hartson
875 Third Avenue
New York, NY 10022

Courtesy copy to:

The Honorable Janet Bond Arterton
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

Terri S. Reiskin, Esq.
James A. Hourihan, Esq.
Hogan & Hartson
555 Thirteenth Street
Washington, DC 20004

M. Sheila Jeffrey, Esq.
Miller, Canfield, Paddock & Stone, P.L.C.
Seventh Floor
101 North Main
Ann Arbor, MI 48104

The Honorable Joan Glazer Margolis
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

               /s/ Steven E. Arnold
               Steven E. Arnold

**STANGER & ARNOLD, LLP**
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

FILED

2004 JAN 12 P 4:58

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| IN RE JEEP WRANGLER CLASS ACTION | : CIVIL NO. 3:02 CV 1219 (JBA) |
| ANGELA PHELAN, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER PHELAN, CLASS MEMBER, AND INDIVIDUALLY | : |
| Plaintiffs | : |
| VS. | : |
| DAIMLERCHRYSLER CORPORATION | : JANUARY 12, 2004 |
| Defendant | : |

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S DECEMBER 19, 2003 MOTION TO PRECLUDE PLAINTIFFS' EVIDENCE OF OTHER OCCURRENCES

Plaintiffs oppose Defendant's December 19, 2003 Motion to Preclude Evidence of Other Occurrences for the following reasons and authorities.

I. LAW AND ARGUMENT

A. Plaintiffs Have Complied Fully With Interrogatory No. 4 Based Upon The Information Provided By Defendant

Plaintiffs' December 2002 written discovery requests all of the information, and more, for Plaintiffs to be able to fully respond to Defendant's Interrogatory No. 4. Plaintiffs' Interrogatory No.10 requests that Defendant:

1

FILED
2004 JAN 12 P 4: 58
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE JEEP WRANGLER CLASS ACTION : CIVIL NO. 3:02 CV 1219 (JBA)

ANGELA PHELAN, ADMINISTRATRIX OF :
THE ESTATE OF CHRISTOPHER PHELAN, :
CLASS MEMBER, AND INDIVIDUALLY :

    Plaintiffs

VS.

DAIMLERCHRYSLER CORPORATION : JANUARY 12, 2004

    Defendant

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' DEPOSITION DISCOVERY

Defendant's Motion For Protective Order regarding Plaintiffs' deposition discovery should be denied for the following reasons and authorities.

### I. PLAINTIFFS' DEPOSITION DISCOVERY COMPLIES WITH THE COURT'S RULES AND RULINGS

On November 24, 2003, 5 weeks before the Court's December 31, 2003 product liability discovery deadline, Plaintiffs served notices of Defendant's deposition by and through 13 of Defendant's employees. On December 4, 2003, 4 weeks before the discovery deadline, Plaintiffs

1