EXHIBIT J

WARNING: Federal law requires that you state the mileage in connection with a transfer of ownership. Failure to complete the Odometer Disclosure Statement or providing a false statement may result in fines and/or imprisonment.

## ASSIGNMENT OF OWNERSHIP

SELLER(S): The undersigned seller(s) hereby state(s) that the vehicle described on this side was transferred to the buyer(s) specified below. BUYER(S): Do not sign below until all sections have been completed and signed by seller(s). Signing below indicates that you are aware of the CONDITION STATEMENT and the ODOMETER DISCLOSURE STATEMENT made by seller(s).

| CONDITION STATEMENT | Was this vehicle at the time of sale in condition for legal operation on the highway(s) of this state? ☒ YES ☐ NO |
|---|---|

ODOMETER DISCLOSURE STATEMENT

I state that, to the best of my knowledge and belief, the odometer reading specified below reflects the actual mileage, unless one of the following statements is checked:

ODOMETER READING (No tenths) | 0 6 3 7 5 9 |
☐ I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits. (The odometer started at zero again.)
☐ I hereby certify that the odometer reading is not actual mileage. WARNING: ODOMETER DISCREPANCY

### BUYER(S)
NAME OF BUYER(S) (Please print): GALLAGHER BUICK PONTIAC GMC INC   DEALER'S LICENSE NO. (If dealer): N660
ADDRESS OF BUYER(S) (Please print): 325 COLUMBUS BLVD. NEW BRITAIN, CT 06050
NAME OF LIENHOLDER TO BE SHOWN ON NEW TITLE (If no lien, print "NONE"):     DATE OF LIEN:
ADDRESS OF LIENHOLDER:
SIGNATURE OF BUYER(S) (Or authorized official): X Laura Bukowski   PRINTED NAME OF BUYER(S) (Authorized official): LAURA Bukowski

### SELLER(S)
NAME OF SELLER(S) (Please print): GARY C MEISINGER   DATE SOLD: 06/22/99   DEALER'S LICENSE NO. (If dealer):
ADDRESS OF SELLER(S) (Please print): 60 NORTH MAPLE ST EAST HAMPTON CT 06424
SIGNATURE OF SELLER(S) (Or authorized official): X   PRINTED NAME OF SELLER(S) (Authorized official): Gary C meisinger

## RE-ASSIGNMENT OF OWNERSHIP

SELLER(S): The undersigned seller(s) hereby state(s) that the vehicle described on this side was transferred to the buyer(s) specified below. BUYER(S): Do not sign below until all sections have been completed and signed by seller(s). Signing below indicates that you are aware of the CONDITION STATEMENT and the ODOMETER DISCLOSURE STATEMENT made by seller(s).

| CONDITION STATEMENT | Was this vehicle at the time of sale in condition for legal operation on the highway(s) of this state? ☒ YES ☐ NO |
|---|---|

ODOMETER DISCLOSURE STATEMENT

I state that, to the best of my knowledge and belief, the odometer reading specified below reflects the actual mileage, unless one of the following statements is checked:

ODOMETER READING (No tenths) | 0 9 3 7 4 4 |
☐ I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits. (The odometer started at zero again.)
☐ I hereby certify that the odometer reading is not actual mileage. WARNING: ODOMETER DISCREPANCY

### BUYER(S)
NAME OF BUYER(S) (Please print): CHRISTOPHER A PHELAN   DEALER'S LICENSE NO. (If dealer):
ADDRESS OF BUYER(S) (Please print): 58 KINNE RD GLASTONBURY, CT 06033
NAME OF LIENHOLDER TO BE SHOWN ON NEW TITLE (If no lien, print "NONE"): NATIONSBANK N.A.   DATE OF LIEN: 07/09/99
ADDRESS OF LIENHOLDER: P.O. BOX 2759 JACKSONVILLE FL 32202
SIGNATURE OF BUYER(S) (Or authorized official): X Chris Phel   PRINTED NAME OF BUYER(S) (Authorized official): Christopher Phelan

### SELLER(S)
NAME OF SELLER(S) (Please print): GALLAGHER BUICK PONTIAC GMC INC   DATE SOLD: 07/09/99   DEALER'S LICENSE NO. (If dealer): N660
ADDRESS OF SELLER(S) (Please print): 325 COLUMBUS BLVD. NEW BRITAIN, CT 06050
SIGNATURE OF SELLER(S) (Or authorized official): X Laura Bukowski   PRINTED NAME OF SELLER(S) (Authorized official): LAURA Bukowski

ANY FALSE STATEMENT IS A CRIMINAL OFFENSE.
ANY CHANGE OR ERASURE WILL VOID THIS TITLE.

B0614353

## TITLE COPY

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I, GARY C. MEISINGER — PRINT)

(transferor's name — PRINT)

state that the odometer (of the vehicle described below) now reads 63,952 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ (2) I hereby certify that the odometer reading is NOT the actual mileage. WARNING — ODOMETER DISCREPANCY.

| MAKE | BODY TYPE | MODEL |
|------|-----------|-------|
| JEEP | 2DR | WRANGLER |

| VEHICLE ID-NUMBER | | STOCK NUMBER |
|-------------------|---|--------------|
| 1J4FY29SXRP456105 | | 88672A |

| COLOR | TRIM | YEAR |
|-------|------|------|
| Black | | 1994 |

TRANSFEROR'S PRINTED NAME (SELLER)
GARY C. MEISINGER

TRANSFEROR'S STREET ADDRESS
60 N MAPLE ST

| CITY | STATE | ZIP CODE |
|------|-------|----------|
| EAST HAMPTON CT 06424 | | |

DATE OF STATEMENT
06/22/99

X _____ TRANSFEROR'S SIGNATURE (SELLER)

X GARY C. MEISINGER
PRINTED NAME OF PERSON SIGNING

TRANSFEREE'S PRINTED NAME (BUYER)
GALLAGHER BUICK PONT GMC, INC.

STREET ADDRESS
325 COLUMBUS BLVD.

| CITY | STATE | ZIP CODE |
|------|-------|----------|
| NEW BRITAIN CT 06050-1448 | | |

RECEIPT OF COPY ACKNOWLEDGED

X _____ TRANSFEREE'S SIGNATURE — BUYER     DATE

X _____ PRINTED NAME OF PERSON SIGNING     DATE

---

## DUPLICATE-TRANSFEROR (SELLER)

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I, GALLAGHER BUICK PONT GMC, INC.

(transferor's name — PRINT)

state that the odometer (of the vehicle described below) now reads 63,274 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ (2) I hereby certify that the odometer reading is NOT the actual mileage. WARNING — ODOMETER DISCREPANCY.

| MAKE | BODY TYPE | MODEL |
|------|-----------|-------|
| JEEP | 2DR | WRANGLER |

| VEHICLE ID-NUMBER | | STOCK NUMBER |
|-------------------|---|--------------|
| 1J4FY29SXRP456105 | | 88672A |

| COLOR | TRIM | YEAR |
|-------|------|------|
| BLACK | | 1994 |

TRANSFEROR'S PRINTED NAME (SELLER)
GALLAGHER BUICK PONT GMC, INC.

TRANSFEROR'S STREET ADDRESS
325 COLUMBUS BLVD.

| CITY | STATE | ZIP CODE |
|------|-------|----------|
| NEW BRITAIN CT 06050-1448 | | |

DATE OF STATEMENT
07/09/99

X _____ TRANSFEROR'S SIGNATURE (SELLER)

X _____ PRINTED NAME OF PERSON SIGNING

TRANSFEREE'S PRINTED NAME (BUYER)
CHRISTOPHER A PHELAN

STREET ADDRESS
38 KINNE RD

| CITY | STATE | ZIP CODE |
|------|-------|----------|
| GLASTONBURY CT 06033 | | |

RECEIPT OF COPY ACKNOWLEDGED

X _____ TRANSFEREE'S SIGNATURE — BUYER     DATE

X CHRISTOPHER A PHELAN
PRINTED NAME OF PERSON SIGNING     DATE

EXHIBIT K

COPY

1

1
2
3
4
5

6    UNITED STATES DISTRICT COURT

    DISTRICT OF CONNECTICUT

6    IN RE:  JEEP WRANGLER CLASS ACTION  :   CIVIL ACTION
                                         :
7    ANGELA PHELAN, ADMINISTRATRIX OF    :
     THE ESTATE OF CHRISTOPHER PHELAN,   :
8    CLASS MEMBER, AND INDIVIDUALLY      :   302CV1219(JBA)
              V.                         :
9                                        :
     DAIMLERCHRYSLER CORPORATION         :   June 25, 2003
10
11
12
13         DEPOSITION OF JAMES T. GALLAGHER
14
15
16
17
18
19
20
21
22              BARBARA C. LETSON
            Licensed Shorthand Reporter
23             49 Long View Drive
           Simsbury, Connecticut  06070
24              (860) 658-0500
               FAX (860) 658-1199
25

6

1      A    Yes.

2      Q    Okay.  May I see that, please.

3           (Witness returning document

4           to Attorney Kerr.)

5      The first subparagraph of Schedule A makes

6  reference to the subject vehicle which refers to a 1994

7  Jeep Wrangler, VIN Number 1J4FY29SXRP456105.  Did you read

8  that paragraph?

9      A    Uh-huh.

10     Q    Is that a vehicle that was sold by Gallagher

11  Buick-Pontiac-GMC?

12     A    Yes, it was.

13     Q    Do you know what the sale date on that vehicle

14  was?

15     A    Exact date, I think it was -- do you have that

16  paper --

17          (Attorney Meade showing document

18          to witness.)

19          THE WITNESS:  Yes; it was sold on July 9,

20          1999.

21  BY MR. KERR:

22     Q    Okay.  Just to keep matters straight, we can

23  go off the record for a second

24          (Off the record.)

25          MR. MEADE:  For the record, there is a

1           MR. MEADE:  I would instruct the witness

2      that in responding to questions in this area

3      to discuss only matters which -- and

4      information -- which occurred outside the

5      presence of -- outside the context of

6      attorney-client consultation.

7           MR. KERR:  Fair enough.

8  BY MR. KERR:

9           Q    And in some subparagraph C, subject matters

10 are "the contents of any written materials provided by

11 Gallagher Buick-Pontiac-GMC, Inc., to plaintiff's

12 decedent, Christopher Phelan, containing operational,

13 instructional, safety or emergency procedures, warnings,

14 notices, or guidelines relating to the subject vehicle or

15 its component parts."

16           And you are familiar with subparagraph C; is

17 that correct?

18           A    Yes.

19           Q    Do you personally have any information on the

20 matters set forth in subparagraph C?

21           A    No.

22           Q    Now, you testified a moment ago, I believe,

23 based on review of the document that Mr. Meade put before

24 you, that Gallagher Buick-Pontiac-GMC sold the subject

25 vehicle on July 9, 1999; is that correct?

14

1    A    That's correct.

2    Q    Can you identify the Gallagher

3  Buick-Pontiac-GMC employee or former employee who was

4  mainly responsible for that sale?

5    A    Yes.

6    Q    And who would that be?

7    A    Robert Paradis.

8    Q    How is his last name spelled?

9    A    P-a-r-a-d-i-s.

10    Q    And I understand Mr. Paradis is no longer

11  employed by Gallagher Buick-Pontiac-GMC; is that

12  correct??

13    A    No, he's not.

14    Q    When did he end his employment with Gallagher

15  Buick-Pontiac-GMC?

16    A    Two weeks ago.

17    Q    And why did his employment with Gallagher

18  Buick-Pontiac-GMC come to an end?

19    A    That was my decision.  I'm the president of

20  Gallagher Buick-Pontiac-GMC.  He made a decision in the

21  dealership that he had no business making, and I

22  consequently had to let him go.

23    Q    Did you ever speak with Mr. Paradis, I mean

24  you personally, did you ever speak with Mr. Paradis

25  directly on communications that he may have had with the

1   plaintiff, Angela Phelan, or with Christopher Phelan on

2   the subject vehicle?

3        A    On the subject matter or vehicle, yes.

4        Q    Okay.  Can you state when those conversations

5   took place?

6        A    Well, Mr. Phelan purchased the car in July of

7   1999.  From my understanding talking to Mr. Paradis is

8   that he came in on a newspaper ad.  He was specifically

9   looking for a Jeep.  We had one we took in trade.

10  Consequently, he purchased the vehicle.  I know he did not

11  purchase it the first time he came in.

12       Q    Do you know when he first came in to look at

13  the vehicle?

14       A    I believe it was a day or two before the

15  actual purchase date which was the 9th of July 1999.

16       Q    So that would be perhaps July 7th or July 8,

17  1999?

18       A    Yes.

19       Q    And it was your understanding that he came in

20  response to the newspaper ad?

21       A    That's correct.

22       Q    And was that a newspaper ad that was placed by

23  Gallagher Buick-Pontiac-GMC?

24       A    Yes, it was.

25       Q    Did you review that ad before it was placed in

EXHIBIT L

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE JEEP WRANGLER CLASS ACTION | : | CIVIL NO. 3:02 CV 1219 (JBA) |
| | : | |
| ANGELA PHELAN, ADMINISTRATRIX OF | : | |
| THE ESTATE OF CHRISTOPHER PHELAN, | : | |
| CLASS MEMBER, AND INDIVIDUALLY | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| DAIMLERCHRYSLER CORPORATION | : | NOVEMBER 24, 2003 |
| | : | |
| Defendant | : | |

**PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANT'S THIRD SET OF
INTERROGATORIES DATED OCTOBER 22, 2003**

**OBJECTION RE: SCOPE OF DEFENDANT'S INTERROGAROTIES**

Plaintiffs object to Defendant's Third Set of Interrogatories dated October 22, 2003 to the

extent Defendant seeks information beyond the limited scope of determining whether Angela

Phelan's individual CUTPA claim is time-barred.

On December 20, 2002, the Court stayed all class discovery. United States Magistrate

Judge Joan Glazer Margolis' July 31, 2003 Recommend Ruling (Recommend Ruling) stated that

"any class members who purchased their vehicles before July 17, 1999 are time-barred from

pursuing [a CUTPA claim] as the statute of limitations has not been tolled." On September 26, 2003, the Court approved and adopted the Recommend Ruling, and the Court ordered class discovery to remain stayed, except for limited class discovery "to first determine whether plaintiff's CUTPA claim is time barred." Id. at 4. Therefore, Plaintiffs object to Defendant's Third Set of Interrogatories to the extent Defendant seeks information beyond that which was ordered and restricted by the Court.

## INTERROGATORIES

INTERROGATORY NO. 1 [17]: Did Christopher Phelan purchase the 1994 Jeep Wrangler on July 9, 1999?

ANSWER:   No.

INTERROGATORY NO. 2 [18]: If you deny that Christopher Phelan purchased the 1994 Jeep Wrangler on July 9, 1999, describe in detail the factual basis for your denial, and identify all documents that support your answer.

ANSWER:    Christopher Phelan completed the purchase of his Jeep Wrangler on July 19, 1999, when his lender released his borrowed funds to Gallagher Buick to pay for the Jeep Wrangler. In addition to the puchase, sale and loan documents previously produced by Plantiffs and Gallagher Buick, Plaintiffs are obtaining additional information and/or document(s) from of          , CA, to establish that Chris Phelan's loan transaction to pay for his Jeep Wrangler did not occur until July 19, 1999.

PLAINTIFFS
BY _Mull_____

Steven E. Arnold, ct07966
sea@SAlaw.us
Peter M. Van Dyke, ct24747
pvd@SAlaw.us
Stanger & Arnold, LLP
29 South Main Street
West Hartford, CT 06107
Tel. (860) 561-0650
Fax. (860) 561-0646
Their Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on November 24, 2003, postage prepaid, to all counsel and pro se parties of record as follows:

Peter M. Durney, Esq.
Marie E. Chafe, Esq.
James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Lewis H. Goldfarb, Esq.
Hogan & Hartson
875 Third Avenue
New York, NY 10022

Daniel Krisch, Esq.
Horton, Shields & Knox
90 Gillett Street
Hartford, CT 06105

M. Sheila Jeffrey, Esq.
Miller, Canfield, Paddock & Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, MI 48098

Terri S. Reiskin, Esq.
James A. Hourihan, Esq.
Hogan & Hartson
555 Thirteenth Street
Washington, DC 20004

_Mull_____
Peter M. Van Dyke