UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE JEEP WRANGLER CLASS ACTION

CIVIL NO. 3:02 CV 1219 JBA

ANGELA PHELAN, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER PHELAN, CLASS MEMBER, AND INDIVIDUALLY

    Plaintiffs

VS.

DAIMLERCHRYSLER CORPORATION

    Defendant

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING ON PENDING DISCOVERY MOTIONS**

Defendant, DaimlerChrysler Corporation, submits this brief in opposition to Plaintiffs' Motion for Reconsideration of the order granting DaimlerChrysler Corporation's Motion for Protective Order

**I.  INTRODUCTION**

Plaintiffs seek reconsideration of a court order granting DaimlerChrysler Corporation's Motion for Protective Order, claiming that they filed their opposition to the motion in a timely manner. In reconsidering the order, the court should be cognizant of the history of dilatory actions by the Plaintiffs in this case. Specifically, DaimlerChrysler Corporation's Motion for Protective Order was filed and served on December 8, 2003. Plaintiffs' response was due on December 29. On that day, Plaintiffs filed a motion to extend time within which to respond to

the motion until January 12, 2004. Over objection of DaimlerChrysler Corporation, that motion was granted. For the reasons stated below, the Motion for Reconsideration should be denied.

## II. LEGAL ARGUMENT

### 1. The Opposition Was Not Served in a Timely Manner

Plaintiffs' counsel signed a certificate of service stating that a copy of the opposition was served on all defense counsel "postage prepaid" on January 12, 2004. That certificate is demonstrably wrong, as is plaintiff's suggestion that the opposition was served in a timely manner. (Plaintiffs' Brief, p. 2).[1] DaimlerChrysler Corporation would not make an issue of this mistake by Plaintiffs were it not for the ongoing pattern of dilatory behavior, which has had a detrimental effect on DaimlerChrysler Corporation. DaimlerChrysler Corporation received the opposition to the motion eight days after it was to be served and filed. Further, the opposition was ultimately served without the last page of the brief, which contained Plaintiffs' specific request for relief. (Exhibit B) Assuming service on January 12, 2004, under Local Rule 7(d), DaimlerChrysler Corporation was required to file its reply brief by January 27. DaimlerChrysler Corporation was then in a position where it had only five business days to prepare a reply to the opposition.

---

[1] Further, they claim that one of the law firms had to pay the missing postage, for which the Plaintiffs state they "will reimburse" defense counsel. As best can be reconstructed, the opposition was returned to Stanger & Arnold so that proper postage could be added, accounting for the delay in serving papers. The oppositions were not delivered directly to defense counsel notwithstanding the improper postage, as Plaintiffs claim. Attached as Exhibit A to this brief is a copy of the envelope containing the opposition that was sent to DaimlerChrysler Corporation's discovery counsel, which indicates in two places that the envelope was "returned for postage." Notwithstanding the fact that the packages were returned for postage, Plaintiffs' counsel made absolutely no effort to get the oppositions to defense counsel in a more expeditious manner. Evidently, they simply paid the additional postage and put the packages back in first class mail.

2

DaimlerChrysler Corporation filed a Motion to Extend Time to File a Reply Brief. Given the abbreviated time within which the reply brief was due, the motion was not ruled upon by the January 27 due date. Unlike Plaintiffs, who have on numerous occasions filed Motions to Extend Time on the date papers are due[2], DaimlerChrysler Corporation filed a timely reply brief on January 27.

Plaintiffs' dilatory behavior with respect to the motion for protective order should preclude their belated attempt to obtain the depositions sought in the twenty-two deposition notices served on the eve of the discovery deadline. In assessing Plaintiffs' Motion for Reconsideration, DaimlerChrysler Corporation would ask that the court consider it in the context of the delays related to the Motion for Protective Order, as well as the myriad other delays caused by Plaintiffs' counsel in this action.

### 2.  Plaintiffs Have Not Complied with the Federal Rules and Court Orders

In filing Motions to Extend Time on the dates that responsive papers were due as outlined above, Plaintiffs have flouted the Federal and Local Rules of Civil Procedure and the Orders of this Court, and have caused undue delays in the completion of discovery. Further, Plaintiffs have undeniably violated at least one court order. By order of July 10, 2003 Plaintiffs were directed to file a Renewed Motion to Compel *supported by an expert affidavit* by November 14, 2003. They filed the motion on that date, but did not file the expert affidavit

---

[2]. Besides the Motion for Extension of Time related to the opposition to the Motion for Protective Order, Plaintiffs' counsel has filed the following Motions for Extension of Time, which motions were granted *after* the deadline for filing relevant documents: (1) Plaintiffs' Motion for Extension of Time to Complete Discovery (dated August 15, 2003, the date of the discovery deadline); Plaintiffs' Motion for Extension of Time to Reply to Defendant's Motion to Exclude Computer Simulations and Related Testimony by Plaintiffs' Expert (dated October 3, 2003, the date the reply was due); and (3) Affidavit of James Mundo dated December 21, 2003, filed more than one month after the court-ordered deadline of November 14, 2003 for the filing of a Renewed Motion to Compel.

3

until December 23, 2003[3]. It is specious for Plaintiffs to contend that they have complied with applicable rules and court orders.

### 3. DaimlerChrysler Corporation Has Acted in Good Faith

Once again, Plaintiffs are attempting to saddle DaimlerChrysler Corporation with the blame for their own dilatory discovery practices. They contend DaimlerChrysler Corporation acted in "bad faith" in filing a Motion for Protective Order related to twenty-two deposition notices, covering over 100 deposition topics, that were served in late November and early December in the face of a December 31 discovery cut-off. DaimlerChrysler Corporation acted in good faith in filing the motion, particularly since Plaintiffs were proposing to depose some twenty individuals on over 100 topics over a period of 15 out of the last 18 business days in December.

Plaintiffs refer to DaimlerChrysler Corporation's alleged "discovery abuses" and "obstruction of justice," prejudicing "Plaintiffs' due process discovery rights." They suggest that they will seek "appropriate sanctions, and/or a default judgment." The record clearly shows, however, that DaimlerChrysler Corporation acted in good faith in timely and adequately responding to the discovery served by Plaintiffs. Contrary to Plaintiffs' claim, DaimlerChrysler Corporation is not frustrated by their alleged "unrelenting" efforts to obtain discovery. Rather, DaimlerChrysler Corporation objects to Plaintiffs' unrelenting delays and obstreperous discovery practices, as well as their continued efforts to justify their own

---

[3] Plaintiffs claim that selective and misleading excerpts from a deposition of a DaimlerChrysler Corporation engineer, Peter Chapman, attached to the Renewed Motion were "expert evidence" of differences in the design of the roll bar structures of the Jeep Wrangler (YJ) and the Jeep Wrangler (TJ). Plaintiffs' Brief, p. 4. Mr. Chapman was not involved in the design or testing of the Jeep Wrangler (YJ) and, in fact, was mistaken in some of his testimony about similarities between the vehicles' roll bar structures.

4

malfeasance by making spurious claims of bad faith on the part of DaimlerChrysler Corporation.

## III. CONCLUSION

For the foregoing reasons, DaimlerChrysler Corporation respectfully submits that the Court deny the Motion for Reconsideration of the court's order granting DaimlerChrysler Corporation's Protective Order.

Respectfully submitted,
DAIMLERCHRYSLER CORPORATION

By: _/s/ James P. Kerr_
Peter M. Durney (Fed. Bar ID# CT14569)
  pdurney@cornellgollub.com
James P. Kerr (Fed. Bar ID# CT24142)
  jkerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, Massachusetts 02110
(617) 482-8100
(617) 482-3917 (facsimile)

## CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this _____ day of February, 2004, a true and correct copy of the foregoing Defendant DaimlerChrysler Corporation's Opposition to Plaintiff's Motion for Reconsideration of Magistrate Judge's Ruling on Pending Discovery Motions was served via first-class mail, postage pre-paid, directed to:

| | |
|---|---|
| Steven E. Arnold, Esq.<br>Stanger & Arnold, LLP<br>29 South Main Street, Suite 325<br>West Hartford, Connecticut 06107<br> Attorney for Plaintiff | Christopher Miller<br>c/o Robinson Correctional Facility<br>285 Shaker Road<br>P.O. Box 1600<br>Enfield, Connecticut 06082<br>       Third-Party Defendant |

5

| | |
|---|---|
| Rikki Timbo, Inc.<br>Agent for Service: Richard W. Tomc, Esq.<br>49 Main Street<br>Middletown, CT 06457<br>    Third-party defendant | Maurice Samuelian<br>Kathleen Samuelian<br>    52 Mallard Avenue<br>East Hampton, CT<br>    Third-party defendant |

Lewis H. Goldfarb, Esq.
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York  10022

Terri S. Reiskin, Esq.
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004
 Co-counsel for Defendant

_____
James P. Kerr

A.



STANGER & ARNOLD, LLP
29 SOUTH MAIN STREET
WEST HARTFORD, CT 06107

TO:

M. Sheila Jeffrey, Esq.
Miller, Canfield, Paddock & Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, MI 48098

$1.30 RETURNED FOR POSTAGE



FIRST CLASS MAIL

6.65



04.75  JAN 12 04
PB9618477
MAILED FROM ZIP CODE 06105

182
0051904
777A



# STANGER & ARNOLD, LLP

Attorneys and Counselors at Law

29 South Main Street • Suite 325 • West Hartford, Connecticut 06107
Tel: 860.561.0650 • Fax: 860.561.0646

CONFIDENTIALITY NOTICE: This facsimile, together with any and all document(s) accompanying it contain information from this law firm which is confidential or privileged. The information is intended to be used only by the individual or entity named on this cover sheet. If you are not the intended recipient, be aware that any disclosure, reproduction, distribution or use of the contents of this facsimile information is prohibited. If you have received this facsimile in error, please notify us collect, by telephone, immediately, so that we can arrange for the retrieval of the original document(s) at no cost to you.

## FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| TO: | James P. Kerr, Esq. | FROM: | Pam Blass |
| COMPANY: | | DATE: | 1/21/04 |
| FAX NO.: | 617-432-3917 | TOTAL WITH THIS PAGE: | |
| PHONE NO.: | | OUR REFERENCE NO.: | |
| RE: | Phelan v. DaimlerChrysler | YOUR REFERENCE NO.: | |

NOTES AND COMMENTS:

Page "20" of Plaintiffs' Opposition to Defendant's Motion For Protective Order Regarding Plaintiffs' Deposition Discovery (1/12/04).

VII. CONCLUSION

For the foregoing reasons and authorities Plaintiffs oppose Defendant' Motion For Protective Order, and Plaintiffs submit that instead, the Court should impose sanctions against Defendant for its continued bad faith motion and discovery practices in this case.

Respectfully submitted,
PLAINTIFFS

BY _____
Steven E. Arnold, ct07966
sea@SAlaw.us
Peter Van Dyke, ct24747
pvd@SAlaw.us
James H. Halpin, Jr., ct25357
jhh@SAlaw.us
Stanger & Arnold, LLP
29 South Main Street
West Hartford, CT 06107
Tel. (860) 561-0650
Fax. (860) 561-0646
Their Attorneys

20