UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE JEEP WRANGLER CLASS ACTION : CIVIL NO. 3:02 CV 1219 (JBA)
:
ANGELA PHELAN, ADMINISTRATRIX OF :
THE ESTATE OF CHRISTOPHER PHELAN, :
CLASS MEMBER, AND INDIVIDUALLY :
:
        Plaintiffs :
:
VS. :
:
DAIMLERCHRYSLER CORPORATION : MARCH 1, 2004
:
        Defendant :

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Local Rule 7(a), Plaintiffs submit their Memorandum Of Law in Support of Motion To Strike Defendant's Affirmative Defenses.

I.    **NATURE OF CASE**

The Plaintiff estate of Christopher Phelan brings this product liability action for his wrongful death caused by a defective and unreasonably dangerous roll cage system in Defendant's Jeep Wrangler sport utility vehicle, and this Connecticut Unfair Trade Practices

1

(CUTPA) action for Christopher Phelan's and the putative class of Connecticut Jeep Wrangler owners' and lessees' economic loss of bargain damages as a result thereof. Defendant filed its Amended Answer that contained thirty (30) affirmative defenses. **Exh. 1.** Plaintiffs move to strike Defendant's first, twelfth, thirteenth, twenty-first, twenty-second, twenty-third, twenty-sixth, twenty-seventh, twenty-eighth, and twenty-ninth affirmative defenses to Plaintiffs' Amended Complaint.

## II.    STANDARD OF REVIEW

"Under Fed.R.Civ.P. 12(f), upon motion or a court's own initiative, 'the court may order stricken from any pleading any insufficient defense ....'." Gilbert and Bennett Mfg. Co. v. Long Truck Lines, Inc., 574 F.Supp. 176, 177 (D. Conn. 1983)(internal citation omitted). "[A] motion to strike should be granted where the legal insufficiency of the defense is clearly apparent." Id.; May Dept. Stores v. First Hartford Corp., 435 F.Supp. 849, 855 (D. Conn. 1977).

## III.    ARGUMENT

### A.    Defendant's First Affirmative Defense Must Be Stricken Because Plaintiffs Have Plead Claims Upon Which Relief Can Be Granted

Defendant's first affirmative defense must be stricken because the Plaintiff estate has adequately alleged a product liability claim for Christopher Phelan's wrongful death, and CUTPA claims on behalf of the estate and putative class. It is clear from the record in this case that the

2

Plaintiff estate's product liability claim is legally sufficient as plead. In addition, the Court sustained the legal sufficiency of Plaintiffs' CUTPA claims in denying Defendant's Partial Motion To Dismiss. (Dkt. #70, II.A.)(Dkt. #81). Accordingly, Defendant's first affirmative defense must be stricken. Middletown Plaza Assoc. v. Dora Dale of Middletown, Inc., 621 F.Supp. 1163, 1164 (D.Conn. 1985).

### B. Defendant's Twelfth and Thirteenth Affirmative Defenses Must Be Stricken Because Plaintiffs' CUTPA Claims Are Legally Sufficient

Defendant's twelfth and thirteenth affirmative defenses must be stricken because the Court has determined as a matter of law that the Plaintiff estate's and putative class' economic loss of bargain damage claims are legally cognizable injuries-in-fact. (Dkt. #70, II.A.)(Dkt. #81). Therefore, Defendant's twelfth and thirteenth affirmative defenses must be stricken.

### C. Defendant's Twenty-First, Twenty-Second, and Twenty-Third Affirmative Defenses Must Be Stricken Because The Doctrine Of Intervening/Superseding Cause Has Been Abolished

Defendant's twenty-first, twenty-second, and twenty-third affirmative defenses must be stricken because the Connecticut Supreme Court has abolished the intervening/superseding cause defense. Barry v. Quality Steel Products, Inc., 263 Conn. 424, 436 (2003).

> [W]e conclude that the doctrine of superseding cause no longer serves a useful purpose in our jurisprudence when a defendant claims that a subsequent negligent act by a third party cuts off its own liability for the plaintiff's injuries. We conclude that under those circumstances, superseding cause instructions serve to

3

STANGER & ARNOLD, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

> complicate what is fundamentally a proximate cause analysis. Specifically, we conclude that, because our statutes allow for apportionment among negligent defendants; see General Statutes § 52-572h; and because Connecticut is a comparative negligence jurisdiction; General Statutes § 52-572o; the simpler and less confusing approach to cases, such as the present one, where the jury must determine which, among many, causes contributed to the plaintiffs' injury, is to couch the analysis in proximate cause rather than allowing the defendants to raise a defense of superseding cause." Id. at 436-39; see also Chapman Lumber, Inc. v. Tager, 35 Conn. L. Rptr. 402, *5 (Conn.Super. 2003)(striking special defense of intervening/superseding cause).

Accordingly, Defendant's twenty-first, twenty-second, and twenty-third affirmative defenses must be stricken.

### D. Defendant's Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, and Twenty-Ninth Affirmative Defenses Must Be Stricken Because CGS §§ 42-110g and 52-240b Allow Punitive Damages With Adequate Procedural Safeguards

Defendant's twenty-sixth, twenty-seventh, twenty-eighth, and twenty-ninth affirmative defenses must be stricken because CGS §§ 42-110g[1] and 52-240b[2] expressly provide for the

---

[1] **CGS 42-110g Action for damages. Class actions. Costs and fees. Equitable relief. Jury trial.** "(a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. **The court may, in its discretion, award punitive damages** and may provide such equitable relief as it deems necessary or proper." (emphasis added).

[2] **CGS 52-240b Punitive damages in product liability actions.** "**Punitive damages may be awarded** if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product. If the trier of fact determines that punitive

4

recovery of punitive damages in both product liability and CUTPA actions. Moreover, these Connecticut statutes provide adequate procedural and Constitutional safeguards with to respect to the award of punitive damages. Therefore, Defendant's twenty-sixth, twenty-seventh, twenty-eighth, and twenty-ninth affirmative defenses must be stricken.

WHEREFORE, for the reasons and authorities set forth above, Plaintiffs' Motion To Strike Defendant's first, twelfth, thirteenth, twenty-first, twenty-second, twenty-third, twenty-sixth, twenty-seventh, twenty-eighth, and twenty-ninth affirmative defenses to Plaintiffs' Amended Complaint must be granted.

Respectfully submitted,
PLAINTIFFS

BY _____
Steven E. Arnold, ct07966
sea@SAlaw.us
Peter Van Dyke, ct24747
pvd@SAlaw.us
Stanger & Arnold, LLP
29 South Main Street
West Hartford, CT 06107
Tel. (860) 561-0650
Fax. (860) 561-0646
Their Attorneys

---

damages should be awarded, the court shall determine the amount of such damages not to exceed an amount equal to twice the damages awarded to the plaintiff." (emphasis added).

5

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on March 1, 2004, postage prepaid, to all counsel and pro se parties of record as follows:

Peter M. Durney, Esq.
Marie E. Chafe, Esq.
James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Daniel Krisch, Esq.
Horton, Shields & Knox, P.C.
90 Gillett Street
Hartford, CT 06105

Lewis H. Goldfarb, Esq.
Hogan & Hartson
875 Third Avenue
New York, NY 10022

Courtesy copy to:

The Honorable Janet Bond Arterton
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

Terri S. Reiskin, Esq.
James A. Hourihan, Esq.
Hogan & Hartson
555 Thirteenth Street
Washington, DC 20004

M. Sheila Jeffrey, Esq.
Miller, Canfield, Paddock & Stone, P.L.C.
Seventh Floor
101 North Main
Ann Arbor, MI 48104

The Honorable Joan Glazer Margolis
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

Peter M. Van Dyke

**STANGER & ARNOLD, LLP**
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Jeep Wrangler Class Action ) | |
| ) | |
| Angela Phelan, Administratrix of ) | |
| the Estate of Christopher Phelan, ) | |
| Class Member, and Individually ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 302CV1219 JBA |
| ) | |
| DaimlerChrysler Corporation ) | |
| ) | |
| Defendant ) | February 5, 2004 |

### DEFENDANT DAIMLERCHRYSLER CORPORATION'S AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant DaimlerChrysler Corporation ("DCC"), by counsel, hereby files its Amended Answer to Plaintiff's Amended Complaint.1/ This Answer supersedes the answer that was filed on February 4, 2004, which was a draft that was filed in error.

### PRELIMINARY STATEMENT

On August 5, 1987, American Motors Corporation became a wholly-owned subsidiary of Chrysler Corporation. Jeep Corporation remained a wholly-owned subsidiary of American Motors Corporation. Effective June 30, 1988, Jeep Corporation merged into American Motors Corporation and the name of American Motors Corporation was changed to Jeep Eagle Corporation. Effective December 31, 1989, Jeep Eagle Corporation and Chrysler Motors Corporation merged into Chrysler Corporation. Effective November 17, 1998 the name of Chrysler Corporation was changed to DaimlerChrysler Corporation.

---

1/   The most recent complaint is actually plaintiff's Second Amended Complaint, but plaintiff titles it "Amended Complaint," which is how it will be referred to herein.

## PARTIES

1. Upon information and belief, DCC admits the allegations in paragraph 1.

2. In response to the allegations in paragraph 2, DCC admits that it is a Delaware corporation with its principal place of business located in Auburn Hills, Michigan. Except as stated herein, the allegations in paragraph 2 are denied as phrased.

## JURISDICTION AND VENUE

3. DCC does not contest plaintiff's allegations of jurisdiction at this time, subject to contrary evidence that may be revealed in discovery. Except as stated herein, the allegations in paragraph 3 are denied as phrased

4. DCC does not contest plaintiff's allegations with respect to venue, subject to contrary evidence that may be revealed in discovery. Except as stated herein, the allegations in paragraph 4 are denied as phrased.

## CLAIMS

5. In response to the allegations in paragraph 5, DCC admits that it is engaged in the business of designing and assembling motor vehicles, including 1994 model year Jeep Wrangler vehicles, and that these vehicles are sold to independent, authorized dealers in the United States who in turn offer them for sale to consumers. DCC denies that it designs and manufactures each and every one of the thousands of components in its vehicles. DCC further denies that it sells or leases vehicles directly to consumers. Except as stated herein, DCC denies the allegations in paragraph 5.

6. DCC denies the allegations in paragraph 6.

7. DCC denies the allegations in paragraph 7.

\\\\DC - 85646/0043 - 1871885 v1                    2

8. DCC denies the allegations in paragraph 8.

9. DCC denies the allegations in paragraph 9.

10. DCC denies the allegations in paragraph 10.

## CLASS ACTION

11. DCC denies the allegations in paragraph 11.

12. DCC denies the allegations in paragraph 12.

13. DCC denies the allegations in paragraph 13.

14. DCC denies the allegations in paragraph 14.

15. DCC denies the allegations in paragraph 15.

16. DCC denies the allegations in paragraph 16.

17. DCC denies the allegations in paragraph 17.

## FIRST COUNT

18. DCC denies the allegations in paragraph 18, including subparts (a) through (i).

19. In response to the allegations in paragraph 19, DCC states that the public interest of the State of Connecticut, as determined by its legislature and Governor, is expressed in the laws of this State. DCC otherwise denies the allegations in paragraph 19.

20. DCC denies the allegations in paragraph 20.

21. DCC denies the allegations in paragraph 21.

22. DCC denies the allegations in paragraph 22.

23. DCC denies the allegations in paragraph 23.

## SECOND COUNT

24.  The allegations in paragraphs 24 through 35 have been dismissed and, therefore, no response is required.

## THIRD COUNT

25.  The allegations in paragraph 36 state a legal conclusion to which no response is required. However, if a response is deemed to be required, DCC denies the allegations in paragraph 36.

26.  DCC denies the allegations in paragraph 37.

27.  DCC denies the allegations in paragraph 38.

28.  DCC denies the allegations in paragraph 39, including subparts (a) through (c).

29.  In response to the unnumbered <u>ad damnum</u> paragraph, which includes subparts 1 through 8(d), immediately following paragraph 39, DCC denies any liability whatsoever to plaintiff or members of the putative class. DCC specifically denies that any injuries or damages allegedly suffered by plaintiff or members of the putative class was caused by any action or inaction on the part of DCC or that plaintiff or any member of the putative class is entitled to any recovery from DCC.

30.  All allegations of Plaintiff's Amended Complaint not already specifically admitted, denied, or otherwise responded to are hereby denied.

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint is barred for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims of plaintiff and members of the putative class may be barred by the doctrines of unclean hands, laches, estoppel, and waiver, and/or any recovery would result in plaintiff and the members of the putative class being unjustly enriched.

## THIRD AFFIRMATIVE DEFENSE

The claims of plaintiff and members of the putative class may be barred under the doctrine of res judicata.

## FOURTH AFFIRMATIVE DEFENSE

The claims of plaintiff and members of the putative class are barred, in whole or in part, to the extent that, in this or other courts, they have brought actions and have received judgments or settlements on some or all claims asserted.

## FIFTH AFFIRMATIVE DEFENSE

The claims of plaintiff and members of the putative class may be barred by the doctrines of accord and satisfaction, payment, release, and/or discharge.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff and members of the putative class who misused and/or abused the vehicles that they claim are defective are barred, in whole or in part, from recovery.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Christopher A. Phelan's misuse of the vehicle in a manner not intended or reasonably foreseeable to the seller.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of plaintiff and members of the putative class may be barred, in whole or in part, because the products that are the subject of the Amended Complaint have been

altered and/or modified after leaving DCC's control. In particular, plaintiff's claims are barred by the alteration and/or modification of Christopher Phelan's vehicle by a third party, which alteration was not in accordance with the specifications of DCC, was made without DCC's consent, and could not be reasonably anticipated by DCC.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff may not maintain this action as described in the Amended Complaint as a class action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff and members of the putative class did not exercise reasonable care to discover any information allegedly concealed or withheld from them.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and members of the putative class have failed to mitigate their damages.

### TWELFTH AFFIRMATIVE DEFENSE

The claims of plaintiff and members of the putative class under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq., are barred for lack of a legally cognizable injury.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring any claim under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq., because she has not sustained any injury-in-fact.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of plaintiff are time-barred. The claims of members of the putative class may be time-barred, in whole or in part, under applicable statutes of limitation and/or repose.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of plaintiff and members of the putative class may be barred, in whole or in part, by the preemptive effect of federal law.

## SIXTEENTH AFFIRMATIVE DEFENSE

DCC complied with and exceeded all applicable federal, state, and local statues and regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to give timely or sufficient notice of any alleged breach of warranty, as a result of which DCC sustained actual prejudice. Wherefore, plaintiff may not recover.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's decedent, Christopher A. Phelan, knowingly and unreasonably assumed the risk of any alleged defect in the subject vehicle.

## NINETEENTH AFFIRMATIVE DEFENSE

Other persons and parties are comparatively responsible for the plaintiff's alleged injuries under Conn. Gen. Stat. § 52-572o.

## TWENTIETH AFFIRMATIVE DEFENSE

If plaintiff or any member of the putative class is entitled to an award of damages from DCC, DCC is entitled to a setoff of any amounts received by plaintiff or any member of the putative class from others in satisfaction of their claims for alleged injuries.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Third-party defendant Christopher Miller, who was operating a Ford Taurus westbound on Route 2 in Glastonbury, Connecticut behind Christopher Phelan's vehicle immediately before the accident, was intoxicated at the time of the accident. Christopher Miller's reckless operation of the Ford Taurus as a result of his intoxication was an intervening cause of the accident and plaintiff's injuries.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Shortly before the accident on January 18, 2000, third-party defendant Christopher Miller was present in Spanky's Café, a bar in Marlborough, Connecticut owned by TZS, LLC and Zachary Spangler, and was there sold alcoholic beverages while he was intoxicated by TZS, LLC and Zachary Spangler directly or through their agents, servants and/or employees. The negligent service of alcoholic beverages to Christopher Miller by TZS, LLC and Zachary Spangler was an intervening cause of the accident.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Shortly prior to the accident on January 18, 2000, third-party defendant Christopher Miller was present as a customer and patron in Jake's Café, a bar in East Hampton, Connecticut owned by third-party defendants Rikki Timbo, Inc., Maurice Samuelian and Kathleen Samuelian, and was there sold alcoholic beverages while he was intoxicated by third-party defendants Rikki Timbo, Inc., Maurice Samuelian and Kathleen Samuelian directly or

through their agents, servants and/or employees. The negligent service of alcoholic beverages to Christopher Miller by third-party defendants Rikki Timbo, Inc., Maurice Samuelian and Kathleen Samuelian was an intervening cause of the accident.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or others over whom DCC had no control may have failed to preserve the subject vehicle in its immediate post-accident condition, causing a spoliation of evidence that has irreparably prejudiced DCC in its defense of this case.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any DCC product involved in plaintiff's accident complied with the "state of the art" under Connecticut law at the time of the accident.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages has no basis in Connecticut law and thus fails to state a claim for which relief can be granted.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based upon evidence of DCC's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of DCC would violate the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the Untied State Constitution.

### THIRTIETH AFFIRMATIVE DEFENSE

DCC hereby gives notice that it intends to rely upon any additional affirmative defenses that become available or apparent and, thus, reserves the right to amend its Answer to assert such additional defenses.

### JURY DEMAND

DCC demands a trial by jury on all counts so triable.

Respectfully submitted,

DAIMLERCHRYSLER CORPORATION

By: *[signature]*

Daniel J. Krisch (Fed. Bar ID# CT21994)
dkrisch@hsklawfirm.com
HORTON, SHIELDS & KNOX, P.C.
90 Gillett Street
Hartford, Connecticut 06105
(860) 522-8338
(860) 728-0401 (facsimile)

Terri S. Reiskin (Fed. Bar ID# CT24015)
tsreiskin@hhlaw.com
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
(202) 637-5910 (facsimile)

Lewis H. Goldfarb (Fed Bar ID# CT24014)
lhgoldfarb@hhlaw.com
HOGAN & HARTSON L.L.P.

875 Third Avenue
New York, New York 10022
(212) 918-3000
(212) 918-3100 (facsimile)

Marie E. Chafe (Fed. Bar ID# CT20114)
   mchafe@cornellgollub.com
Peter M. Durney (Fed. Bar ID# CT14569)
   pdurney@cornellgollub.com
James P. Kerr (Fed. Bar ID# CT24142)
   jkerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, Massachusetts 02110
(617) 482-8100
(617) 482-3917 (facsimile)

Attorneys for Defendant
DaimlerChrysler Corporation

## CERTIFICATE OF SERVICE

    I, Daniel J. Krisch, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 5th day of February, 2004, a true copy of the foregoing answer was served via first class mail, directed to:

Steven E. Arnold, Esq.
Peter Van Dyke, Esq.
James Halpin, Esq.
Stanger & Arnold, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut 06107

Attorney for Plaintiff

and:

Terri S. Reiskin, Esq.
James A. Hourihan, Esq.
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

Peter M. Durney, Esq.
James P. Kerr, Esq.
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110

Lewis H. Goldfarb, Esq.
Hogan & Hartson, LLP
875 Third Avenue
New York, New York 10022

M. Sheila Jeffrey, Esq.
Miller, Canfield, Paddock & Stone, P.L.C.
Seventh Floor
101 North Main
Ann Arbor, MI 48104

Co-counsel for Defendant

Christopher Miller
c/o Robinson Correctional Facility
285 Shaker Road
P.O. Box 1600
Enfield, CT 06082

Third-Party Defendant

_____
Daniel J. Krisch

\\\\DC - 85646/0043 - 1871885 v1