UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratrix of | ) | |
| the Estate of Christopher Phelan, | ) | |
| Class Member, and Individually | ) | |
| | ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DaimlerChrysler Corporation | ) | March 18, 2004 |
| | ) | |
| Defendant. | ) | |

**DAIMLERCHRYSLER CORPORATION'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
ON COUNT I OF PLAINTIFFS' AMENDED COMPLAINT**

**I.    INTRODUCTION**

In its Brief in support of its Motion for Summary Judgment, DaimlerChrysler Corporation ("DCC") demonstrated that it is entitled to summary judgment on Count I of Plaintiff's Amended Complaint because the statute of limitations bars Plaintiff's claim under the Connecticut Unfair Trade Practices Act ("CUTPA"). Specifically, Plaintiff's CUTPA claim is barred because Plaintiff did not file her claim within three years of Christopher Phelan's purchase of the 1994 Jeep Wrangler. Moreover, the alleged CUTPA violations occurred, if at all, on or before July 9, 1999, when Christopher Phelan purchased the Jeep Wrangler.

Plaintiff refutes none of these points in her Opposition. Instead, Plaintiff attempts to argue that her CUTPA claim is not barred by the statute of limitations because Christopher Phelan purchased the Jeep Wrangler with a "letter of credit," in the form of a check to the selling

dealership. But tender of payment, regardless of its form, completes a purchase of goods under the Connecticut Uniform Commercial Code. And it is undisputed that Christopher Phelan tendered payment for the Jeep Wrangler on July 9, 1999.

Plaintiff also asserts that the CUTPA statue of limitations should be tolled in this case. But the Court has already specifically rejected these arguments, and its rejection of them is the law of the case. Plaintiffs should not be permitted to revisit those holdings here.

In short, the statute of limitations for Plaintiff's CUTPA claim began to run on July 9, 1999. Moreover, Plaintiff's tolling arguments have already been rejected by the Court. Count I of Plaintiffs' Amended Complaint must be dismissed.

## II.  ARGUMENT

### A.  Plaintiff's Letter of Credit Arguments Are Meritless

Plaintiff asserts the $10,000.00 NationsBank check that Christopher Phelan endorsed to Gallagher Buick ("Gallagher") (*see* Exhibit D to DCC's Memorandum of Law in Support) for the purchase of the Jeep Wrangler was not a check, but a "letter of credit" issued by NationsBank to Gallagher. Plaintiff's Opposition at 5-6. Plaintiff then asserts that Christopher Phelan's purchase of the Jeep Wrangler was not complete until NationsBank "honored" the "letter of credit" and transferred funds to Gallagher. *Id.* at 7-8.

But whether a "check" or a "letter of credit" was used to purchase the Jeep Wrangler is beside the point. Under Connecticut's version of the Uniform Commercial Code ("UCC"), Article 2, *tender of payment* triggers the seller's duty to deliver the purchased goods and complete the transaction. See C.G.S. § 42a-2-511(1) ("Unless otherwise agreed tender of payment is a condition to the seller's duty to tender and complete any delivery"). The statute further provides, "[t]ender of payment is sufficient when made *by any means or in any manner*

current in the ordinary course of business . . . ." G.G.S. § 42a-2-511(2) (emphasis added). And it is undisputed that payment was tendered per the ordinary course of business here.

It remains undisputed that, on July 9, 1999, Christopher Phelan signed a Retail Purchase Order for the Jeep Wrangler, tendered full payment to Gallagher, received a receipt from Gallagher for full payment of the Jeep Wrangler, and took delivery of the Jeep Wrangler. *See* DCC's Memorandum of Law in Support at 4-6. Courts analyzing the UCC's tender-of-payment provision have held that it "acknowledges common commercial practice and the business reality that sales transactions are considered consummated when tender of payment" is followed by a delivery of goods. *O'Donnell v. American Employers Ins. Co.*, 622 N.E.2d 570, 577 (Ind. App. Ct. 1993). That is precisely what occurred here.

As a matter of both law and common sense, Christopher Phelan purchased his Jeep Wrangler on July 9, 1999. Since Plaintiff failed to file her CUTPA claim before July 9, 2002, that claim is barred by the statute of limitations. Count I of the Amended Complaint should be dismissed.

**B.    The Court Has Already Ruled That The CUTPA Statute Of Limitations Is Not Tolled**

Plaintiff's Opposition is largely comprised of the argument that DCC's alleged fraudulent concealment tolled the CUTPA statute of limitations. But Plaintiff ignores the fact that this Court has already rejected Plaintiff's tolling arguments. The Court's Order rejecting those arguments is now the law of the case.

Under the law of the case doctrine, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *U.S. v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). The doctrine "expresses the practice of the courts generally to refuse to reopen what has been decided." *Devilla v. Schriver*, 245 F.3d 192, 197 (2d

Cir. 2001) (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)). As the Second Circuit has stated, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003).

In the Order on Motion for Partial Dismissal of Plaintiff's Amended Complaint [Doc #37] and Scheduling Order filed September 26, 2003, this Court held, "[t]he Magistrate Judge correctly rejected plaintiff's tolling arguments with respect to CUTPA's statute of limitations …." Order on Motion for Partial Dismissal at 1. But the Court went further, stating "Phelan's attempt to avoid the application of *Fichera* by arguing that DCC's continued use of the same fraudulent scheme that had lured a particular purchaser to ensnare other consumers in previous, the same, and subsequent years is unavailing." *Id.* at 2. "Wrongful conduct which simply induced overpayment for a Jeep Wrangler does not create an ongoing relationship such that a lawsuit against the deceiver to remedy its deceptive conduct is premature and justifies permitting suit beyond the three year period prescribed in Conn. Gen. Stat. § 42-110g(f)." *Id.* at 3.

The Court also rejected Plaintiff's fraudulent concealment argument:

> As a basis for tolling under the doctrine of fraudulent concealment, Phelan merely reasserts the allegedly long-running fraudulent scheme DCC has allegedly perpetrated on unaware consumers. The fundamental problem with this argument is that it alleges the same conduct as both CUTPA violations and the fraudulent concealment of those CUTPA violations. Because each CUTPA violation on its own arguably constitutes self-concealing fraud, the application of fraudulent concealment tolling doctrine to DCC's marketing of each Jeep Wrangler would defeat the legislature's clear intent that 'perpetrators of [deceptive acts or practices], as well as other CUTPA violators, should be permitted to avail themselves of the statute of limitations defense provided by § 42-110g(f).'

*Id.* at 3-4 (citations omitted).

Plaintiff fully briefed her tolling arguments, both in her opposition to DCC's Motion for Partial Dismissal of Plaintiff's Amended Complaint and in her "Limited Objections" filed in response to the Magistrate Judge's Recommended Ruling. This Court rejected those arguments and held that the CUTPA statute of limitations was not tolled. That holding is the law of the case, and Plaintiff should not be permitted to revisit it here.

### III. CONCLUSION

Count I of Plaintiff's Amended Complaint must be dismissed.

Respectfully submitted,

_____
Peter M. Durney (Fed. Bar ID# CT14569)
  pdurney@cornellgollub.com
James P. Kerr (Fed. Bar ID# CT24142)
  jkerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100
(617) 482-3917 Fax

Attorneys for DaimlerChrysler Corporation

## CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 18th day of March, 2004, a true copy of the foregoing Defendant DaimlerChrysler Corporation's Reply Brief in Support of Its Motion for Summary Judgment on Count I of Plaintiffs' Amended Complaint, was served via first class mail, directed to:

Steven E. Arnold, Esq.
Peter Van Dyke, Esq.
James Halpin, Esq.
Stanger & Arnold, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut  06107

Attorney for Plaintiff

and:

M. Sheila Jeffrey, Esq.
Miller, Canfield, Paddock & Stone, P.L.C.
Seventh Floor
101 North Main
Ann Arbor, MI 48104

Co-counsel for Defendant

Christopher Miller
c/o Robinson Correctional Facility
285 Shaker Road
P.O. Box 1600
Enfield, CT 06082

Maurice Samuelian
Kathleen Samuelian
52 Mallard Avenue
East Hampton, CT 06424

Third-Party Defendants

_____
James P. Kerr