UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE JEEP WRANGLER CLASS ACTION | : | CIVIL NO. 3:02 CV 1219 (JBA) |
| | : | |
| ANGELA PHELAN, ADMINISTRATRIX OF | : | |
| THE ESTATE OF CHRISTOPHER PHELAN, | : | |
| CLASS MEMBER, AND INDIVIDUALLY | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| DAIMLERCHRYSLER CORPORATION | : | MARCH 29, 2004 |
| | : | |
| Defendant | : | |



## PLAINTIFFS' OBJECTION TO
## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION
## RE: PENDING DISCOVERY MOTIONS

Plaintiffs respectfully object to the March 12, 2004 Ruling On Plaintiff's Motion For

Reconsideration (Dkt. #130)["March 2004 Ruling"] for the reasons that it would unduly restrict

the scope of Plaintiffs' permissible discovery, and it could result in duplicate depositions of

Defendant's personnel about relevant subject matters involving the design, development and

evolution of the Jeep CJ model upper body and roll cage systems into the Jeep Wrangler model

that Chris Phelan purchased, that evolved into Defendant's current production model Jeep

Wrangler. The March 2004 Ruling would permit Plaintiffs' discovery only about Defendant's

1

STANGER & ARNOLD, LLP
29 South Main Street ♦ Suite 325 ♦ West Hartford, CT 06107 ♦ 860.561.0650 ♦ Facsimile: 860.561.0646
Juris No. 419042

latest Jeep Wrangler model, would require Plaintiffs to supplement discovery responses of other similar Jeep Wrangler rollover occurrences, but without requiring Defendant to disclose relevant Jeep Wrangler accident investigations or claims files, and would unduly restrict the scope of Plaintiffs' permissible discovery.

## I.    **PROCEDURAL AND DISCOVERY HISTORY**

Chris Phelan's estate brings this Connecticut Unfair Trade Practices Act (CUTPA) action to recover economic and punitive damages from Defendant, on behalf of the estate and the putative class of Connecticut Jeep Wrangler sport utility vehicle (SUV) owners and lessees. (Dkt. #18). Class discovery remains stayed pending the Court's ruling on Defendant's Motion for Summary Judgment (Dkt. ##81 & 117). Chris Phelan's estate also brings this product liability action to recover compensatory and punitive damages for Chris Phelan's wrongful death, alleging that his death was caused by latent Jeep Wrangler design defects in the upper body and roll cage systems that failed to provide adequate rollover protection that would have saved Chris Phelan's life. (Dkt. #18). The trial ready date of this case, originally scheduled for March 2004, has, upon motion by Defendant, been extended to September 2004 (Dkt. ##106 & 112).

In December 2002 and June 2003[1] Plaintiffs served Defendant with written discovery seeking Defendant's information and testimony about, *inter alia*: (1) the design and development

---

[1] Plaintiffs' June 2003 discovery requests are attached as **Exhibit 1**.

2

STANGER & ARNOLD, LLP
29 South Main Street ♦ Suite 325 ♦ West Hartford, CT 06107 ♦ 860.561.0650 ♦ Facsimile: 860.561.0646
Juris No. 419042

of (a) the original 1955 Jeep CJ ("Civilian Jeep" so-called) upper body and roll cage systems and design evolution into the CJ-5 and CJ-7[2], (b) the CJ-7 evolution in 1986 into the Jeep Wrangler (YJ) ("Yuppie Jeep" so-called) that Chris Phelan purchased, and (c) the YJ evolution in 1997 into the latest Jeep Wrangler (TJ)("Trail Rated Jeep" so-called) model; (2) Defendant's FMVSS 216 automotive roof crush resistance related testing activities; (3) Defendant's Jeep Wrangler rollover related accident/incident investigations and claims files; and (4) all Jeep Wrangler advertising, marketing and sales practices.  In December 2003, after independently obtaining some of this discovery from third parties, Plaintiffs served additional written discovery to further clarify their prior discovery requests, and to seek information and testimony on Defendant's document retention policies and practices regarding information relevant to the issues in this case, and Defendant's knowledge of Mercedes-Benz vehicle and SUV rollover safety standards, testing, and experience up until the date of Chris Phelan's fatal Jeep Wrangler rollover accident.

Defendant limited its initial discovery compliance to Chris Phelan's 1994 Jeep Wrangler (YJ) model year, and Defendant produced 1994 Jeep Wrangler information after a stipulated protective order was filed and approved. (Dkt. ## 52 & 56).  Plaintiffs filed a Motion to Compel (Dkt. #58) Defendant's discovery compliance, and Defendant agreed to produce information

---

[2] Defendant agreed to comply with Plaintiffs' written Jeep CJ, CJ-5, and CJ-7 discovery prior to the March 2004 Ruling, and thereafter Defendant again agreed to do so, subject to relevancy objections.

3

about all Jeep Wrangler (YJ) model years.  In May 2003 depositions noticed by Plaintiffs[3] were postponed by agreement until after Plaintiffs' Motion to Compel was decided, and Plaintiffs received Defendant's voluntary and any court-ordered supplemental discovery responses to Plaintiffs' written discovery.  Plaintiffs' Motion to Compel was denied as to Defendant's latest Jeep Wrangler (TJ) model, without prejudice to renew (Dkt. #66)[4].  Plaintiffs' Renewed Motion to Compel (Dkt. #90) established that the Jeep Wrangler (YJ) and (TJ) upper body and roll cage system designs are sufficiently similar for discovery purposes to permit Plaintiffs' discovery about the latest Jeep Wrangler (TJ)(Dkt. #110).  In November 2003 and December 2003 Plaintiffs re-noticed Defendant's depositions by designation, and Plaintiffs also noticed the depositions of present and former Defendant employees by name and by position, identifying 110 potential subject matters to be inquired of Defendant.  In December 2003 Plaintiffs served additional written discovery on Defendant to make more specific what Plaintiffs' comprehensive December 2002 written discovery had and still seeks to obtain from Defendant.[5]

Defendant filed a Motion for Protective Order (Dkt.#97) to limit Plaintiffs' depositions to Defendant's Rule 30(b)(6) designees, and to prevent Plaintiffs' deposition discovery about the

---

[3] Plaintiffs' May 2003 deposition notices are attached as **Exhibit 2**.

[4] Because Defendant "agreed to supplement its answers for the 1987 through 1995 [Jeep Wrangler] model years," the Court limited its Ruling to Plaintiffs' discovery of Defendant's Jeep Wrangler (TJ) model. (Dkt #66 at 3).

[5] Plaintiffs' December 2003 discovery requests are included as **Exhibit 3**.

4

discovery subject matters now before the Court.  Defendant also filed a Motion to Preclude

Evidence of Other Occurrences (Dkt.#101) to preclude Plaintiffs from supplementing their

discovery responses with evidence Plaintiffs may discover from Defendant or independently

before trial of additional relevant Jeep Wrangler rollover related occurrences.  On January 12,

2004 Plaintiffs filed Plaintiffs' Opposition to Defendant's Motion for Protective Order (Dkt.#

127), and Plaintiffs' Opposition to Defendant's Motion to Preclude Evidence of Other

Occurrences (Dkt.#126).  The January 26, 2004 Ruling On Pending Discovery Motions ["January

2004 Ruling"] granted Defendant's Motion for Protective Order and Defendant's Motion to

Preclude Evidence of Other Occurrences "absent objection".  (Dkt. #110 at 4).  "For whatever

reason, the original of the two briefs were never filed with the Clerk's Office, and the Magistrate

Judge never received a courtesy copy of either brief prior to the January 2004 Ruling."  March

2004 Ruling at 5.[6]  On February 9, 2004, Plaintiffs filed Plaintiffs' Motion For Reconsideration

of the January 2004 Ruling (Dkt. #115).

Plaintiffs' Motion for Reconsideration was "granted in part such that: (a) defendant's

Motion for Protective Order (Dkt. #97) is denied with respect to testimony regarding the Jeep

---

[6] On January 12, 2004, after 4:00 p.m., Plaintiffs hand-delivered their opposition papers to the Courthouse.  Plaintiffs then court-file-stamped Plaintiffs' original opposition papers and deposited them in the lobby where directed, for the Clerk to enter in the record the next business day.  On January 15, 2004 Plaintiffs filed an Errata Sheet, with exhibits, to Plaintiffs' opposition papers to Defendant's Motion for Protective Order (Dkt.# 107), and on January 22, 2004 Defendant filed a reply brief (Dkt. #108).  At the direction of the Magistrate Judge, on March 11, 2004, the Clerk entered in the record that Plaintiffs' opposition papers were filed on January 12, 2004.

5

STANGER & ARNOLD, LLP
29 South Main Street ♦ Suite 325 ♦ West Hartford, CT 06107 ♦ 860.561.0650 ♦ Facsimile: 860.561.0646
Juris No. 419042

Wrangler (TJ) through model year 1999 and is granted in all other respects; March 2004 Ruling at 12; "[a]ny and all depositions on this limited issue shall be completed **on or before April 16, 2004**"; Id. at 10; and "defendant's Motion to Preclude (Dkt.# 101) is granted, unless plaintiff files, **on or before April 2, 2004**, a Second Supplemental Response fully compliant with the October 2003 Ruling." Id. at 12 (emphasis in original).

## II.     STANDARD OF REVIEW

The March 2004 Ruling is a ruling on discovery, not a recommended ruling. As such, it is an order of the Court, unless reversed or modified by the District Judge upon objection by a party. 28 U.S.C. § 636(b); Fed.R.Civ.P. 6(e) & 72; D. Conn. L.Mag.R. 2. "Matters concerning discovery are considered 'non-dispositive,' and a magistrate's orders regarding non-dispositive pre-trial matters are reviewed under the 'clearly erroneous or contrary to law' standard." Hudson v. General Dynamics, 73 F.Supp.2d 201, 202 (D.Conn. 1999 (JBA))(internal citations omitted). "A decision is clearly erroneous when, based on the entire evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made." Young v. Liberty Mut. Ins. Co., 1999 WL 301688, *2 (D.Conn. 1999).

## III.    APPLICABLE LAW

The federal discovery rules provide that "[p]arties may obtain discovery regarding any

STANGER & ARNOLD, LLP
29 South Main Street ♦ Suite 325 ♦ West Hartford, CT 06107 ♦ 860.561.0650 ♦ Facsimile: 860.561.0646
Juris No. 419042

matter not privileged, which is relevant to the subject matter involved in the pending action.... It

is not ground for objection that the information sought will be inadmissible at the trial if the

information sought appears reasonably calculated to lead to the discovery of admissible

evidence." F.R.Civ.P. 26(b)(1). "The term 'reasonably calculated' as used in Rule 26 means 'any

possibility that the information sought may be relevant to the subject matter of the action.'"

Omega Engineering, Inc. v. Omega, S.A., 2001 WL 173765, *2 (D.Conn. 2001)(internal citations

omitted). "Evidence is relevant if [it] 'ha[s] any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be

without the evidence.'" Fed.R.Evid. 401; Perkins v. Origin Medsystems, Inc., 299 F.Supp.2d 45,

52 (D.Conn. 2004).

　　　"A party may not object to a discovery request on the grounds that the information sought

will be inadmissible at trial so long as the material requested could lead to other information that

may be relevant to the subject matter of the action. Ahern v. Trans Union LLC Zale Corp., 2002

WL 32114492, *1 (D.Conn. 2002). "[T]he objecting party must 'show specifically how, despite

the broad and liberal construction afforded the federal discovery rules, each [request] is not

relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits

or offering evidence revealing the nature of the burden. The objecting party may not leave it to

the court to 'sift each interrogatory to determine the usefulness of the answer sought.' To the

STANGER & ARNOLD, LLP
29 South Main Street ◆ Suite 325 ◆ West Hartford, CT 06107 ◆ 860.561.0650 ◆ Facsimile: 860.561.0646
Juris No. 419042

contrary, the detail in the complaint defines the liberal guidelines for determining the relevance of the discovery requests, and the burden is on the party resisting discovery to clarify and explain its objections and to provide support for those objections." Id., at *1-*2; Omega, at *2 (internal citations omitted). "In product liability actions it is frequently difficult to judge which of a manufacturer's products are sufficiently similar to the allegedly defective product to be subject to discovery.... Thus, in order to determine the proper scope of discovery ... it is first necessary to define the plaintiff's legal claims." Fine v. Facet Aerospace Products Co.,133 F.R.D. 439, 441-42 (S.D.N.Y. 1990); See also Hofer v. Mack Trucks, Inc. 981 F.2d 377, 381 (8th Cir. 1992).

## IV.    PLAINTIFFS' PRODUCT LIABILITY CLAIMS

Chris Phelan's estate's product liability allegations and claims developed through discovery are that Chris Phelan's death was caused by latent and unreasonably dangerous Jeep Wrangler design defects in the upper body and roll cage systems that failed to provide adequate rollover protection that would have saved Chris Phelan's life, and include that Defendant designed the Jeep Wrangler only to look like it had adequate rollover protection, Defendant had notice that this latent and unreasonably dangerous design defect exposed Jeep Wrangler occupants to serious injuries, Defendant failed to eliminate the design defects that are substantially the same in all Jeep CJ and Jeep Wrangler models, and that Defendant knew of feasible design alternatives for the Jeep Wrangler upper body and roll cage systems that would

8

provide adequate rollover protection to its occupants, and that would have saved Chris Phelan's life.

## V.    ARGUMENT

### A.    Plaintiffs' Discovery Is Reasonably Calculated To Lead To The Discovery Of Relevant Admissible Evidence

The liberal discovery permitted by the federal discovery rules, and the broad definition of relevance under the federal evidence rules, should permit Plaintiffs' discovery of Defendant's files and current employees, certainly as to the Jeep Wrangler (YJ) model that Chris Phelan purchased, because Plaintiffs' discovery is reasonably calculated to lead to the discovery of information relevant to Plaintiffs' allegations and claims developed through discovery in this case. Plaintiffs' discovery is calculated to discover information relevant to the product liability issues in this case, including Defendant's intent, knowledge, notice, causation, motivation, duty to investigate, duty to disclose, duty to warn, duty to eliminate known defects, and alternative feasible designs. See Swain v. General Motors Corp., 81 F.R.D. 698, 700 (D.C. Pa. 1979).

### 1.    Jeep Wrangler Design Development, Testing and Evolution

Plaintiffs' discovery about the design development, testing and evolution of Defendant's Jeep Wrangler from the original Jeep CJ into the Jeep Wrangler (YJ), and then into the latest TJ model Jeep Wrangler is relevant to the issues of Defendant's intent, knowledge, notice, causation,

9

STANGER & ARNOLD, LLP
29 South Main Street ♦ Suite 325 ♦ West Hartford, CT 06107 ♦ 860.561.0650 ♦ Facsimile: 860.561.0646
Juris No. 419042

motivation, duty to investigate, duty to warn, duty to eliminate known defects, and alternative feasible designs. "[D]iscovery may be allowed where a plaintiff alleges that the defendant was on notice of a defect, that an alternative design was feasible and the defendant had knowledge of the same, that a defendant did not eliminate a previously occurring defect in design, or that previous, similar accidents related to the accident at issue had occurred." Hofer, 981 F.2d at 381; see also Swain, 81 F.R.D. at 700. Expert affidavits to prove similarity between a manufacturer's products are not necessarily required at the discovery stage. Hofer, 981 F.2d at 381. Nonetheless, Plaintiffs independently discovered and proffered factual and expert testimony by Defendant's employees in prior Jeep Wrangler litigation to establish that all Jeep CJs and Wranglers share substantially similar upper body and roll cage system designs.[7] Plaintiffs' proffer should more than suffice to meet the threshold burden to establish that there may be some possible relevance of the discovery sought to the issues in this case. Defendant's argumentative and unsupported objection that Plaintiffs "misquote[d] and erroneously intepret[ed]" Defendant's employees' prior testimony , a fortiori, itself establishes that the discovery sought is relevant to this case, and that Plaintiffs' deposition discovery of Defendant on these issues must be taken. (Dkt. #113, at 7-8 & Exh. E).

    The March 2004 Ruling would not deny Plaintiffs this discovery on grounds of relevance,

---

[7] See Plaintiffs' Opposition To Defendant's Motion For Protective Order (Dkt. #97, Sec. III.B.1 & V).

**STANGER & ARNOLD**, LLP
29 South Main Street ♦ Suite 325 ♦ West Hartford, CT 06107 ♦ 860.561.0650 ♦ Facsimile: 860.561.0646
Juris No. 419042

however, but mistakenly on grounds that Plaintiffs' long-sought-after discovery should not be allowed "at this late date, to start exploring entirely new models which never surfaced in discovery before." (Dkt. #130 at 8.)  Plaintiffs' written discovery has long been pending since December 2002, and Plaintiffs' May 2003, November 2003 and December 2003 depositions of Defendant were noticed and could have been completed within the Court's discovery schedule. Moreover, it has been Defendant's baseless objections and obstructions to Plaintiffs' discovery that principally have delayed "the long-awaited conclusion of discovery in this case." (Dkt. #130 at 12, n. 15).

### 2.    Defendant's FMVSS 216 Roof Crush Testing Activities

Plaintiffs' discovery about Defendant's Federal Motor Vehicle Safety Standard (FMVSS) 216 roof crush resistance testing activities on all Jeep CJ and Wrangler models, and on other vehicles, is relevant to the issues including Defendant's intent, knowledge, notice, causation, motivation, duty to investigate, duty to disclose, duty to warn, duty to eliminate known defects, and alternative feasible designs.  Defendant advocates and misrepresents that the Jeep Wrangler is an "open body" vehicle design that is and should not be subject to FMVSS 216 roof crush resistance standards.[8]  Plaintiffs' independent discovery revealed that Defendant's limited roof crush resistance testing activities demonstrated that the FMVSS 216 standard was inadequate to

---

[8] See Plaintiffs' Opposition To Defendant's Motion For Summary Judgment (Dkt. #123, Exhibits 7 & 10).

11

measure automotive roof crush strength.[9]  Nonetheless, Defendant misrepresented that its FMVSS

216 related testing established that the Jeep Wrangler meets or exceeds FMVSS 216 roof crush

resistance standards.[10]  However, Defendant refuses to produce to Plaintiffs or to give its own

experts any of Defendant's Jeep Wrangler FMVSS 216 testing activity documents or data, except

for a 1-page graph with an unsubstantiated statement that the Jeep Wrangler (YJ) meets or

exceeds FMVSS 216 roof crush resistance standards.  On information and belief, Defendant 's

Jeep Wrangler FMVSS 216 related testing was done in response to, and to defend, prior Jeep

Wrangler litigation, and Defendant's testing protocol made it appear to establish that the Jeep

Wrangler front windshield A-pillar area is structurally more substantial than it is, by causing the

test platen to also come in contact with the center B-pillar roll bar.  Defendant's argumentative

and unsupported objection that Plaintiffs "misquote[d] and erroneously intepret[ed]" Defendant's

employees' prior testimony, *a fortiori*, itself establishes that the discovery sought is relevant to

this case, and that Plaintiffs' deposition discovery of Defendant on these issues must be taken.

(Dkt. #113, at 7-8 & Exh. E).

### 3.    Defendant's Jeep Wrangler Accident Investigations And Claims Files

Defendant refuses to produce any Jeep Wrangler rollover related accident/incident

---

[9] See Plaintiffs' Opposition To Defendant's Motion For Protective Order (Dkt. #127, Section V); Plaintiffs'
Opposition To Defendant's Motion For Summary Judgment (Dkt. #123, Section III.B.1.a.-c.).
[10] See Plaintiffs' Opposition To Defendant's Motion For Summary Judgment (Dkt. #123, Exhibits 7 & 10).

12

**STANGER & ARNOLD, LLP**
29 South Main Street ♦ Suite 325 ♦ West Hartford, CT 06107 ♦ 860.561.0650 ♦ Facsimile: 860.561.0646
Juris No. 419042

investigations and claims files. Defendant only produced a list of lawsuits with incomplete identifying information, leaving it for Plaintiffs to independently pursue time consuming and costly discovery of information only disclosed in litigation and protected from public disclosure by protective orders as the one in case.[11] "[D]iscovery may be allowed where a plaintiff alleges … that previous, similar accidents related to the accident at issue had occurred." Hofer, 981 F.2d at 381. The March 2004 Ruling would permit discovery only "on th[e] limited issue" of Defendant's latest Jeep Wrangler (TJ) model design development, testing and experience through model year 1999. However, the March 2004 Ruling would unduly deny Plaintiffs' discovery of Defendant's other Jeep Wrangler rollover accident related investigations and claims files, even those involving Chris Phelan's Jeep Wrangler (YJ) model, that certainly would be relevant to the issues in this case, and could lead to the discovery of admissible relevant evidence for trial. (Dkt. #130 at 10).

### 4.    Defendant's Document Retention Policies

Plaintiffs seek discovery of Defendant's document and data retention policies and practices with respect to the information relevant to the issues in this case. Defendant's discovery responses included that Defendant may not have some information Plaintiffs seek to discover because of Defendant's document retention policies. Defendant's discovery response was

---

[11] See Plaintiffs' Opposition To Defendant's Motion For Protective Order (Dkt. #127, Section III.A.)

13

included in Plaintiffs' Errata Sheet to Plaintiffs' Opposition to Defendant's Motion For Protective Order (Dkt. #107, Exh. 9). Certainly Plaintiffs should be able to discover the nature and extent of the documents relevant to this case that Defendant may have created or retained, the circumstances of their destruction, what additional documents relevant to this case may be scheduled for destruction, and when, and the extent that, Defendant, through its agents and attorneys, may have attempted to safeguard from disclosure relevant discovery, under a cloak of attorney-client privilege or work product doctrine, for example, that Defendant otherwise may have destroyed to prevent the disclosure of otherwise discoverable information. The March 2004 Ruling may not have considered Plaintiffs' Errata Sheet exhibits (Dkt. #130 at 10). Nonetheless, discovery of Defendant's document retention policies and conduct clearly is necessary to preserve and to gain access to relevant discovery in this case that Defendant may otherwise destroy.

### 5.    Mercedes-Benz Standards And Testing

Defendant's acquired knowledge of Mercedes-Benz rollover and roof crush resistance testing and experience is relevant and reasonably calculated to lead to the discovery of admissible evidence on the issues of Defendant's knowledge, notice, causation, duty to investigate, duty to disclose, duty to warn, duty to eliminate known defects, alternative feasible designs, and industry standards. The March 2004 Ruling did not "[]see the relevancy of this testimony, particularly since Mercedes-Benz is a luxury end vehicle not likely to create 'industry standards'." (Dkt.

14

#130 at 9). However, Mercedes-Benz passenger car and SUV upper body and roll cage system design rollover and roof crush resistance standards, testing, knowledge and experience, not Mercedes-Benz non-structural luxury performance and styling options, is what is relevant to the issues in this case, and relevant to automotive industry standards. Therefore, Plaintiffs' discovery of this information and data also should be permitted.

**B.      Plaintiffs Are Pursuing Defendant's Full Discovery Compliance**

Plaintiffs have and continue to pursue Defendant's full discovery compliance about all of the issues potentially involved in this case. In response to Plaintiffs' first Motion to Compel, Defendant agreed to comply with Plaintiffs' discovery about all Jeep Wrangler (YJ) model years, including Plaintiffs' discovery of Defendant's Jeep Wrangler (YJ) advertising, marketing and sales practices. Only the completeness of Defendant's discovery compliance remains at issue. Nonetheless, because Plaintiffs' papers principally focus on Defendant's objections to Plaintiffs' discovery, and not necessarily on all aspects of Defendant's discovery noncompliance, the March 2004 Ruling incorrectly "assume[s] that plaintiff is not pursuing this area of testimony" and would unduly preclude Plaintiffs from pursing this relevant discovery any further from Defendant. (Dkt. #130 at 10, n.13). Furthermore, during Plaintiffs' December 2003 deposition of Defendant's Rule 30(b)(6) designee, Mr. Leon Neal, Defendant's counsel stated, "Before you question him, Mr. Halpin, he's not being offered as a marketing expert." **Exhibit 4**, at p.143.

**STANGER & ARNOLD,** LLP
29 South Main Street ♦ Suite 325 ♦ West Hartford, CT 06107 ♦ 860.561.0650 ♦ Facsimile: 860.561.0646
Juris No. 419042

The March 2004 Ruling also incorrectly "assume[s] that plaintiff is not pursuing the[] areas of inquiry" "address[ing] vehicles equipped with integrated roof structures and other vehicles." (Dkt. #130 at 9, n.12).   Plaintiffs' relevant discovery of Defendant's FMVSS 216 related testing activities discussed above certainly includes Defendant's roof crush resistance testing, knowledge and experience about Defendant's and Mercedes-Benz's other vehicles, including those equipped with integrated roof structures.  Plaintiffs will continue to seek Defendant's full discovery compliance of all matters potentially relevant to the issues in this case, and Plaintiffs seek the Court's required assistance in being able to accomplish this before trial.

**C.     Defendant's Rule 30(b)(6) Deposition Designees Are Inadequate**

In response to Plaintiffs' deposition notices, Defendant only agreed to produce Mr. Leon Neal and Mr. Richard Friday.  Defendant had represented to Plaintiffs that Mr. Neal, to a greater extent, and Mr. Friday, to a lesser extent, would testify in such dual capacities and with superior knowledge about the subject matters of Plaintiffs' 30(b)(6) deposition notice.  March 2004 Ruling at 6.  However, Defendant's two Rule 30(b)(6) designees, Mr. Neal and Mr. Friday, would not, or could not, testify to matters for which they were designated, and Defendant refused to produce other designees.  Moreover, during Mr. Neal's deposition, Defendant's counsel stated, "Before you question him, Mr. Halpin, he's not being offered as a marketing expert." **Exhibit 4**, at p.143.

16

In addition, the morning of Mr. Friday's deposition, Defendant rescinded Mr. Friday's status as a corporate designee.

On more than one occasion during his deposition, Mr. Neal professed that he had no knowledge of a question or subject matter, despite the fact that the question was rephrased with greater precision and persistence. Id., at 43-45. Mr. Neal also professed to remember little about relevant discoverable information concerning the 10 or so other Jeep Wrangler accidents he has investigated, including those about which he has testified. Id., at 140-42, 144. Mr. Neal's deposition made it evident that he has specialized witness training and experience from his involvement in Defendant's other Jeep Wrangler litigation to purposefully prevent, to the point of obstruction, the discovery of Defendant's other Jeep Wrangler discoverable information, even when questioned precisely and persistently. Id., at 50-52.

Defendant refuses to produce for deposition any other of Defendant's designees who have any knowledgeable about the subject matters identified in Plaintiffs' deposition notices. Furthermore, Defendant's deposition designees would only "address appropriate subject matter areas" that Defendant determines may be appropriate, not what the federal discovery rules liberally permit. (Dkt. #130 at 6). Because Defendant's deposition designees clearly lack any or sufficient knowledge about most of Plaintiffs' discovery, or refuse to give testimony thereon, Plaintiffs should be permitted to depose Defendant's current employees who are in positions and

17

departments relevant to the issues in this case so that Plaintiffs can determine what discoverable information Defendant does possess, but clearly will not disclose or produce absent a Court order.

### D.  There Is Ample Time Before Trial To Complete Plaintiffs' Discovery

Plaintiffs' December 2002, June 2003, and December 2003 discovery requests, and May 2003, November 2003, and December 2003 deposition notices, were timely served, and product liability discovery could have been completed within the Court's discovery deadline had Defendant properly complied. Moreover, there is ample time to complete Plaintiffs' discovery because the trial ready date of this case in not scheduled until September 2004 (Dkt. # 106, #112). There can be no prejudice to Defendant to be ordered to comply with Plaintiffs' long-sought-after discovery. Rather, it is Plaintiffs' due process right to fully discover from Defendant all information that may be relevant to the issues in this case that would be prejudiced if Plaintiffs' Objection to the March 2004 Ruling is not sustained. The "long-awaited conclusion of discovery in this case" only can occur if and only when Defendant is ordered to fully comply with Plaintiffs' discovery, or the Court imposes appropriate sanctions and/or a default judgment against Defendant for Defendant's discovery noncompliance and abuses.

### E.  Defendant's Full Discovery Compliance Should Be Ordered Before Plaintiffs Should Have To Depose Defendant Or Supplement Their Discovery Responses

The March 2004 Ruling would require Plaintiffs to depose Defendant as to the Jeep

18

Wrangler (TJ) on or before April 16, 2004.  March 2004 Ruling at 10.  Plaintiffs object thereto because duplicate depositions and costs could occur if Plaintiffs were required to depose Defendant only as to the Jeep Wrangler (TJ), and then depose Defendant as to all other Jeep CJ and Wrangler models if Plaintiffs' Objection is sustained.

The March 2004 Ruling also ordered Plaintiffs to supplement responses to Defendant's discovery regarding other similar Jeep Wrangler occurrences on or before April 2, 2004.  (Dkt. #130 at 12).  However, the March 2004 Ruling would unduly limit Plaintiffs' evidence of other similar Jeep Wrangler occurrences to that which Plaintiffs only independently may have discovered to date from third parties and without any access to Defendant's Jeep Wrangler rollover related accident/incident investigations and files.  This discovery is relevant to the issues in this case, and Plaintiffs clearly are entitled to this basic discovery from Defendant.  The March 2004 Ruling would unduly restrict Plaintiffs' right and access to this discovery, and would unfairly burden Plaintiffs with the expense and impossible task of third-party discovery to obtain the relevant discovery sought from Defendants, particularly when Defendant discloses the least amount of information that it can in discovery, and only Defendant has access to all of Defendant's relevant discovery information that Defendant may not have yet destroyed.  Therefore, Plaintiffs should be permitted to supplement discovery responses regarding evidence of other similar occurrences after Defendant fully complies with Plaintiffs' discovery on that

19

subject matter, as well as at any other time up until trial (or the filing of the parties' joint trial memorandum), even if Plaintiffs independently discovers additional evidence after the parties' discovery may be completed.

## VI.    **CONCLUSION**

WHEREFORE, for the reasons and authorities set forth above, Plaintiffs object to the March 2004 Ruling and request that Plaintiffs be permitted to pursue Defendant's full compliance with Plaintiffs' discovery, including Plaintiffs' deposition discovery of Defendant regarding all of the issues that may be relevant in this case. Plaintiffs have met all threshold discovery burdens to establish that Plaintiffs' discovery is reasonably calculated to lead to the discovery of relevant admissible evidence at the trial of this case, and therefore, Plaintiffs' Objection To Ruling On Plaintiff's Motion For Reconsideration Re: Pending Discovery Motions should be denied.

**STANGER & ARNOLD,** LLP
29 South Main Street ♦ Suite 325 ♦ West Hartford, CT 06107 ♦ 860.561.0650 ♦ Facsimile: 860.561.0646
Juris No. 419042

Respectfully submitted,
PLAINTIFFS

BY_____
          Steven E. Arnold, ct07966
          sea@SAlaw.us
          Peter Van Dyke, ct24747
          pvd@SAlaw.us
          Stanger & Arnold, LLP
          29 South Main Street
          West Hartford, CT 06107
          Tel. (860) 561-0650
          Fax. (860) 561-0646
          Their Attorneys

21

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent, postage prepaid, on March 29, 2004 to:

Peter M. Durney, Esq.
Marie E. Chafe, Esq.
James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Daniel Krisch, Esq.
Horton, Shields & Knox, P.C.
90 Gillett Street
Hartford, CT 06105

M. Sheila Jeffrey, Esq.
Miller, Canfield, Paddock & Stone, P.L.C.
Seventh Floor
101 North Main
Ann Arbor, MI 48104

Courtesy copy to:

The Honorable Janet Bond Arterton
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

The Honorable Joan Glazer Margolis
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510


_____
Peter M. Van Dyke

22

STANGER & ARNOLD, LLP
29 South Main Street  •  Suite 325  •  West Hartford, CT 06107  •  860.561.0650  •  Facsimile: 860.561.0646
Juris No. 419042