UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE JEEP WRANGLER CLASS ACTION

ANGELA PHELAN, ADMINISTRATRIX OF
THE ESTATE OF CHRISTOPHER PHELAN,
CLASS MEMBER, AND INDIVIDUALLY
    Plaintiffs

VS.

DAIMLERCHRYSLER CORPORATION
    Defendant

CIVIL NO: 3:02 CV 1219 (JBA)

**DAIMLERCHRYSLER CORPORATION'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO RULING ON MOTION FOR RECONSIDERATION
RE: PENDING DISCOVERY MOTIONS**

Defendant, DaimlerChrysler Corporation, files this response to Plaintiff's Objections to Ruling on Motion for Reconsideration Re: Pending Discovery Motions. For the reasons stated below, DaimlerChrysler Corporation respectfully submits that Plaintiff's objections to the Magistrate Judge's ruling should be overruled.

**I.    INTRODUCTION**

The Magistrate Judge's Ruling on Plaintiff's Motion for Reconsideration was filed on March 12, 2004. Plaintiff's Objections to the Ruling were filed on March 29, 2004.

At issue in DaimlerChrysler Corporation's Motion for Protective Order (Dkt. #97) are twenty-two deposition notices served in late November and early December 2003. While twenty of the notices sought testimony from specific individuals, one sought testimony by designated

representatives on 110 topics.[1] Because of Plaintiff's counsel's dilatory discovery practices, they confronted a December 31, 2003 discovery deadline without having taken any company witness depositions. Faced with this deadline, Plaintiff sought to take the depositions over 15 of the last 18 business days in December.

Plaintiff claims that the twenty-two deposition notices served at the end of November and beginning of December 2003 were simply "re-notices" of deposition requests initially served in May 2003. In May 2003 Plaintiff served six deposition notices, attached hereto as Exhibit 1. The twenty-two deposition notices served in November and December, including one notice seeking Rule 30(b)(6) testimony on 110 topics, were not re-notices of the six notices that were served in May.

## II.     ARGUMENT

### A.     The Magistrate Judge's Rulings Were Not Erroneous or Contrary to Law.

DaimlerChrysler Corporation filed its Motion for Protective Order on December 8, 2003. Over objection, Plaintiff was granted an extension until January 12, 2004 to file her brief in opposition to the motion. No such brief was filed and, on January 26, 2004, the Magistrate Judge filed an order granting DaimlerChrysler Corporation's Motion for Protective Order absent objection. A copy of the brief in opposition to the motion was first sent to the Magistrate Judge after the January 26 ruling, when Plaintiff filed a Motion for Reconsideration of the Ruling. Notwithstanding Plaintiff's customary failure to meet deadlines imposed by court order and by the Rules of Civil Procedure, the Magistrate Judge docketed the brief (Dkt. #120) and, in connection with the Motion for Reconsideration, addressed the substantive arguments made by

---

[1] The other Rule 30(b)(6) notice sought testimony about Mercedes-Benz vehicles.

Plaintiff in her briefs in opposition to the motion and in support of the Motion for Reconsideration (Dkt. #115).

Plaintiff's objections to the Magistrate Judge's rulings simply re-hash the arguments Plaintiff made in her prior briefs. DaimlerChrysler Corporation will not burden the court with duplicative arguments already made in its brief (Dkt. #97) and reply brief (Dkt. #113) related to the Motion for Protective Order.

Rule 72 permits the court to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Plaintiff's objections to the rulings repeat the claim that deposition notices seek information either relevant or reasonably calculated to lead to the discovery of admissible evidence. For the reasons stated in DaimlerChrysler Corporation's brief and reply brief related to the Motion for Protective Order, DaimlerChrysler Corporation disagrees with this characterization. With the exception of limited testimony sought about the Jeep Wrangler (TJ), the Magistrate Judge found that the voluminous, burdensome deposition notices, seeking testimony about other vehicles and matters dating back to the 1960s, sought information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Magistrate Judge's rulings were well-reasoned and amply supported by the facts and law. They should not be overturned.

**B.     Arguments Made by Plaintiff for the First Time in Her Objections Are Not Grounds for Overturning the Rulings.**

Plaintiff's objections interpose a number of false claims that were not part of the record reviewed by the Magistrate Judge in issuing her rulings. Plaintiff is essentially attempting to get another chance to oppose the motion, rather than making the requisite showing that the rulings

3

were clearly erroneous. DaimlerChrysler Corporation will briefly address the new arguments made by Plaintiff:

### 1.  Plaintiff Has "Long-Sought" Discovery in Issue

Plaintiff claims that the deposition notices that are the subject of the Motion for Protective Order were "long-sought-after discovery."[2] Plaintiff's Objections, p. 11. This is false. The deposition notices served in May 2003 were fewer and narrower than the twenty-two notices served the last week in November and the first week in December. Further, prior to the Magistrate Judge's Ruling on the Motion for Reconsideration, DaimlerChrysler Corporation agreed to provide responses to discovery related to the Jeep CJ in order to try to resolve the disputes without further court intervention. DaimlerChrysler Corporation honored that agreement notwithstanding the later ruling granting the Motion for Protective Order as it related to testimony about the Jeep CJ. Moreover, DaimlerChrysler Corporation has complied with the court order compelling it to provide Jeep Wrangler (TJ) information in response to written discovery. The false claim that the discovery is "long-sought-after" is not grounds for overturning the rulings.

### 2.  Misrepresentations About Federal Motor Vehicle Safety Standard 216 – Roof Crush Resistance.

Plaintiff now claims that DaimlerChrysler Corporation made misrepresentations concerning the Jeep Wrangler (YJ) and testing done using FMVSS 216 as a guideline. First, she claims DaimlerChrysler Corporation misrepresents the vehicle as an open-body vehicle. The Jeep Wrangler (YJ) does not have an integrated roof structure and is classified as a convertible

---

[2]    Plaintiff also claims that discovery served in December 2002 sought information about the Jeep CJ, produced from 1955 through 1986, and the Jeep Wrangler (TJ), an all-new vehicle first produced in the 1997 model year. That discovery did not seek information about the Jeep CJ or the Jeep Wrangler (TJ), but rather sought discovery only about the Jeep Wrangler (YJ).

4

under FMVSS 216, which is why it is not subject to the standard. Plaintiff claims that DaimlerChrysler Corporation argued that the vehicle "should not be subject to FMVSS 216." No such representation was made. Rather, DaimlerChrysler Corporation stated in its brief in support of the Motion for Protective Order that the vehicle *was never* subject to FMVSS 216. (Dkt. #97, p. 15). Furthermore, Plaintiff has already conceded through the deposition testimony of Irving U. Ojalvo, Plaintiff's designated design expert on this case, that FMVSS 216 did not apply to the subject model vehicle. See Exhibit 2, Deposition of Irving U. Ojalvo at p.145.

Next, Plaintiff alleges an "unsubstantiated statement" by DaimlerChrysler Corporation that the Jeep Wrangler (YJ) meets or exceeds FMVSS 216. In response to Interrogatory No. 5, DaimlerChrysler Corporation stated that tests conducted on the roll bar structure of the Jeep Wrangler (YJ) "determined that the roll bar design used on the 1994 Jeep Wrangler (YJ) met or exceeded the requirements of FMVSS 216." See Exhibit 3, DaimlerChrysler Corporation's Responses to Plaintiff's First Set of Product Liability Interrogatories and Requests for Production, Int. No. 5. This is a fact that is borne out by the test document. Finally, Plaintiff claims that "upon information and belief" the testing done on the roll bar structure used in the 1994 Jeep Wrangler (YJ) was done in connection with litigation. This claim is false. None of the ill-reasoned new arguments made about the FMVSS 216 testing should be grounds for overturning the Magistrate Judge's ruling on the deposition notices that seek information about such testing dating back to the 1970s, when the standard was first proposed.

### 3. Accident Investigations and Claim Files

Plaintiff uses her objections to make the novel claim that DaimlerChrysler Corporation should produce accident and investigation files. The Rule 30(b)(6) deposition notice (Dkt. #97, Exhibit 1) does not seek testimony about other accidents. The deposition notice directed to

5

DaimlerChrysler Corporation engineer, Leon Neal, included a document request seeking "all documents relating to your investigations of crashes involving an impact to the Jeep Wrangler CJ [sic], YJ, TJ, A Pillar (windshield) that may or may not have caused injury to the occupant." DaimlerChrysler Corporation objected to this document request on the grounds that it sought information protected from disclosure by the attorney-client privilege or the work product doctrine. See Exhibit 4, DaimlerChrysler Corporation's Response to Plaintiffs' Notice of Deposition of Leon Neal with Attached Document Request. This objection was never challenged by Plaintiff and should not now be made the basis of a decision to overturn the Magistrate Judge's rulings.

### 4. Claim that Defendant's Rule 30(b)(6) Deposition Designees Were Inadequate.

For the first time in these Objections, Plaintiff claims that DaimlerChrysler Corporation's Rule 30(b)(6) designees were inadequate. The depositions in issue occurred on December 15 and 16, 2003, several weeks before the January 12, 2004 extension Plaintiff was granted for filing her brief in opposition to the Motion to Compel, yet Plaintiff made no mention of the supposed inadequacies in her brief.

DaimlerChrysler Corporation's designees were produced to testify about the design and testing of the Jeep Wrangler (YJ), a vehicle that has been out of production for nine years. DaimlerChrysler Corporation denies that the designees were inadequate, but even assuming that they were, this would not provide grounds for finding that the Magistrate Judge's ruling were "clearly erroneous or contrary to law" as required by Rule 72.

### 5.  Ample Time to Complete Discovery

Plaintiff claims there is "ample time" to complete the discovery prior to the September 2004 trial date. The discovery cut-off in this case was December 31, 2003. While there may be time to conduct additional depositions, Plaintiff should not be permitted to do so in view of continued and repeated violations of discovery deadlines and court orders. It is time to put an end to Plaintiff's dilatory tactics. The fact that the trial in this action is scheduled in five months provides no basis for overturning the Magistrate Judge's rulings.

## III.  CONCLUSION

The Magistrate Judge's rulings are reasonable and well-supported by fact and law. Plaintiff's objections to the rulings have done nothing to suggest that the rulings were "clearly erroneous or contrary to law" as required by Rule 72. DaimlerChrysler Corporation respectfully requests that the court overrule Plaintiff's objections.

Respectfully submitted,
DAIMLERCHRYSLER CORPORATION

By:  */s/ James P. Kerr/*
Peter M. Durney (Fed. Bar ID# CT14569)
pdurney@cornellgollub.com
James P. Kerr (Fed. Bar ID# CT24142)
jkerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, Massachusetts 02110
(617) 482-8100
(617) 482-3917 (facsimile)

## CERTIFICATE OF SERVICE

      I, James P. Kerr, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this _6th_ day of April, 2004, a true copy of the foregoing Defendant DaimlerChrysler Corporation's Response to Plaintiff's Objections to Ruling on Motion for Reconsideration Re: Pending Discovery Motions, was served via first class mail, directed to:

Steven E. Arnold, Esq.  
Peter Van Dyke, Esq.  
James Halpin, Esq.  
Stanger & Arnold, LLP  
29 South Main Street, Suite 325  
West Hartford, Connecticut 06107  

Attorney for Plaintiff

Christopher Miller  
c/o Robinson Correctional Facility  
285 Shaker Road  
P.O. Box 1600  
Enfield, CT 06082  

Maurice Samuelian  
Kathleen Samuelian  
52 Mallard Avenue  
East Hampton, CT 06424  
Third-Party Defendants

and:

M. Sheila Jeffrey, Esq.  
Miller, Canfield, Paddock & Stone, P.L.C.  
Seventh Floor  
101 North Main  
Ann Arbor, MI 48104  

Daniel J. Krisch  
Horton, Shields & Cormier, P.C.  
90 Gillett Street  
Hartford, CT 06105  

Co-counsel for Defendant

_____  
James P. Kerr

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE JEEP WRANGLER CLASS ACTION | : | CIVIL NO. 3:02 CV 1219 (JBA) |
| | : | |
| ANGELA PHELAN, ADMINISTRATRIX OF | : | |
| THE ESTATE OF CHRISTOPHER PHELAN, | : | |
| CLASS MEMBER, AND INDIVIDUALLY | : | |
|     Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| DAIMLERCHRYSLER CORPORATION | : | MAY 23, 2003 |
|     Defendant | : | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that Plaintiffs will take the deposition of Defendant, **DaimlerChrysler Corporation, on June 11, 2003 at 9:00 a. m.** at the offices of Miller, Canfield, Paddock and Stone, P.L.C., 840 West Long Lake Road, Suite 200, Troy, Michigan, through its representative(s) most knowledgeable about the Jeep Wrangler design and modification history relating to its roll cage system, rollover safety and crashworthiness for Jeep Wrangler model years 1983 through 2000 (CJ-5, CJ-7, YJ, TJ). Oral examination will be before a competent court reporter and will continue day to day until completed.

The deponent(s) is/are requested to bring with him/her/them to the deposition the items listed in the attached Schedule A.

                                                    PLAINTIFFS

                                                   BY _____
                                                        Steven E. Arnold, ct07966
                                                        sea@SAlaw.us
                                                         Peter M. Van Dyke, ct24747
                                                         pvd@SAlaw.us
                                                         Their Attorneys

                                                1

## SCHEDULE A

All testing, data, analyses and information relating to the Jeep Wrangler roll cage system or components, pillars, windshield, bars and attachments, roof, doors and seat belt systems, and including:

1. . Rollover safety and crashworthiness

2. On- and off- road and emergency handling, stability or safety

3. Open- and closed- body design, handling and safety

4. Federal Motor Vehicle Safety Standards (FMVSS) 216 roof crush resistance, and other load bearing or crush safety

5. FMVSS 208, 209, 210 seat belt systems

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE JEEP WRANGLER CLASS ACTION : CIVIL NO. 3:02 CV 1219 (JBA)
                                  :
ANGELA PHELAN, ADMINISTRATRIX OF  :
THE ESTATE OF CHRISTOPHER PHELAN, :
CLASS MEMBER, AND INDIVIDUALLY    :
    Plaintiffs                    :
                                  :
VS.                               :
                                  :
DAIMLERCHRYSLER CORPORATION       : MAY 23, 2003
    Defendant

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that Plaintiffs will take the deposition of Defendant, **DaimlerChrysler Corporation**, on **June 11, 2003 at 2:00 p. m.** at the offices of Miller, Canfield, Paddock and Stone, P.L.C., 840 West Long Lake Road, Suite 200, Troy, Michigan, through its representative(s) most knowledgeable about the Jeep Wrangler Owner's Manual, glove box information, and vehicle decal design history and modifications for Jeep Wrangler model years 1983 through 2000 (CJ-5, CJ-7, YJ, TJ). Oral examination will be before a competent court reporter and will continue day to day until completed.

The deponent(s) is/are requested to bring with him/her/them to the deposition the items listed in the attached Schedule A.

                                  PLAINTIFFS

                                  BY_____
                                  Steven E. Arnold, ct07966
                                  sea@SAlaw.us
                                  Peter M. Van Dyke, ct24747
                                  pvd@SAlaw.us
                                  Their Attorneys

1

## SCHEDULE A

All communications, information and data relating to the Jeep Wrangler Owner's Manual, glove box information, parts manual, and vehicle decal design history and modifications, consumer or passenger perception or understanding of the Jeep Wrangler's roll cage system or components, pillars, windshield, bars, roofs, doors, handling qualities, open- and closed- body design, rollover safety, crashworthiness and focus group data or analyses for Jeep Wrangler model years 1983 through 2000 (CJ-5, CJ-7, YJ, TJ).

STANGER & ARNOLD, LLP
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE JEEP WRANGLER CLASS ACTION | : CIVIL NO. 3:02 CV 1219 (JBA) |
| | : |
| ANGELA PHELAN, ADMINISTRATRIX OF | : |
| THE ESTATE OF CHRISTOPHER PHELAN, | : |
| CLASS MEMBER, AND INDIVIDUALLY | : |
| Plaintiffs | : |
| | : |
| VS. | : |
| | : |
| DAIMLERCHRYSLER CORPORATION | : MAY 23, 2003 |
| Defendant | : |

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that Plaintiffs will take the deposition of Defendant, **DaimlerChrysler Corporation, on June 12, 2003 at 9:00 a. m.** at the offices of Miller, Canfield, Paddock and Stone, P.L.C., 840 West Long Lake Road, Suite 200, Troy, Michigan, through its representative(s) most knowledgeable about Jeep Wrangler incident, accident and claims history relating to rollover safety, stability and crashworthiness for Jeep Wrangler model years 1983 through 2000 (CJ-5, CJ-7, YJ, TJ). Oral examination will be before a competent court reporter and will continue day to day until completed.

The deponent(s) is/are requested to bring with him/her/them to the deposition the items listed in the attached Schedule A.

PLAINTIFFS

BY_____
Steven E. Arnold, ct07966
sea@SAlaw.us
Peter M. Van Dyke, ct24747
pvd@SAlaw.us
Their Attorneys

1

STANGER & ARNOLD, LLP
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

## SCHEDULE A

All information, documents and data relating to complaints or claims involving the Jeep Wrangler roll cage system or components, pillars, windshield, bars, roof, doors, handling qualities, rollover safety or crashworthiness for Jeep Wrangler model years 1983 through 2000 (CJ-5, CJ-7, YJ, TJ), including:

1. DaimlerChrysler's customer service, intra-company, third-party claims administration, agency or insurance files

2. DaimlerChrysler's expert witness data and reports produced by defendant in other litigation

3. Defendant's testing, analyses and reports (excluding third-party non testifying consultants) in preparation for litigation or other proceedings, whether or not produced

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE JEEP WRANGLER CLASS ACTION | : CIVIL NO. 3:02 CV 1219 (JBA) |
| ANGELA PHELAN, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER PHELAN, CLASS MEMBER, AND INDIVIDUALLY<br>Plaintiffs | : |
| VS. | : |
| DAIMLERCHRYSLER CORPORATION<br>Defendant | : MAY 23, 2003 |

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that Plaintiffs will take the deposition of Defendant, **DaimlerChrysler Corporation**, on **June 12, 2003 at 2:00 p. m.** at the offices of Miller, Canfield, Paddock and Stone, P.L.C., 840 West Long Lake Road, Suite 200, Troy, Michigan, through its representative(s) most knowledgeable about Jeep Wrangler dealer and customer sales information, documents and training relating to the Jeep Wrangler handling qualities, rollover safety and crashworthiness for Jeep Wrangler model years 1983 through 2000 (CJ-5, CJ-7, YJ, TJ). Oral examination will be before a competent court reporter and will continue day to day until completed.

The deponent(s)is/are requested to bring with him/her/them to the deposition the items listed in the attached Schedule A.

PLAINTIFFS

BY _____
Steven E. Arnold, ct07966
sea@SAlaw.us
Peter M. Van Dyke, ct24747
pvd@SAlaw.us
Their Attorneys

1

**STANGER & ARNOLD**, LLP
29 South Main Street · Suite 325 · West Hartford, CT 06107 · 860.561.0650 · Facsimile: 860.561.0646
Juris No. 419042

## SCHEDULE A

All communications, information, literature, manuals, videos or other media relating to dealer or sales education or training, and customer information and documents, concerning the Jeep Wrangler roll cage system, pillars, windshield, bars, roof, doors, handling qualities, rollover safety and crashworthiness for the model years 1983 through 2000 (CJ-5, CJ-7, YJ, TJ).

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE JEEP WRANGLER CLASS ACTION | : | CIVIL NO. 3:02 CV 1219 (JBA) |
| | : | |
| ANGELA PHELAN, ADMINISTRATRIX OF | : | |
| THE ESTATE OF CHRISTOPHER PHELAN, | : | |
| CLASS MEMBER, AND INDIVIDUALLY | : | |
|     Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| DAIMLERCHRYSLER CORPORATION | : | MAY 23, 2003 |
|     Defendant | : | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that Plaintiffs will take the deposition of Defendant, **DaimlerChrysler Corporation, on July 1, 2003 at 9:00 a.m.** at the offices of Miller, Canfield, Paddock and Stone, P.L.C., 840 West Long Lake Road, Suite 200, Troy, Michigan, through its representative(s) most knowledgeable about Defendant's Jeep Wrangler sales, advertising and marketing in the North Atlantic Region of the United States for Jeep Wrangler model years 1983 through 2000 (CJ-5, CJ-7, YJ, TJ). Oral examination will be before a competent court reporter and will continue day to day until completed.

    The deponent(s) is/are requested to bring with him/her/them to the deposition the items listed in the attached Schedule A.

PLAINTIFFS

BY_____
Steven E. Arnold, ct07966
sea@SAlaw.us
Peter M. Van Dyke, ct24747
pvd@SAlaw.us
Their Attorneys

1

STANGER & ARNOLD, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

## SCHEDULE A

All Jeep Wrangler sales, advertising and marketing files materials and scheduling data and information for Jeep Wrangler model years 1983 through 2000 (CJ-5, CJ-7, YJ, TJ), including all briefs, plans, print, radio television or other copy, video, disk or media advertising agency, project manager, group or employee files or data.

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE JEEP WRANGLER CLASS ACTION | : | CIVIL NO. 3:02 CV 1219 (JBA) |
| ANGELA PHELAN, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER PHELAN, CLASS MEMBER, AND INDIVIDUALLY<br>Plaintiffs | : : : : | |
| VS. | : | |
| DAIMLERCHRYSLER CORPORATION<br>Defendant | : : | MAY 23, 2003 |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that Plaintiffs will take the deposition of Defendant, **DaimlerChrysler Corporation**, on **July 2, 2003 at 9:00 a.m.** at the offices of Miller, Canfield, Paddock and Stone, P.L.C., 840 West Long Lake Road, Suite 200, Troy, Michigan, through its representative(s) most knowledgeable about Defendant's and Defendant's predecessors' representation or liaison with the National Highway Transportation Safety Administration (NHTSA) relating to Jeep Wrangler roof crush resistance, rollover safety and crashworthiness data, testing or recommendations for the Jeep Wrangler model years 1983 through 2000 (CJ-5, CJ-7, YJ, TJ). Oral examination will be before a competent court reporter and will continue day to day until completed.

The deponent(s) is/are requested to bring with him/her/them to the deposition the items listed in the attached Schedule A.

PLAINTIFFS

By: _____
Steven E. Arnold, ct07966
sea@SAlaw.us
Peter M. Van Dyke, ct24747
pvd@SAlaw.us
Their Attorneys

1

## SCHEDULE A

All communications, information and data relating to NHTSA information, investigation, analyses, standards, recommendations, hearings, directives or orders regarding matters relating to the Jeep Wrangler roll cage system, pillars, windshield, bars, roof, doors, handling qualities, open- and closed- body design, rollover safety and crashworthiness for Jeep Wrangler model years 1983 through 2000 (CJ-5, CJ-7, YJ, TJ), including all Defendant, NHTSA or other agency notices, positions, presentations, component or safety changes, retrofit or recalls or proposals.

2