1              UNITED STATES DISTRICT COURT
                        for the
2              DISTRICT OF CONNECTICUT

3

4    In re Jeep Wrangler Class Action  )
     Angela Phelan, Administratix of   )
5    the Estate of Christopher Phelan, )
     Class Member, and Individually    )
6                                       )
              Plaintiffs,              )  Civil No. 3:02
7    VS.                                  CV 1219 JBA

8    DaimlerChrysler Corporation

9         Defendant.              MARCH 7, 2003

10

11   CONTINUATION OF DEPOSITION OF IRVING U. OJALVO, ScD

12

13   APPEARANCES:

14          For the Plaintiffs:

15               STANGER & ARNOLD, LLP
                    29 South Main Street
16                  West Hartford, CT  06107
                 BY:  STEVEN E. ARNOLD, ESQUIRE
17                    PETER VAN DYKE, ESQUIRE
                     (860) 561-0615
18

19          For the Defendant:

20               CORNELL & GOLLUB
                    75 Federal Street
21                  Boston, MA  02110
                 BY:  JAMES P. KERR, ESQUIRE
22                    (617) 482-9100

23

24               HEATHER J. WALSH
             LICENSED SHORTHAND REPORTER
25               Lic./Reg. No. 00226

                NIZIANKIEWICZ & MILLER

1      that with you as the scripture of the pleading, and you

2      can now just go into anything you'd like to with it.

3  BY MR. KERR:

4      Q    Well, let me start here, Dr. Ojalvo.  What is the

5  federal motor vehicle safety standard for testing roof

6  structure?

7      A    You're supposed to use a 30 by 72 inch flat plate

8  to apply a load equal to 1.5 times the gross vehicle weight

9  and/or 5,000 pounds, whichever is lower; and you're

10  supposed to apply the load with a roll angle of 25 degrees

11  and a pitch angle of 5 degrees, and you apply that load

12  where the 30-inch dimension is facing the forward part of

13  the car, if you will, and the 72-inch dimension is facing

14  the profile of the car.  And in order to pass the test,

15  you're supposed to produce a deflection no greater than

16  5 inches in roof crush, and you're also supposed to support

17  the structure on its main frame adequately.

18      Q    Have you run such a test on a 1994 Jeep Wrangler?

19      A    I have not.

20      Q    Have you ever run an FMVSS 216 test?

21      A    I've never run such test.

22      Q    Now, is it your understanding that during the

23  FMVSS 216 test, the idea is to apply pressure to a single

24  point on a vehicle's A pillar?

25      A    No, it's whatever points of the roof come in

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE JEEP WRANGLER CLASS ACTION

CIVIL NO. 3:02 CV 1219 JBA

ANGELA PHELAN, ADMINISTRATRIX
OF THE ESTATE OF CHRISTOPHER
PHELAN, CLASS MEMBER, AND
INDIVIDUALLY

     Plaintiffs

VS.

DAIMLERCHRYSLER CORPORATION

     Defendant

### DAIMLERCHRYSLER CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST SET OF PRODUCT LIABILITY INTERROGATORIES AND REQUESTS FOR PRODUCTION

DaimlerChrysler Corporation (formerly known as Chrysler Corporation) responds to Plaintiff's First Set of Product Liability Interrogatories and Requests for Production as follows:

### PRELIMINARY STATEMENT

DaimlerChrysler Corporation objects to Plaintiff's definitions to the extent they seek to impose obligations with respect to discovery beyond those required by the applicable statutes and rules of court, and to the extent they attempt to ascribe to certain words or phrases meanings other than their customary and ordinary meanings.

These responses are made solely for the purpose of this action. Each response is made subject to all objections as to competence, materiality, relevance, or other objection as to admissibility that may apply in the event that any such response, or the information

contained therein, is sought to be used in court.  DaimlerChrysler Corporation expressly

reserves all such objections.

## RESPONSE TO INTERROGATORY NO. 5

INTERROGATORY NO. 5:  Identify all Jeep Wrangler stability, rollover, roof,

roll cage, load bearing, crush, crashworthy or other structural, safety or similar tests or

analyses you performed.

RESPONSE NO. 5: To the extent this interrogatory seeks information concerning

tests related to the rollover resistance of the Jeep Wrangler (YJ), it is well known in the

automotive engineering community that all vehicles overturn in the course of some

accidents.  The conditions under which any vehicle will overturn depend upon an almost

infinite number of variables, including driver inputs and abilities, tire condition and inflation

pressure, and road and weather conditions.  There is no recognized and accepted test of a

vehicle's resistance to rollover during ordinary driving maneuvers, which allows

comparisons of vehicles, either among themselves or to an accepted standard, although the

automotive industry and the federal government have been attempting to develop such a test

for years.  The National Highway Traffic Safety Administration (NHTSA) continues to

conduct research to try to identify a test that can be used as part of a performance standard

related to rollover resistance, but at the present time there is no generally accepted test and

no standard exists.

In the absence of tests that allow determination of all conditions under which a

vehicle will overturn, DaimlerChrysler Corporation tested its vehicles, including the Jeep

Wrangler (YJ), by driving them many miles in the full range of driving environments and

with a wide variety of drivers, to ensure that the vehicles perform adequately in the normal range of driving (including emergency maneuvers).  Environmental factors included off-road, city streets and highways, in mud, snow, and rain, as well as dry conditions. Drivers included individuals with wide experience with utility vehicles and those without any.  Tests included handling evaluation, durability and reliability tests, and emissions tests.

DaimlerChrysler Corporation is in possession of a test report of limit handling maneuvers performed using a number of Jeep vehicles, including the Jeep Wrangler (YJ). DaimlerChrysler Corporation will provide a copy of the report, subject to entry of an appropriate protective order.

To the extent this interrogatory seeks information about testing of the roll bar structure, DaimlerChrysler Corporation notes that the 1994 Jeep Wrangler (YJ) is an open-bodied vehicle.   Although FMVSS 216 – Roof Crush Resistance, is not applicable to open-bodied vehicles, tests were conducted on the roll bar structure used on the 1994 Jeep Wrangler (YJ) using FMVSS 216 as a guideline.  These tests determined that the roll bar design used on the 1994 Jeep Wrangler (YJ) met or exceeded the requirements of FMVSS 216.  DaimlerChrysler Corporation will provide, subject to entry of an appropriate protective order, documents related to this testing.

DaimlerChrysler Corporation otherwise objects to this interrogatory to the extent it seeks information prepared by or at the direction of counsel in anticipation of litigation. Such information is protected from disclosure by the work product doctrine, the attorney-client privilege, or the non-testifying consultant rule.  DaimlerChrysler Corporation further

objects to this interrogatory as vague in its use of the terms "load bearing, crush,

crashworthy or other structural, safety or similar tests or analyses."

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE JEEP WRANGLER CLASS ACTION

CIVIL NO. 3:02 CV 1219 (JBA)

ANGELA PHELAN, ADMINISTRATRIX
OF THE ESTATE OF CHRISTOPHER
PHELAN, CLASS MEMBER, AND
INDIVIDUALLY

     Plaintiffs

VS.

DAIMLERCHRYSLER CORPORATION

     Defendant

### DAIMLERCHRYSLER CORPORATION'S RESPONSE TO PLAINTIFFS' NOTICE OF DEPOSITION OF LEON NEAL WITH ATTACHED DOCUMENT REQUEST

DaimlerChrysler Corporation (formerly known as Chrysler Corporation) responds to Plaintiffs' Notice of Deposition of Leon Neal with Attached Document Request as follows:

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response is made subject to all objections as to competence, materiality, relevance, or other objection as to admissibility that may apply in the event that any such response, or the information contained therein, is sought to be used in court. DaimlerChrysler Corporation expressly reserves all such objections.

## RESPONSE TO DOCUMENT REQUEST

REQUEST NO. 1:  All documents relating to your investigations of crashes involving an impact to the Jeep Wrangler CJ, YJ, TJ A pillar (windshield) that may or may not have caused injury to the occupant.

RESPONSE NO. 1:  DaimlerChrysler Corporation objects to this request as seeking information that is protected from disclosure by the attorney-client privilege or the work product doctrine.  DaimlerChrysler Corporation further objects to this request as overly broad and because it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The Jeep CJ and the Jeep Wrangler (TJ) are different vehicles with different roll bar structures from the Jeep Wrangler (YJ). Furthermore, motor vehicle accidents differ greatly as to facts, including road or terrain geometry and conditions, vehicle configurations, and driver condition, behavior and control inputs.  These various fact situations give rise to a corresponding variety of factual and legal issues, each of which is defined and limited by the facts of the specific case.  Therefore, information about vehicles other than the accident vehicle and accidents other than that alleged in this case would neither provide nor lead to information as to the condition of the accident vehicle.

2

Objections by:

_____

Marie E. Chafe (Fed. Bar ID# CT20114)
   mchafe@cornellgollub.com
Peter M. Durney (Fed. Bar ID# CT14569)
   pdurney@cornellgollub.com
James P. Kerr (Fed. Bar ID# CT24142)
   jkerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, Massachusetts 02110
(617) 482-8100
(617) 482-3917 Fax

and

Daniel J. Krisch (Fed. Bar ID# CT21994)
   dkrisch@hsclaw.com
HORTON, SHIELDS & KNOX, P.C.
90 Gillett Street
Hartford, Connecticut 06105
(860) 522-8338
(860) 728-0401 Fax

Terri S. Reiskin (Fed. Bar ID# CT24015)
   tsreiskin@hhlaw.com
James A. Hourihan
   jahourihan@hhlaw.com
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-8279
(202) 637-5910 Fax

Lewis H. Goldfarb (Fed. Bar ID# CT24014)
   lhgoldfarb@@hhlaw.com
HOGAN & HARTSON, L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3513
(212) 918-3100 Fax

MILLER, CANFIELD, PADDOCK & STONE, PLC
840 West Long Lake Road, Suite 200
Troy, Michigan 48098
(248) 879-2000

85452.1\105080-01537
11/25/03 11:43 AM

4