UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE JEEP WRANGLER CLASS ACTION : | CIVIL NO. 3:02 CV 1219 (JBA) |
| : | |
| ANGELA PHELAN, ADMINISTRATRIX OF : | |
| THE ESTATE OF CHRISTOPHER PHELAN, : | |
| CLASS MEMBER, AND INDIVIDUALLY : | |
| : | |
|     Plaintiffs : | |
| : | |
| VS. : | |
| : | |
| DAIMLERCHRYSLER CORPORATION : | APRIL 16, 2004 |
| : | |
|     Defendant : | |

**PLAINTIFFS' OBJECTION TO RECOMMENDED RULING ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ON COUNT I OF PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(e) and 72, and D.Conn.L.Mag.R. 2, Plaintiffs respectfully object to the March 31, 2004 Recommend Ruling On Defendant's Motion For Summary Judgment On Count I Of Plaintiff's Amended Complaint (Dkt. #134)["March 2004 Recommended Ruling"] for the following reasons and authorities.

**I.    NATURE OF CASE**

Chris Phelan's estate brings this Connecticut Unfair Trade Practices Act (CUTPA) action to recover economic and punitive damages from Defendant, on behalf of the estate and the

1

putative class of Connecticut Jeep Wrangler sport utility vehicle (SUV) owners and lessees. The Phelan estate also brings this product liability action to recover compensatory and punitive damages from Defendant for Chris Phelan's wrongful death that was caused by the Jeep Wrangler's latent and unreasonably dangerous roll cage design defects that failed to provide Chris Phelan with any adequate rollover safety protection. Defendant filed a Motion for Summary Judgment as to Plaintiffs' CUTPA claims in the First Count of Plaintiffs' Amended Complaint on grounds of statute of limitations. (Dkts. ##117-119).  Plaintiffs filed their Opposition To Defendant's Motion For Summary Judgment On Count I Of Plaintiff's Amended Complaint. (Dkts. ## 123-124)["Plaintiffs' Opposition To Defendant's Motion For Summary Judgment"]. The March 2004 Recommended Ruling would grant Defendant's Motion for Summary Judgment. Plaintiffs object to the March 2004 Recommend Ruling for the reason that Chris Phelan's estate did timely commence Plaintiffs' CUTPA action against Defendant.  Plaintiffs further maintain that Defendant's continuing course of fraudulent and concealing conduct also tolled the statute of limitations for Plaintiffs' CUTPA claims against Defendant.

II.     **STANDARD OF REVIEW**

"When timely objection has been made to a magistrate judge's recommend ruling, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" Danis v. Cultor Food Science, Inc., 154 F.Supp.2d 247, 250 (D.Conn. 2001 (JBA))(internal citations omitted); 28

U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b).

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "'A District Court must resolve any factual issues of controversy in favor of the non-moving party,' mindful that 'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Omega S.A. v. Omega Engineering, Inc., 228 F.Supp.2d 112, 118 (D. Conn. 2002 (JBA))(internal citations omitted). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'" Id. "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. "Accordingly, summary judgment may [only] be granted '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Id.

### III.    ARGUMENT

#### A.    Chris Phelan's CUTPA Losses Did Not Occur Until NationsBank Honored And Paid His Letter Of Credit To Gallagher Buick

The March 2004 Recommended Ruling states that "Phelan's CUTPA claim is barred by the statute of limitations because the statute of limitations relating to the CUTPA action would

3

have begun to run on July 9, 1999, the date of purchase when Phelan took possession of the 1994 Jeep Wrangler, not July 19, 1999, the date when NationsBank honored and paid the letter of credit to Gallagher Buick, to complete the purchase." Id. at 9-10.  However, as the Court recognized in its September 26, 2003 Order on Motion for Partial Dismissal of Plaintiff's Amended Complaint and Scheduling Order (Dkt. #81)["September 2003 Order"], "Here, the 'wrong sued upon' in count one of Phelan's amended complaint is the fraudulently induced overpayment for an automobile, which conduct is complete upon the vendor's receipt of payment …." Id. at 3, n.1.  The date Chris Phelan took possession of or title to his Jeep Wrangler is not relevant to the CUTPA statute of limitations issue before the Court.[1]  In this case Chris Phelan utilized a UCC Article 5 letter of credit to complete a UCC Article 2 transaction.[2]  As the Court noted in the September 2003 Order, the date Chris Phelan parted with possession and control of his money with which he overpaid for his Jeep Wrangler was the date Defendant's CUTPA conduct was completed, and therefore, the only date that is relevant to Defendant's CUTPA statute of limitations defense and summary judgment motion.  Id.

       The March 2004 Recommend Ruling recognizes that Plaintiffs' CUTPA claims allege that

---

[1] Title to Chris Phelan's Jeep Wrangler did not pass to him on July 9, 1999, the date he took delivery and possession of his Jeep Wrangler.  Title to his Jeep Wrangler passed on July 19, 1999, the date when NationsBank honored and paid his letter of credit to Gallagher Buick.  See Plaintiffs' Opposition To Defendant's Motion For Summary Judgment, Section III.A.1.

[2] See C.G.S. §§ 42a-5-101 et seq. in conjunction with 42a-2-101 et seq.

Defendant's wrongful conduct "caused plaintiff and the class to suffer damages from the loss of the benefit of their bargain, loss in market value of their Jeep Wranglers because there is no adequate roll bar or hardtop roof rollover safety protection, and loss of the use of the money that they overpaid for their Jeep Wranglers." Id. at 6.  By definition, Chris Phelan's CUTPA damages could not have occurred until he parted with possession and control of his money with which he overpaid for his Jeep Wrangler.  There would be no bargain to lose, if Chris Phelan's automobile purchase was not completed by NationsBank's honor and payment of his letter of credit to Gallagher Buick.  Nor would there be any market value to decrease, if Chris Phelan's automobile purchase was not completed by NationsBank's honor and payment of his letter of credit to Gallagher Buick.  Furthermore, Chris Phelan would not have lost the use of any of his money with which he overpaid for his Jeep Wrangler, if Chris Phelan's automobile purchase was not completed by NationsBank's honor and payment of his letter of credit to Gallagher Buick.

Even after Chris Phelan took possession of or title to his Jeep Wrangler, he continued to rely to his detriment on Defendant's Jeep Wrangler design, advertising, marketing and sales misrepresentations, up to and including July 19, 1999, and even thereafter.  Defendant's Jeep Wrangler roll cage system design itself caused Chris Phelan to continue to believe up until his death that the Jeep Wrangler had adequate rollover safety protection.  Chris Phelan was also exposed to Defendant's deceptive and misleading Jeep Wrangler print, television, and radio advertising and marketing that continued throughout July 1999, with which he had a heightened

5

**STANGER & ARNOLD,** LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

awareness of because he had only just started driving a Jeep Wrangler.  Had Chris Phelan discovered Defendant's continuing course of fraudulent and concealing conduct, he could have directed NationsBank to dishonor his letter of credit to Gallagher Buick at any time up to and including July 19, 1999, the only date when Chris Phelan parted with possession and control of his money with which he overpaid for his Jeep Wrangler.  Defendant's continuing CUTPA violations on which Chris Phelan continued to rely, and Chris Phelan's CUTPA damages, both occurred within the three-year CUTPA statute of limitations.  Therefore, Plaintiffs' CUTPA claims were timely filed, and Defendant's summary judgment motion should be denied.  See Fichera v. Mine Hill Corp., 207 Conn. 204, 212-13 (1988).  Furthermore, Plaintiffs' opposition papers demonstrate that, at a minimum, there are issues of material fact in dispute that also require Defendant's summary judgment motion to be denied.

      **B.**    **The Court Has The Discretion To Reconsider Its Ruling On The Tolling Of The CUTPA Statute Of Limitations**

Plaintiffs also maintain that the CUTPA statute of limitations was tolled under both the fraudulent concealment and continuing course of conduct doctrines.  Plaintiffs respectfully request that the Court reconsider its prior ruling on this issue in light of the additional new evidence that was later discovered through Plaintiffs' independent efforts as set forth in Plaintiffs' Opposition To Defendant's Motion For Summary Judgment.  The additional new evidence includes information, documents, and testimony by Defendant's current and former employees

**STANGER & ARNOLD,** LLP
29 South Main Street ･ Suite 325･ West Hartford, CT 06107 ･ 860.561.0650 ･ Facsimile: 860.561.0646
Juris No. 419042

that: (1) Defendant knew the original Jeep CJ design, and its substantially similar design evolution into the Jeep Wrangler (YJ) model design that Chris Phelan purchased, did not provide any adequate rollover safety protection; (2) Defendant knew that Jeep Wrangler related rollover occurrences continued to cause serious bodily injuries to occupants; (3) Defendant failed to warn consumers or take any corrective design action, even though Defendant had developed feasible design alternatives; (4) Defendant continued to misrepresent that the Jeep Wrangler was rollover safe to gain a larger and more profitable market share, even though Defendant knew that the Jeep Wrangler is not rollover safe; (5) Defendant withheld relevant information from the National Highway Safety Transportation Administration ("NHTSA") regarding the lack of adequate Jeep Wrangler rollover safety protection; and (6) Defendant's bad-faith discovery and litigation practices were designed to intentionally conceal from Plaintiffs, the Court and the public, the fact that the Jeep Wrangler is not rollover safe, and therefore is overpriced as well as unsafe, and Defendant was and is aware thereof. Plaintiffs proffer this additional new evidence in further support of their CUTPA statute of limitations tolling arguments, discussed further in Plaintiffs' Opposition To Defendant's Motion For Summary Judgment.

"The law of the case doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); see also Arizona v. California, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's

7

STANGER & ARNOLD, LLP
29 South Main Street • Suite 325• West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

power."); First Nat'l Bank of Hollywood v. American Foam Rubber Corp., 530 F.2d 450, 453 n. 3 (2d Cir. 1976) ("In this Circuit, the law of the case is a discretionary doctrine that need not be applied when no prejudice results from its omission.")(internal citation omitted), cert. denied, 429 U.S. 858 (1976).  "[M]ajor grounds for justifying reconsideration are an intervening change of controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice." Virgin, 956 F.2d at 1255.  "[T]he decision whether or not to apply law-of-the-case is ... informed principally by the concern that disregard of an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine…. "Prejudice" in this context does not mean harm resulting from the failure to adhere to the prior decision, but instead refers to a lack of ... sufficient opportunity to prepare armed with the knowledge that the prior ruling is not deemed controlling." Prisco v. A & D Carting Corp., 168 F.3d 593, 607 (2d Cir. 1999)(internal citations and quotations omitted).

      **1.  Defendant's Fraudulent Concealment**

The September 2004 Order states that "[a]s a basis for tolling under the doctrine of fraudulent concealment, Phelan merely reasserts the allegedly long-running fraudulent scheme [Defendant] has allegedly perpetrated on unaware consumers.  The fundamental problem with this argument is that it alleges the same conduct as both CUTPA violations and the fraudulent concealment of the CUTPA violations." Id. at 3-4.  However, Plaintiffs do not allege that Defendant's same conduct constitutes both Defendant's CUTPA violations and Defendant's

8

fraudulent concealment of its CUTPA violations.  Plaintiffs allege and maintain that Defendant's wrongful CUTPA violations include Defendant's intentional manipulation of the Jeep Wrangler roll cage design to make it appear to look rollover safe, when it is not.  Plaintiffs further allege and maintain that Defendant's separate and additional CUTPA conduct, through its Jeep Wrangler advertising, marketing, sales, and bad-faith discovery and litigation practices, constitute Defendant's separate and continuing fraudulent CUTPA conduct that tolls the statute of limitations.  At a minimum, Plaintiffs' opposition papers demonstrate that the nature, extent and effect of Defendant's alleged separate CUTPA violations raise disputed issues of material fact that also would require Defendant's summary judgment motion to be denied.  See Plaintiffs' Opposition To Defendant's Motion For Summary Judgment, Section III.B.1.

### 2. Defendant's Continuing Course Of Conduct

The September 2004 Order states that that, "[t]he fundamental flaw in plaintiff's argument is that it conflates [Defendant's] conduct towards consumers in general as applying to each and every specific consumer.  Plaintiff must be able to point to conduct towards her which violated CUTPA within CUTPA's statute of limitations." Id. at 2-3.  This Court has previously held, however, that wrongful conduct directed towards the general public, of which a plaintiff is a member, is adequate to toll the statute of limitations under the continuing course of conduct doctrine.  See e.g. Izarrelli v. R.J. Reynolds Tobacco Co., 117 F.Supp.2d, 167, 177 (D. Conn. 2000).  The additional new evidence discovered by Plaintiffs demonstrates that Defendant has and

9

continues to deceptively manipulate the design of its Jeep Wrangler to look like is rollover safe, when it is not, which induced Chris Phelan and other consumers to purchase Jeep Wranglers at an inflated price.  The additional new evidence also demonstrates that Defendant directed its deceptive Jeep Wrangler advertising, marketing, and sales practices toward the consuming public, including Chris Phelan, to conceal that Jeep Wranglers do not have adequate rollover safety protection, so that Defendant could gain a larger and more profitable market share, and so that consumers would not become aware of the economic damages they sustained from their overpayment for their Jeep Wranglers.  At a minimum, Plaintiffs' opposition papers demonstrate that the nature, extent and effect of Defendant's alleged separate CUTPA violations raise disputed issues of material fact that also would require Defendant's summary judgment motion to be denied.  See Plaintiffs' Opposition To Defendant's Motion For Summary Judgment, Section III.B.1-2.

**STANGER & ARNOLD**, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

**IV.    CONCLUSION**

For the reasons and authorities set forth above, Plaintiffs' Objection to the March 2004 Recommended Ruling should be sustained, and Defendant's Motion For Summary Judgment On Count I Of Plaintiffs' Amended Complaint should be denied.

> Respectfully submitted,
> PLAINTIFFS
>
> BY_____
>    Steven E. Arnold, ct07966
>    sea@SAlaw.us
>    Peter Van Dyke, ct24747
>    pvd@SAlaw.us
>    Stanger & Arnold, LLP
>    29 South Main Street
>    West Hartford, CT 06107
>    Tel. (860) 561-0650
>    Fax. (860) 561-0646
>    Their Attorneys

## CERTIFICATION

      I hereby certify that a copy of the foregoing was mailed on April 16, 2004, postage prepaid, to all counsel and pro se parties of record as follows:

| | |
|---|---|
| Peter M. Durney, Esq.<br>Marie E. Chafe, Esq.<br>James P. Kerr, Esq.<br>Cornell & Gollub<br>75 Federal Street<br>Boston, MA 02110 | Raymond M. Kethledge, Esq.<br>Stefanie E. Deller, Esq.<br>Bush Seyferth & Kethledge PLLC<br>3001 West Big Beaver Road, Suite 600<br>Troy, MI 48084 |
| Daniel Krisch, Esq.<br>Horton, Shields & Knox, P.C.<br>90 Gillett Street<br>Hartford, CT 06105 | Courtesy copy to:<br>The Honorable Janet Bond Arterton<br>United States District Court<br>District of Connecticut<br>141 Church Street<br>New Haven, CT 06510 |
| M. Sheila Jeffrey, Esq.<br>Miller, Canfield, Paddock & Stone, P.L.C.<br>Seventh Floor<br>101 North Main<br>Ann Arbor, MI 48104 | The Honorable Joan Glazer Margolis<br>United States District Court<br>District of Connecticut<br>141 Church Street<br>New Haven, CT 06510 |

 

_____
Peter M. Van Dyke

**STANGER & ARNOLD,** LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042