UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Jeep Wrangler Class Action ) | |
| ) | |
| Angela Phelan, Administratrix of ) | |
| the Estate of Christopher Phelan, ) | |
| Class Member, and Individually ) | |
| ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DaimlerChrysler Corporation ) | April 29, 2004 |
| ) | |
| Defendant. ) | |

**DAIMLERCHRYSLER CORPORATION'S RESPONSE TO PLAINTIFFS'
OBJECTION TO RECOMMENDED RULING ON MOTION FOR SUMMARY
JUDGMENT ON COUNT I OF PLAINTIFF'S AMENDED COMPLAINT**

**I.   INTRODUCTION**

In its Brief in support of its Motion for Summary Judgment, DaimlerChrysler Corporation ("DCC") demonstrated that it is entitled to summary judgment on Count I of Plaintiff's Amended Complaint because the statute of limitations bars Plaintiff's claim under the Connecticut Unfair Trade Practices Act ("CUTPA"). Specifically, Plaintiff's CUTPA claim is barred because Plaintiff did not file her claim within three years of Christopher Phelan's purchase of the 1994 Jeep Wrangler. Moreover, the alleged CUTPA violations occurred, if at all, on or before July 9, 1999, when Christopher Phelan purchased the Jeep Wrangler.

The Magistrate Judge's Recommended Ruling on Defendant's Motion for Summary Judgment on Count I of Plaintiff's Amended Complaint would grant DCC's Motion for Summary Judgment. The Recommended Ruling noted that Plaintiff's assertion that the CUTPA claim did not accrue until Christopher Phelan's lender released funds to the dealership was

inconsistent with the Uniform Commercial Code as adopted in Connecticut and elsewhere. Moreover, Plaintiff's tolling arguments have already been rejected by this Court.

Plaintiff's Objection to the Recommended Ruling refutes none of these points. Instead, Plaintiff's Objection merely restates all of the arguments from her Opposition Brief that the Magistrate Judge found unpersuasive. It provides no basis to reject the Magistrate Judge's Recommended Ruling. Thus, the Recommended Ruling should be adopted.

## II. ARGUMENT

### A. Any Alleged Violations of CUTPA Occurred On Or Before July 9, 1999

Plaintiff's Objection asserts that Christopher Phelan's purchase of the Jeep Wrangler was not complete until NationsBank "honored" the alleged "letter of credit" given to Gallagher Buick ("Gallagher") and actually transferred funds to Gallagher. Plaintiff's Objection at 4. Plaintiff argues, "[b]y definition, Chris Phelan's CUTPA damages could not have occurred until he parted with possession and control of his money with which he overpaid for his Jeep Wrangler." *Id.* at 5. This argument is meritless.

A CUTPA action must be brought within three years after the occurrence of the alleged *violation* of the statute. Conn. Gen. Stat. § 42-110g(f). The Connecticut Supreme Court has made clear that the start of the limitation period shall not be delayed until the cause of action has accrued or the injury has occurred. *Fichera v. Mine Hill Corp.*, 207 Conn. 204, 213, 541 A.2d 472, 476 (Conn. 1988) ("we have concluded that the history of that legislative choice of language precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred"). Thus, the CUTPA statute of limitations is dependent on the date an alleged CUTPA violation occurred, not on the date that Plaintiff allegedly incurred damages due to an injury.

Plaintiff's CUTPA claim alleges that DCC fraudulently induced customers to pay inflated purchase prices for their Jeep Wranglers. Amended Complaint at ¶¶ 18-23; *see also* Order on Motion for Partial Dismissal of Plaintiff's Amended Complaint [Doc. #37] and Scheduling Order at 1. The alleged CUTPA violation is DCC's fraudulent inducement. Therefore, the CUTPA statute of limitations began to run when DCC allegedly fraudulently induced Christopher Phelan to purchase a Jeep Wrangler at an inflated price.

DCC's alleged fraudulent inducement was completed on July 9, 1999. It is undisputed that, on that date, Christopher Phelan signed a Retail Purchase Order for the Jeep Wrangler, tendered full payment to Gallagher, received a receipt from Gallagher for full payment of the Jeep Wrangler, and took delivery of the Jeep Wrangler. *See* DCC's Memorandum of Law in Support at 4-6. The argument that Christopher Phelan did not suffer an injury or incur damages until NationsBank honored the "letter of credit" is irrelevant to the statute of limitations issue. *See Fichera*, 207 Conn. at 213, 541 A.2d at 476.

In addition, as a matter of law, the sales transaction itself was complete on July 9, 1999. Under Connecticut's version of the Uniform Commercial Code ("UCC"), Article 2, *tender of payment* triggers the seller's duty to deliver the purchased goods and complete the sales transaction. *See* C.G.S. § 42a-2-511(1) ("Unless otherwise agreed tender of payment is a condition to the seller's duty to tender and complete any delivery"). The statute further provides, "[t]ender of payment is sufficient when made *by any means or in any manner* current in the ordinary course of business . . . ." G.G.S. § 42a-2-511(2) (emphasis added). And it is undisputed Christopher Phelan tendered payment per the ordinary course of business on July 9, 1999.

Thus, the statute of limitations began to run on July 9, 1999, when the alleged CUTPA violation occurred. Since Plaintiff failed to file her CUTPA claim before July 9, 2002, the statute of limitations bars that claim. Count I of the Amended Complaint must be dismissed.

### B.     The Court Has Already Ruled That The CUTPA Statute Of Limitations Is Not Tolled

For at least the third time, Plaintiff argues that DCC's alleged fraudulent concealment and alleged continuing course of conduct tolled the CUTPA statute of limitations. Plaintiff continues to raise these arguments even though this Court has repeatedly rejected them. Moreover, the Court's Order rejecting those arguments is now the law of the case. *See U.S. v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) ("When a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case"); *Devilla v. Schriver*, 245 F.3d 192, 197 (2d Cir. 2001) (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)) (The law of the case doctrine "expresses the practice of the courts generally to refuse to reopen what has been decided").

In the Order on Motion for Partial Dismissal of Plaintiff's Amended Complaint [Doc #37] and Scheduling Order filed September 26, 2003, this Court held, "[t]he Magistrate Judge correctly rejected plaintiff's tolling arguments with respect to CUTPA's statute of limitations …." Order on Motion for Partial Dismissal at 1. Indeed, the Court went further, stating "Phelan's attempt to avoid the application of *Fichera* by arguing that DCC's continued use of the same fraudulent scheme that had lured a particular purchaser to ensnare other consumers in previous, the same, and subsequent years is unavailing." *Id.* at 2. "Wrongful conduct which simply induced overpayment for a Jeep Wrangler does not create an ongoing relationship such that a lawsuit against the deceiver to remedy its deceptive conduct is premature and justifies

permitting suit beyond the three year period prescribed in Conn. Gen. Stat. § 42-110g(f)." *Id.* at 3.

The Court also rejected Plaintiff's fraudulent concealment argument:

> As a basis for tolling under the doctrine of fraudulent concealment, Phelan merely reasserts the allegedly long-running fraudulent scheme DCC has allegedly perpetrated on unaware consumers. The fundamental problem with this argument is that it alleges the same conduct as both CUTPA violations and the fraudulent concealment of those CUTPA violations. Because each CUTPA violation on its own arguably constitutes self-concealing fraud, the application of fraudulent concealment tolling doctrine to DCC's marketing of each Jeep Wrangler would defeat the legislature's clear intent that 'perpetrators of [deceptive acts or practices], as well as other CUTPA violators, should be permitted to avail themselves of the statute of limitations defense provided by § 42-110g(f).'

*Id.* at 3-4 (citations omitted).

According to the Court, the fundamental flaw in Plaintiff's tolling arguments "is that it conflates DCC's conduct towards consumers in general as applying to each and every specific consumer. Plaintiff must be able to point to conduct towards her which violated CUTPA within CUTPA's statute of limitations." *Id.* at 2-3. Plaintiff's Objection offers no evidence to cure this fatal flaw. Plaintiff makes sweeping statements that Christopher Phelan allegedly relied "on Defendant's Jeep Wrangler design, advertising, marketing and sales misrepresentations, up to and including July 19, 1999, and even thereafter." Plaintiff's Objection at 5. But Plaintiff does not point to any evidence in the record to support these statements. Thus, the fatal flaw remains.

### III.   CONCLUSION

The Recommended Ruling on Defendant's Motion for Summary Judgment on Count I of Plaintiff's Amended Complaint should be adopted.

      Respectfully submitted,

      DAIMLERCHRYSLER CORPORATION

By:_____
   Daniel J. Krisch (Fed. Bar ID# CT21994)
     dkrisch@hsklawfirm.com
   HORTON, SHIELDS & KNOX, P.C.
   90 Gillett Street
   Hartford, Connecticut 06105
   (860) 522-8338
   (860) 728-0401 (facsimile)

   Raymond M. Kethledge
     kethledge@bskjuris.com
   Stefanie E. Deller
     deller@bskjuris.com
   BUSH SEYFERTH & KETHLEDGE PLLC
   3001 West Big Beaver Road, Suite 600
   Troy, Michigan 48084
   (248) 822-7800
   (248) 822-7001 (facsimile)

   Marie E. Chafe (Fed. Bar ID# CT20114)
     mchafe@cornellgollub.com
   Peter M. Durney (Fed. Bar ID# CT14569)
     pdurney@cornellgollub.com
   James P. Kerr (Fed. Bar ID# CT24142)
     jkerr@cornellgollub.com
   CORNELL & GOLLUB
   75 Federal Street
   Boston, Massachusetts 02110
   (617) 482-8100
   (617) 482-3917 (facsimile)

   Attorneys for Defendant
   DaimlerChrysler Corporation

**CERTIFICATE OF SERVICE**

      I, Daniel J. Krisch, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 30th day of April, 2004, a true copy of the foregoing was served via first class mail, directed to:

| | |
|---|---|
| Steven E. Arnold, Esq.<br>Peter Van Dyke, Esq.<br>James Halpin, Esq.<br>Stanger & Arnold, LLP<br>29 South Main Street, Suite 325<br>West Hartford, Connecticut  06107 | Christopher Miller<br>c/o Robinson Correctional Facility<br>285 Shaker Road<br>P.O. Box 1600<br>Enfield, CT 06082 |
| Attorney for Plaintiff | Third-Party Defendant |

and:

Peter M. Durney, Esq.
James P. Kerr, Esq.
CORNELL & GOLLUB
75 Federal Street
Boston, MA  02110

Raymond M. Kethledge
Stefanie E. Deller
Bush Seyferth & Kethledge PLLC
3001 West Big Beaver Road, Suite 600
Tory, MI 48084

M. Sheila Jeffrey, Esq.
Miller, Canfield, Paddock & Stone, P.L.C.
Seventh Floor
101 North Main
Ann Arbor, MI 48104

Co-counsel for Defendant

                                                    _____
                                                    Daniel J. Krisch