UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Angela Phelan, Administratrix of the Estate of Christopher Phelan, Class Member, and Individually,** : : : : | |
| **Plaintiffs,** : : | Civil No. 3:02cv1219(JBA) |
| **v.** : : | |
| **DaimlerChrysler Corporation,** : : | |
| **Defendant.** : | |

## ENDORSEMENT ORDER [DOC. #133]

For the reasons that follow, Plaintiff's Objection [doc. #133] to Magistrate Judge Margolis's Ruling on Plaintiff's Motion for Reconsideration, [doc. #130], is OVERRULED.

A magistrate judge's ruling on a non-dispositive matter is the final ruling of the Court unless "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Therefore this Court may only set aside the March 12, 2004 ruling for clear error. Plaintiffs point to none and the Court finds none.

Magistrate Judge Margolis allowed plaintiff to seek written discovery and depositions regarding the Jeep Wrangler (YJ), the model driven by Christopher Phelan, and the Jeep Wrangler (TJ) through model year 1999. Defendants state that they also provided material regarding the Jeep (CJ). Thus it appears that plaintiff has received substantially all the materials concerning the design development of the Jeep Wrangler relevant to this case.

1

Plaintiff objects to Magistrate Judge Margolis's ruling denying discovery of Mercedes-Benz rollover and roof crush resistance testing. Objection [doc. #133] at 14. As the Magistrate Judge found, Chrysler Corporation was not merged into Daimler-Benz AG, the maker of the Mercedes Benz line, until four years after the manufacture of the Jeep Wrangler (YJ) at issue here. Ruling [doc. #130] at 8. She further found that the Mercedes Benz "is a luxury end vehicle not likely to create 'industry standards.'" Id. at 9. Even if, as plaintiff contends, the performance of Mercedes Benz luxury vehicles is relevant to industry standards, the Magistrate Judge did not commit clear error in finding that Mercedes Benz safety testing was not relevant to Chrysler's knowledge at the time it produced the Jeep (YJ) at issue in this case, given that the merger occurred four years later.

Plaintiff objects to that portion of Magistrate Judge Margolis's ruling denying discovery regarding Federal Motor Vehicle Safety Standard (FMVSS) 216 tests regarding models other than the Jeep (YJ). Objection [doc. #133] at 11-12. Magistrate Judge Margolis found plaintiff's proffered evidence, consisting of depositions taken in state courts of Tennessee, Massachusetts, and Texas, insufficient to allow this new field of discovery "at this late date." Ruling [doc. #130] at 10. Plaintiff argues that the evidence sought would be relevant and that she has been seeking such discovery since May 2003. Plaintiff's May 2003

deposition notices sought discovery of testing for models back to 1983, Opposition [doc. #133] at Ex. 1, not back to 1971, as the Magistrate Judge found would be encompassed in plaintiff's deposition notices at issue here. The Court finds no clear error in Magistrate Judge Margolis's ruling granting defendants' motion for a protective order concerning this entirely new time period of discovery that plaintiff sought approximately one month prior to the discovery deadline.

Plaintiff objects to the Magistrate Judge's ruling denying discovery of DaimlerChrysler's document retention policies. Objection [doc. #133] at 13-14.  Plaintiff asserts that because defendants destroyed some records, she "should be able to discover the nature and extent of the documents relevant to this case that Defendant may have created or retained, the circumstances of their destruction, what additional documents relevant to this case may be scheduled for destruction, and when, and the extent that Defendant, through its agents and attorneys, may have attempted to safeguard from disclosure relevant discovery, under a cloak of attorney-client privilege or work product doctrine..." Id. at 14.  The interrogatory response forming the basis for this discovery request simply states that DaimlerChrysler no longer has Customer Assistance Inquiry Records (CAIRs) prior to January 1, 1990, because of the company's document retention policies.  Mem. In Opposition [doc. #107] at 56.  This interrogatory response does not suggest that any other

documents relevant to the case have been destroyed, that defendants have used attorney-client or work product privilege to hide documents, or that the document destruction policy itself would be relevant to this case.  Magistrate Judge Margolis's ruling denying this discovery was not clearly erroneous.

Plaintiff objects to the Magistrate Judge's granting of Defendant's Motion to Preclude Evidence of Other Occurrences [doc. #101].  Judge Margolis granted this motion <u>unless</u> plaintiff filed, on or before April 2, 2004, a Second Supplemental Response compliant with the October 2003 Ruling, which enforced a ruling of July 2003, which in turn required plaintiff to disclose evidence she intended to introduce concerning similar rollover incidents.  Plaintiff has not filed a Second Supplemental Response, despite having had over six months to do so.  Plaintiff did not comply with the Magistrate Judge's July 2003 or October 2003 rulings.  Therefore this Court cannot find that Magistrate Judge Margolis committed clear error in granting defendants' motion to preclude.

Plaintiff raises, for the first time, an argument that defendant's designated witnesses, Mr. Neal and Mr. Friday, were not competent to testify concerning the full range of plaintiff's discovery topics.  The Court fails to see how this argument is addressed to Magistrate Judge Margolis's March 24, 2004, ruling.

Finally, Plaintiff objects to Magistrate Judge Margolis's ruling on the grounds that it would require plaintiff to depose

defendant's witnesses concerning the Jeep (TJ) on or before April 16, 2004, which could necessitate duplicate discovery if this Court sustained her objections and she were then required to conduct other depositions concerning the Jeep (CJ).  As this Court now overrules plaintiff's objection, her argument concerning duplicate discovery is moot.

Accordingly, plaintiff's Objection to Ruling on Plaintiff's Motion for Reconsideration [doc. #133] is OVERRULED.

IT IS SO ORDERED.

_____
JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut: October 20, 2004.**