UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratrix of the Estate of Christopher Phelan, Class Member, and Individually | ) ) ) ) | |
| | ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DaimlerChrysler Corporation | ) ) | November 1, 2004 |
| Defendant. | ) | |

## DEFENDANT DAIMLERCHRYSLER CORPORATION'S
## MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OTHER INCIDENTS

Defendant DaimlerChrysler Corporation ("DaimlerChrysler" or "defendant") submits this motion *in limine* to preclude plaintiff from introducing evidence of, or making reference to, the facts of other incidents. The defendant states the following in support of its motion:

A. In response to the Magistrate Judge's March 12, 2004[1] Ruling on Plaintiff's Motion for Reconsideration, plaintiff's counsel produced on April 2, 2004 information and documents regarding three other incidents about which plaintiff stated she would seek to introduce evidence at trial. Plaintiff may also seek to have admitted documents responsive to plaintiff's discovery requests containing information on other incidents, including lawsuit and claims lists and Customer Assistance Inquiry Request ("CAIR") documents. The present motion is directed to the incidents identified by plaintiff as required by the Magistrate Judge's March 12,

**ORAL ARGUMENT IS REQUESTED**

2004 Ruling and to materials produced prior to April 2, 2004 by the defendant in discovery in this case.

**The defendant will submit detailed objections to the admission of individual incidents identified in the April 2, 2004 documents or otherwise identified by plaintiff after it has had an opportunity to review plaintiff's proposed trial exhibits pursuant to Paragraph 8(b) of the Court's instructions regarding the Joint Trial Memorandum. See Endorsement Order and Final Scheduling Order, dated October 8, 2004, ("Final Scheduling Order"), attached hereto as Exhibit B. Those exhibits had not been made available to defense counsel as of the date of filing and service of the present Motion.**

B.     Evidence of other occurrences is admissible only upon a showing *by its proponent* that the other accidents occurred under substantially similar circumstances and conditions. See Kinser v. Gehl Co., 184 F.3d 1259, 1273 (10th Cir. 1999) (citation omitted); Nachtsheim v. Beech Aircraft Corp., 847 F.2d 1261, 1268 (7th Cir. 1988) (citation omitted). Evidence of other occurrences is highly disfavored and is subject to rigorous evidentiary predicates. Whether the other incident is substantially similar "is a function of the theory of the case." Moulton v. Rival Co, 116 F.3d 22, 27 (1st Cir. 1997) (citing Ponder v. Warren Tool Corp., 834 F.2d 1553, 1560 (10th Cir. 1987)). Unless the proponent of the evidence can establish a high degree of similarity between the subject accident and the other occurrence, "'the jury might infer from evidence of the prior accident alone that ultra-hazardous conditions existed. . . and were the cause of the later accident without those issues ever having been proved.'" Nachtsheim, 847 F.2d at 1269 (quoting Gardner v. Southern Ry. Sys., 675 F.2d 949, 952 (7th Cir. 1982) (per curiam)). Moreover, the

---

[1]  Ruling on Plaintiff's Motion For Reconsideration, dated March 12, 2004, is attached hereto as Exhibit A.

determination of substantial similarity of incidents must be established through competent evidence.  See Johnson v. Colt Indus. Operating Corp., 797 F.2d 1530, 1534 (10th Cir. 1986) (citing Rexrode v. American Laundry Press Co., 674 F.2d 826, 829 (10th Cir. 1982)).  Due to the complexity of plaintiff's product defect claims, plaintiff must provide expert testimony to establish that the other incidents she seeks to have admitted were either caused by, or demonstrated, a defective design in the windshield frame of the Jeep Wrangler (YJ).

    C.    At a minimum, and based on plaintiff's own self-serving account of how the accident and injuries occurred, plaintiff must show the following similarity of circumstances before this Court should even consider making a finer cut at the evidence, to determine the purpose for which it is to be offered and other pertinent issues:

1. a two-vehicle accident, involving a rear end impact on the Jeep from another vehicle that generates substantially similar crush forces on the Jeep;

2. with the Jeep traveling on a paved roadway at speeds of approximately 50 mph prior to the accident;

3. with the Jeep's speed increased to approximately 80 mph as a result of the impact and leaving the pavement at approximately 75-80 mph;

4. with the vehicle striking a wire rope guardrail system or substantially similar object located off the roadway;

5. with the vehicle knocking down up to six guardrail posts and striking a lightpost off the roadway;

      6.      with the vehicle rolling to its passenger side while traveling at a forward speed of approximately 40 mph;

      7.      with the vehicle making less than one complete roll before coming to rest;

      8.      during the roll, the upper left portion of the windshield frame would have to make a grazing contact with the ground with the vehicle traveling at a forward speed of 28 mph; and

      9.      with the roll constituting plaintiff's mechanism of injury.

Plaintiff cannot make this showing.

      D.      Furthermore, plaintiff's proposed evidence is inadmissible on grounds of hearsay, relevancy, and unfair prejudice. In meeting her burden of showing substantial similarity, plaintiff may only utilize non-hearsay evidence. Courts will exclude on hearsay grounds such evidence as lawsuit and claims lists, accident reports, reports of consumer complaints, and summaries of other incidents. See Uitts v. General Motors Corp., 411 F. Supp. 1380, 1381-83 (E.D. Pa. 1974) (excluding reports to defendant manufacturer of consumer complaints); J.B. Hunt Transp., Inc. v. General Motors Corp., 52 F. Supp. 2d 1084, 1089 (E.D. Mo. 1999) (excluding lists of claims and lawsuits). Even if the hearsay objections could be overcome, the pleadings, out of state police reports and preliminary investigation reports would still be inadmissible because they do not contain sufficient information to enable the court to make a determination of substantial similarity, and they are inherently unreliable, biased and unscientific sources of information.

E.  Even if plaintiff could demonstrate substantial identity and/or similarity, this court should exclude such evidence because its unfair prejudicial effect would substantially outweigh its probative value.  See Fed. R. Evid. 403.  "'[T]he trial judge must [still] weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility.'"  De Pue v. Sears, Roebuck & Co., 812 F. Supp. 750, 752 (W.D. Mich. 1992) (quoting Rye v. Black & Decker Mfg. Co., 889 F.2d 100, 103 (6th Cir. 1989)).  As has been widely recognized, "[p]roof of prior accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters."  Uitts, 411 F. Supp. at 1383 (citations omitted).  That result would be guaranteed in this case, should plaintiff be allowed to turn this trial into a series of mini-trials about different events, at different times in different locations, the witnesses to which are many, of whom only one or two, at best, would be offered by plaintiff.

WHEREFORE, defendant DaimlerChrysler Corporation respectfully requests that the Court exclude or, at the very least, carefully scrutinize and radically limit the introduction of plaintiff's proposed evidence of other allegedly similar incidents.

> Defendant,
> DaimlerChrysler Corporation
> By its attorneys,
>
> __/s/_____
> Peter M. Durney (Fed. Bar ID# CT14569)
>   pdurney@cornellgollub.com
> James P. Kerr (Fed. Bar ID# CT24142)
>   jkerr@cornellgollub.com
> CORNELL & GOLLUB
> 75 Federal Street
> Boston, Massachusetts 02110
> (617) 482-8100
> (617) 482-3917 Fax

## CERTIFICATE OF SERVICE

      I, James P. Kerr, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 1st day of November, 2004 a true copy of the foregoing Defendant DaimlerChrysler Corporation's Motion *in Limine* to Exclude Evidence of Other Incidents, was served via first class mail, postage prepaid, directed to:

Steven E. Arnold, Esq.
STANGER & ARNOLD, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut  06107
Attorney for Plaintiff

by first class mail postage prepaid, directed to:

Mr. Christopher Miller
Inmate #266075
c/o Willard-Cybulski Correctional Institution
Third-Party Defendant

| | |
|---|---|
| Rikki Timbo, Inc. | Maurice Samuelian |
| Agent for Service: Richard W. Tomc, Esq. | Kathleen Samuelian |
| 49 Main Street | 52 Mallard Avenue |
| Middletown, CT 06457 | East Hampton, CT 06424 |
| Third-party defendant | Third-party defendant |

                                      _____/s/_____
                                      James P. Kerr