UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratrix of the Estate of Christopher Phelan, Class Member, and Individually | ) ) ) ) | |
| | ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DaimlerChrysler Corporation | ) ) | November 1, 2004 |
| Defendant. | ) | |

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S
MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO, TESTIMONY AND/OR
COMMENTS REGARDING THE ADEQUACY OF THE VISOR LABEL PROVIDED IN
COMPLIANCE WITH 49 C.F.R. § 575.105**

Defendant DaimlerChrysler Corporation ("DaimlerChrysler" or "defendant") submits this motion *in limine* to exclude from trial any and all evidence regarding the alleged inadequacy of the visor label in the subject vehicle to warn plaintiff's decedent of the risks of a rollover accident. The defendant requests that the Court exclude any testimony by plaintiff's human factors expert Michael Wogalter or any other evidence proposed by plaintiff regarding the alleged inadequacy as a warning of the sticker affixed to the driver's side sun visor for the subject model vehicle in compliance with 49 CFR § 575.105 (1994).[1]

The defendant states the following in support of its Motion:

---

[1] To the extent that plaintiff challenges the language in the operator's manual for the subject vehicle that was specifically mandated by 49 CFR 575.105, such testimony would also be pre-empted.

- 2 -

1.  Based on the written disclosure and deposition of plaintiff's designated warnings expert, the defendant anticipates that plaintiff will present testimony directed to the adequacy of the visor sticker to warn Christopher Phelan regarding the potential risks presented by the use of the vehicle.

2.  Defendant seeks the exclusion of such testimony on the grounds that the National Traffic and Motor Vehicle Safety Act of 1966 ("the Safety Act" ), see 15 U.S.C. §§ 1381-1431 (1988) and 49 C.F.R. § 575.105 preempt State statutory and common law claims directed to these items.  Congress enacted the Safety Act for the purpose of reducing injuries and deaths resulting from accidents by authorizing the promulgation of Federal safety standards. 15 U.S.C. §§ 1391(2), 1392(a), (1982).  See 15 U.S.C. §§ 1381, 1392(a) (1988).  The statute contains a preemption provision that explicitly preempts any state legislative or regulatory provision -- including state standards that may be more stringent than the Federal standards -- that covers "the same aspect of performance" or "item of equipment" as a Federal standard but is not identical to the federal standard.

3.  Plaintiff's claims are directed to the same aspect of performance and item of equipment as 49 C.F.R. § 575.105.  At the time the subject vehicle was manufactured, 49 C.F.R. 575.105 required "manufacturers of utility vehicles to alert drivers that the particular handling and maneuvering characteristics of utility vehicles require special driving practices when those vehicles are operated on paved roads". 49 C.F.R.§ 575.105(a).  According to the explicit language of the regulation, manufacturers of sport utility vehicles were to provide a sticker affixed to the instrument panel, windshield frame or driver's side sun visor which

contained language advising passengers that utility vehicles handle differently from ordinary passenger cars and could roll over during sharp turns or abrupt maneuvers.[2]  A sticker attached to the driver's side sun visor of the subject model vehicle contained the language required by the regulation, while the Owner's Manual for the subject model vehicle stated *verbatim* the required language.

4. Claims directed to the items covered in the regulation are expressly pre-empted. Plaintiff has alleged claims against DaimlerChrysler Corporation under the Connecticut Product Liability Act, C.G.S. § 52-572m et seq., including failure to warn claims. ("CPLA") Plaintiff may not avail herself of that the Safety Act's savings clause, 15 U.S.C. § 1397(k) (1988) in this case because Connecticut does not permit common law claims in product liability.  It is long-established law that claims under the CPLA "shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." C.G.S. § 572 m(b); § 572n(a).  Even under the savings clause, any claims by plaintiff regarding the adequacy of the visor label and Owner's Manual instructions mandated by 49 C.F.R 575.105 would be preempted.  The language of the savings clause does not suggest a congressional intent to save State common-law actions that conflict with Federal regulations.

5. Plaintiff's human factors expert is expected to offer the opinion that the language of the warnings and instructions contained in on-product vehicle labeling, including the sun visor label mandated by 49 C.F.R. 575.105, were inadequate to warn the decedent regarding the risk of injury in the rollover that occurred in this case, specifically the capacity of the vehicle's

---

[2] In addition, manufacturers were to provide in each vehicle an Owner's Manual with information regarding the special design characteristics of utility vehicles and their effect on the vehicle's stability. Id. at §§(b)-(c).

windshield frame and rollbar structure to provide structural protection in a rollover accident. Such testimony would clearly conflict be in with the express provisions of the regulation.

      6.      Congress has granted authority and discretion to the Secretary of Transportation to determine compliance and to promulgate regulations consistent with the provisions of the Safety Act.  Congress authorized the Secretary to set up a comprehensive scheme for alerting consumers to the potential risks identified in the regulation.  Imposing an additional labeling requirement based on plaintiff's state law-framed allegations of inadequate warnings would contravene the purposes of the federal regulation.

      7.      The defendant incorporates the attached Memorandum in Support of its Motion

WHEREFORE, defendant DaimlerChrysler Corporation respectfully requests that all references to, evidence of, testimony, comments and/or argument regarding the inadequacy as a warning of the sticker affixed to the subject model 1994 Jeep Wrangler (YJ) and/or the language contained in the Owner's Manual in compliance with 49 C.F.R. § 571.105 be excluded from trial.

- 5 -

        Defendant,
        DaimlerChrysler Corporation
        By its attorneys,

_____/s/_____
Peter M. Durney (Fed. Bar ID# CT14569)
  pdurney@cornellgollub.com
James P. Kerr (Fed. Bar ID# CT24142)
  jkerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, MA  02110
(617) 482-8100
(617) 482-3917 Fax

CERTIFICATE OF SERVICE

       I, Peter M. Durney, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 1st day of November, 2004, a true and correct copy of the foregoing Memorandum of Law in Support of Defendant DaimlerChrysler Corporation's Motion *in Limine* To Exclude References To, Testimony And/Or Comments Regarding The Adequacy Of The Visor Label Provided In Compliance With 49 C.F.R. § 575.105, was served by hand, directed to:

Steven E. Arnold, Esq.
STANGER & ARNOLD, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut  06107
Attorney for Plaintiff

by first class mail postage prepaid, directed to:

Mr. Christopher Miller
Inmate #266075
c/o Willard-Cybulski Correctional Institution
Third-Party Defendant

| | |
|---|---|
| Rikki Timbo, Inc. | Maurice Samuelian |
| Agent for Service: Richard W. Tomc, Esq. | Kathleen Samuelian |
| 49 Main Street | 52 Mallard Avenue |
| Middletown, CT 06457 | East Hampton, CT 06424 |
| Third-party defendant | Third-party defendant |

                                                  _____/s/_____
                                                      Peter M. Durney