UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratrix of | ) | |
| the Estate of Christopher Phelan, | ) | |
| Class Member, and Individually | ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DaimlerChrysler Corporation | ) | November 1, 2004 |
| Defendant. | ) | |

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE REGARDING THE IMPACT OF CHRISTOPHER
PHELAN'S INJURIES AND DEATH ON HIS FAMILY MEMBERS AND FRIENDS
AND INCORPORATED MEMORANDUM OF LAW**

Defendant DaimlerChrysler Corporation ("DaimlerChrysler" or "defendant") submits this motion *in limine* and incorporated memorandum of law to exclude from trial any and all reference to, evidence of, or argument regarding the impact of Christopher Phelan's injuries and death on his family members and friends as irrelevant, unduly prejudicial, and unduly confusing under Fed. R. Evid. 401-403.

**I.      INTRODUCTION**

This case arises from a January 18, 2000 motor vehicle accident on Route 2 Westbound in Glastonbury, Connecticut, in which Christopher Phelan ("Mr. Phelan") was fatally injured. Specifically, a 1987 Ford Taurus driven by third-party defendant Christopher Miller, who was intoxicated at the time, struck Mr. Phelan's 1994 Jeep Wrangler ("Jeep" or "subject vehicle") from behind at a high rate of speed. Following the impact, Mr. Phelan's Jeep was forced into a wire rope guardrail system, then struck and knocked down a light post, turned over, and

**ORAL ARGUMENT IS REQUESTED**

eventually came to rest against a tree.

DaimlerChrysler anticipates that plaintiff may seek to introduce evidence regarding the impact of Christopher Phelan's death upon family members and friends. Such considerations are irrelevant to the claims plaintiff has brought in her Complaint against DaimlerChrysler.

## II.   ARGUMENT

### A.   Evidence Regarding The Impact Of Christopher Phelan's Injuries And Death On His Family Members And Friends Is Irrelevant In This Matter Because None Of These Individuals Is A Party To This Action

None of Christopher Phelan's family members or friends is an individual party in this case. The claims at issue have been asserted by Christopher Phelan's estate. Testimony by Mr. Phelan's family and friends should be precluded because it is irrelevant - it would be of no help in determining the issues of this case and its admission would be a waste of time and confuse the trier of fact. These personal reactions to the accident and Mr. Phelan's death have no probative value on any issue in this case. Such evidence would have no probative value in proving the plaintiff's allegations of whether the subject vehicle was defective and/or whether these alleged defects were the proximate cause of Mr. Phelan's death. Nor would such testimony be relevant in any respect to plaintiff's claims for damages. Given plaintiff's allegations, the damages in this case are personal to Christopher Phelan's estate. They have nothing to do with whether family members and friends have been impacted by his death.

Such testimony must be excluded because only relevant evidence is admissible; and evidence is only relevant if it is probative of a fact or consequence to the resolution of this action. See Fed. R. Evid. 401-403.

**B.     Evidence Regarding The Impact Of Christopher Phelan's Death And Injuries Upon His Family And Friends Should Be Excluded On The Basis Of Unfair Prejudice, Jury Confusion And Undue Delay**

Even were this Court to conclude that evidence regarding the impact of Christopher Phelan's injuries and death on his family and friends met its strict rules for relevance, the trial judge would still be required to weigh the dangers of unfair prejudice, confusion, and undue delay.  See Fed. R. Evid. 401-403.  Evidence regarding the impact of Mr. Phelan's injuries and death on his family and friends could be presumed to arouse the emotions and sympathy of the jury as the jury attempts to dispassionately decide the merits of this case.  This could only result in the defendant being unfairly prejudiced in its defense.

**III.    CONCLUSION**

For the foregoing reasons, defendant DaimlerChrysler Corporation respectfully requests that this Court exclude plaintiff from introducing evidence of the impact of Christopher Phelan's death on his family members and friends, none of whom have individual claims.

                Defendant,
                DaimlerChrysler Corporation
                By its attorneys,

                _____/s/_____
                Peter M. Durney (Fed. Bar ID# CT14569)
                  pdurney@cornellgollub.com
                James P. Kerr (Fed. Bar ID# CT24142)
                  jkerr@cornellgollub.com
                CORNELL & GOLLUB
                75 Federal Street
                Boston, MA  02110
                (617) 482-8100
                (617) 482-3917 Fax

CERTIFICATE OF SERVICE

       I, Peter M. Durney, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 1st day of November, 2004 a true copy of the foregoing Defendant Daimler Chrysler Corporation's Motion *in Limine* to Exclude Evidence Regarding the Impact of Christopher Phelan's Injuries and Death on His Family Members and Incorporated Memorandum of Law, was served by hand, directed to:

Steven E. Arnold, Esq.
STANGER & ARNOLD, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut  06107
Attorney for Plaintiff

by first class mail postage prepaid, directed to:

Mr. Christopher Miller
Inmate #266075
c/o Willard-Cybulski Correctional Institution
Third-Party Defendant

| | |
|---|---|
| Rikki Timbo, Inc. | Maurice Samuelian |
| Agent for Service: Richard W. Tomc, Esq. | Kathleen Samuelian |
| 49 Main Street | 52 Mallard Avenue |
| Middletown, CT 06457 | East Hampton, CT 06424 |
| Third-party defendant | Third-party defendant |

                                              _____/s/_____
                                              Peter M. Durney