UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratrix of the Estate of Christopher Phelan, Class Member, and Individually | ) ) ) | Civil No. 302CV1219 JBA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DaimlerChrysler Corporation | ) | November 1, 2004 |
| | ) | |
| Defendant. | ) | |

### DEFENDANT DAIMLERCHRYSLER CORPORATION'S *MOTION IN LIMINE* TO ADMIT CONNECTICUT UNIFORM POLICE ACCIDENT REPORT

Defendant DaimlerChrysler Corporation ("DaimlerChrysler" or "defendant') submits this Motion in Limine to admit the Connecticut Uniform Police Accident Report for the accident that is the subject matter of this litigation pursuant to Rule 803(8) of the Federal Rules of Evidence.

DaimlerChrysler states the following in support of its motion:

1. The subject accident in this case was a two-vehicle collision that took place at approximately 9:50 p.m. on January 18, 2000, on Route 2 West in Glastonbury, Connecticut, when a 1987 Ford Taurus operated by Christopher Miller ("Miller") struck the rear-end of a

**ORAL ARGUMENT IS REQUESTED**

1994 Wrangler driven by Christopher Phelan ("Mr. Phelan"). At the time of the collision, the Jeep was traveling in the right-hand lane of the highway when the Taurus crashed into the left rear quarter of the Jeep at a speed in the range of 100 miles per hour.

2. The Connecticut State Police was called to the scene of the aforementioned accident and later prepared a report setting forth their activities with respect to the accident. Said report includes the factual findings that were based upon the result of an investigation of the accident. See Fed. R. Evid. 803(8) provides that documents, such as the aforementioned report prepared by the Connecticut State Police, are not excluded by the hearsay rule even though the declarant may be available as a witness. Under Rule 803(8)(C) of the Federal Rules of Evidence, factual finding in public records, which would include "conclusions or opinions" based on facts made after an investigation authorized by legal authority are presumptively admissible absent information or other circumstances indicating a lack of trustworthiness. See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 167 (1988); Bridgeway Corp. v. Citibank, 201 F.3d 134, 143 (2nd Cir. 2001); Gentile v. County of Suffolk, 926 F.2d 142, 148 (2nd. Cir 1991). The party seeking to strike public records has the burden to establish lack of trustworthiness.

3. It is well-settled that police reports and similar investigative documents are admissible either as public records under Rule 803(8)(C) or as a business record under Rule 803(6). In order to qualify as a business record under Rule 803(6), the record must be made at or near the time of the event by a person of knowledge and be created as part of the regular business practice of preparing and keeping such a record. Police reports are normally admissible under the business records exception to the hearsay rule. See Paquette v. Hadley, 697 A.2d 691, 693

(Conn. App. Ct. 1997). In this matter, the report of the accident that the defendant is seeking to admit into evidence was prepared using the standard "Uniform Accident Report" form that is utilized statewide by not only the Connecticut State Police Departments but also by the city and municipal police departments in Connecticut.  Moreover, this report was prepared in accordance with established departmental procedures incorporating the personal observations of Connecticut State Police officer and lead investigator Matthew Gunsalus as well as his factual findings based on those observations.  As this report was made at or near the time of the accident by a person with knowledge, as was the regular practice and procedure of the Connecticut State Police Department, this record should be admitted pursuant to Rule 803(6).

4.     Also contained within the report are statements given to police investigators by percipient witnesses who arrived at the scene shortly after the accident occurred as well as statements made by third-party defendant Christopher Miller, the driver of the 1987 Taurus that caused the accident.  Although the third-party witness statements contained within the report may be treated as hearsay, the statements of Miller to Officer Gunsalus should not be excluded as they fall within the admissions exception to the hearsay rule.  Pursuant to that exception, "'[t]he words of a party opponent are generally admissible against him or her . . . .'" State v. Markeveys, 745 A.2d 212, 214-15 (Conn. App. Ct. 2000) (citations omitted);  DeMarkey v. Fratturo, 836 A.2d 1257, 1261 (Conn. App. Ct. 2003).

WHEREFORE, the defendant DaimlerChrysler Corporation respectfully requests that the Court allow its Motion to Admit the Connecticut Uniform Police Accident Report as submitted

here in its entirety, or, in the alternative to admit those portions of the report based upon the observations and knowledge of Trooper Gunsalus and any statement Christopher Miller made to Trooper Gunsalus.

Defendant DaimlerChrysler Corporation incorporates the attached memorandum of law in support of its motion.

                                        Defendant,
                                        DaimlerChrysler Corporation
                                        By its attorneys,

_____/s/_____
Peter M. Durney (Fed. Bar ID# CT14569)
  pdurney@cornellgollub.com
James P. Kerr (Fed. Bar ID# CT24142)
  jkerr@cornellgollub.com
**CORNELL & GOLLUB**
75 Federal Street
Boston, MA  02110
(617) 482-8100
(617) 482-3917 Fax

CERTIFICATE OF SERVICE

    I, Peter M. Durney, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 1st day of November, 2004, a true and correct copy of the foregoing Defendant DaimlerChrysler Corporation's Motion *in Limine* to Admit Connecticut Uniform Police Accident Report, was served by hand, directed to:

Steven E. Arnold, Esq.
STANGER & ARNOLD, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut  06107
Attorney for Plaintiff

by first class mail postage prepaid, directed to:

Mr. Christopher Miller
Inmate #266075
c/o Willard-Cybulski Correctional Institution
Third-Party Defendant

| | |
|---|---|
| Rikki Timbo, Inc. | Maurice Samuelian |
| Agent for Service: Richard W. Tomc, Esq. | Kathleen Samuelian |
| 49 Main Street | 52 Mallard Avenue |
| Middletown, CT 06457 | East Hampton, CT 06424 |
| Third-party defendant | Third-party defendant |

                                              _____/s/_____
                                              Peter M. Durney