UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratrix of | ) | |
| the Estate of Christopher Phelan, | ) | |
| Class Member, and Individually | ) | |
| | ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DaimlerChrysler Corporation | ) | November 1, 2004 |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S
MOTION *IN LIMINE* TO PRECLUDE TESTIMONY BY MICHAEL WOGALTER**

Defendant DaimlerChrysler Corporation ("DaimlerChrysler" or "defendant") submits this Motion *in Limine* to Preclude Testimony by Michael Wogalter.

In support of its motion, DaimlerChrysler states that:

1. Wogalter may not testify regarding the subject vehicle's on-product labeling because his deposition testimony shows that he lacks any factual basis on which to testify on these matters. See Fed. R. Civ. P. 702(1). Wogalter admitted that he had never inspected the subject vehicle and that with a single exception he had never read any of the on-product labeling on the vehicle or supplied by the manufacturer. Furthermore, due to the loss or destruction of the vehicle's hardtop while the vehicle was in plaintiff's control, plaintiff may not present testimony regarding the adequacy of on-product labeling on the hardtop. Plaintiff's failure to properly

**ORAL ARGUMENT IS REQUESTED**

preserve the vehicle may have made it impossible to determine if a warning label was present. Given the loss or destruction by plaintiff's counsel of the vehicle's hardtop, plaintiff may not offer any opinions as to the adequacy of on-product labeling on the vehicle's hardtop through Wogalter or any other witness or by any other means.

2.     Wogalter may not testify about Christopher Phelan's knowledge of the contents of the subject vehicle's on-product labeling or the operator's manual for the subject model vehicle, as he has no factual foundation for such testimony. The only warning label of which he was aware was one he understood from plaintiff's counsel to have been located on the driver's visor. He did not know if the original purchaser or Christopher Phelan had removed any decals from the vehicle prior to the accident.  He had no information as to whether Christopher Phelan had read the owner's manual, or any of the on-product warning labels.  He knew little or nothing about the type or content of the information Christopher Phelan had before he purchased the vehicle.  In the absence of such information, Wogalter cannot be permitted to testify about Christopher Phelan's knowledge of the on-product warning labels or the operator's manual for the subject vehicle.

3.     Wogalter's testimony must be limited to the warnings issues on which he is qualified to testify.  Plaintiff has designated Wogalter to testify on human factors and warnings issues only. The defendant anticipates that plaintiff may try to use Wogalter's trial testimony as an indirect means to admit evidence that would support plaintiff's claims regarding alleged product defects that have nothing to do with the adequacy of available warnings and of injury causation.  Based on his deposition testimony in this case, Wogalter has no background in the design of production automobiles and has never given testimony on the design of a production

automobile, other than on warnings issues. He has never designed an automobile of any kind, and has never designed a warning that has appeared on a production automobile. Wogalter does not hold himself out as an expert in accident reconstruction and admitted that he has no background in mechanical engineering. Additionally, he does not claim any expertise in occupant kinematics. Other than warnings, Wogalter lacks the qualifications to testify in any subject area relevant to this case. Therefore, Wogalter should not be allowed to testify on any other aspect of the subject vehicle's design, the happening of accident, the movements of the occupant's body in the course of the accident or the causes of the decedent's injuries.

      4.      Wogalter may not testify on the contents of any proposed warnings or potential wording of warning labels where plaintiff has failed to provide any such materials to the defendant. Defense counsel specifically asked Wogalter in deposition if he intended to "draft a proposed warning that [he] would have placed on the vehicle in this case for [his] trial testimony." Wogalter responded that he did not anticipate doing that, but indicated that he might present a "potential set of wording or warning label. . . an exemplar with some wording." As of the date of this motion, plaintiff has not produced any such materials. Given the late date, the defendant will not have an adequate opportunity to review any proposed warnings or potential wording of warning labels so that it can prepare an appropriate response. Wogalter may not, therefore present any such materials at trial, or testify regarding proposed warnings or potential wording of warning labels.

WHEREFORE, defendant DaimlerChrysler Corporation respectfully requests that the Court allow its Motion *in Limine* to Preclude Testimony by Michael Wogalter.

Defendant DaimlerChrysler Corporation incorporates the attached memorandum of law in support of its motion.

                                        Defendant,
                                        DaimlerChrysler Corporation
                                        By its attorneys,

                                        _____/s/_____
                                        Peter M. Durney (Fed. Bar ID# CT14569)
                                          pdurney@cornellgollub.com
                                        James P. Kerr (Fed. Bar ID# CT24142)
                                          jkerr@cornellgollub.com
                                        CORNELL & GOLLUB
                                        75 Federal Street
                                        Boston, MA  02110
                                        (617) 482-8100
                                        (617) 482-3917 Fax

## CERTIFICATE OF SERVICE

I, Peter M. Durney, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 1st day of November, 2004, a true and correct copy of the foregoing Defendant DaimlerChrysler Corporation's Motion *in Limine* to Preclude Testimony by Michael Wogalter, was served by hand, directed to:

Steven E. Arnold, Esq.
STANGER & ARNOLD, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut  06107
Attorney for Plaintiff

by first class mail postage prepaid, directed to:

Mr. Christopher Miller
Inmate #266075
c/o Willard-Cybulski Correctional Institution
Third-Party Defendant

| | |
|---|---|
| Rikki Timbo, Inc. | Maurice Samuelian |
| Agent for Service: Richard W. Tomc, Esq. | Kathleen Samuelian |
| 49 Main Street | 52 Mallard Avenue |
| Middletown, CT 06457 | East Hampton, CT 06424 |
| Third-party defendant | Third-party defendant |

_____/s/_____
Peter M. Durney