UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratrix of | ) | |
| the Estate of Christopher Phelan, | ) | |
| Class Member, and Individually | ) | |
| | ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DaimlerChrysler Corporation | ) | November 1, 2004 |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S
MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO, TESTIMONY
AND/OR COMMENTS REGARDING PUNITIVE DAMAGES
AND INCORPORATED MEMORANDUM OF LAW**

Defendant DaimlerChrysler Corporation ("DaimlerChrysler" or "defendant") submits this motion *in limine* and incorporated memorandum of law to exclude from trial any and all reference to, evidence of, testimony, comments and/or argument regarding punitive damages.

**I.      INTRODUCTION**

This case arises from a January 18, 2000 motor vehicle accident on Route 2 westbound in Glastonbury Connecticut, in which Christopher Phelan ("Mr. Phelan") was fatally injured. Specifically, a 1987 Ford Taurus driven by third-party defendant Christopher Miller ("Miller"), who was intoxicated, struck Mr. Phelan's 1994 Jeep Wrangler ("Jeep" or "subject vehicle") from behind at a high rate of speed. Plaintiff's accident reconstructionist estimated in his report that the vehicle driven by Miller was traveling at about 100 miles per hour when it struck the Jeep.

**ORAL ARGUMENT IS REQUESTED**

Following the impact, the Jeep was forced forward and towards the right into a wire rope guardrail system. The Jeep struck and knocked down a light post and then turned over, eventually coming to rest against a tree to the north of the roadway. Christopher Phelan died as a result of the collision.

In this action, plaintiff alleges claims under the Connecticut Unfair Trade Practices Act ("CUTPA") [1] and the Connecticut Product Liability Act ("CPLA") Connecticut General Statutes §52-572m, *et seq.*, alleging an unspecified defect in the rollbar and/or hardtop of the subject vehicle. Plaintiff, however, did not seek punitive damages under the CPLA pursuant to Connecticut General Statutes §52-240b in her Amended Complaint. See Exhibit A, Amended Complaint.

## II.     ARGUMENT

### A.     Plaintiff's Amended Complaint Fails To Allege Punitive Damages Under Any Applicable Theory Of Law

Punitive damages are not available to plaintiff under any applicable theory of law. Connecticut General Statute §52-240b states:

> Punitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product. If the trier of fact determines that punitive damages should be awarded, the court shall determine the amount of such damages not to exceed an amount equal to twice the damages awarded to the plaintiff.

Conn. Gen. Stat. §52-240b. Plaintiff, however, did not seek punitive damages under the CPLA in her Amended Complaint. See Exhibit A, Amended Complaint. Moreover, the facts and

---

[1] Per the Court's Order dated June 28, 2004, plaintiff's allegations under CUTPA were dismissed in summary judgment.

allegations in plaintiff's Amended Complaint do not satisfy the statutory requirement of a product seller having a "reckless disregard for the safety of . . . others . . . ." See Conn. Gen. Stat. §52-240b.  Thus, plaintiff is not entitled to an award of punitive damages.

Therefore, this Court should exclude any references to or testimony and/or comments regarding punitive damages in this case.

### B. The Defendant's Conduct Does Not Rise To The Level Of Reckless Indifference

Connecticut courts may only award punitive damages "'when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights.'"  Luciani v. The Stop & Shop Cos., Inc., 544 A.2d 1238, 1241 (Conn. App. Ct. 1988) (quoting Collens v. New Canaan Water Co., 234 A.2d 825, 832 (Conn. 1967) (setting aside the trial court's award of punitive damages in an action to recover damages for breach of a lease and for conversion of property, where the record was "devoid of any evidence that the actions of the defendant. . . constituted reckless indifference or an intentional and wanton violation of the plaintiffs' rights"); see also Venturi v. Savitt, Inc., 468 A.2d 933, 935 (Conn. 1983) ("In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence." (citation omitted)).  "'To furnish a basis for recovery [for punitive] damages, the pleadings must allege, and the evidence must show wanton or wilful malicious conduct. . . .'"  Luciani, 544 A.2d at 1244 (quoting Markey v. Santangelo, 485 A.2d 1305, 1307 (Conn. 1985) (emphasis in the original)).  "Wanton misconduct is reckless misconduct.  'It is such conducts as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.'"  Dubay v. Irish, 542 A.2d

711, 718-19 (Conn. 1988) (quoting Markey, 485 A.2d at 1307 (internal citations omitted)).

Plaintiff has not made any such allegations in her Amended Complaint. See Exhibit A, Amended Complaint. Specifically, plaintiff alleges in her Amended Complaint that DaimlerChrysler is liable and legally responsible for causing Mr. Phelan's injuries and death because the subject vehicle was defective in that it was not designed and manufactured with "any adequate roll bar or hardtop roof rollover safety protection" and because DaimlerChrysler "failed to warn that the Jeep Wrangler only looks like, but does not, have any adequate overhead or side roll bar structural supports or a hardtop roof that provides its occupants with any adequate rollover or roof-crush safety protection." See Exhibit A, Amended Complaint.

The defendant's design and manufacture of the subject vehicle does not involve conduct rising to the level of willful, wanton or recklessness necessary for a jury or the Court to award punitive damages to the plaintiff. The vehicle complied with all federal motor vehicle safety standards ("FMVSS") in effect at the time it was manufactured and distributed. The circumstances surrounding Mr. Phelan's accident in no way suggests that the defendant demonstrated a reckless disregard for the subject vehicle's users. Nor have any of the plaintiff's experts, who have testified at deposition and provided disclosures, claimed that the defendant's conduct in designing, manufacturing and distributing the subject vehicle was reckless or that it disregarded the safety of the vehicle's users. Simply put, the anticipated evidence at trial, even taken in the light most favorable to plaintiff, could not support plaintiff's claims for punitive damages, and this Court should preclude references to or testimony and/or comments regarding punitive damages in this case.

- 5 -

### C. Any Reference By Plaintiff To Punitive Damages Would Be Prejudicial And Inflammatory And Should Be Excluded

Testimony regarding punitive damages should be excluded because only relevant evidence is admissible, and evidence is only relevant if it is probative of a fact or consequence that will aid in the resolution of the action. See Fed. R. Evid. 401- 403. The Court has the discretion to exclude relevant evidence on the basis of unfair prejudice. Id. Historically, there has been great debate regarding the value of awarding punitive damages. See Waterbury Petroleum Prods., Inc. v. Canaan Oil and Fuel Co., Inc., 477 A.2d 988, 1004 (Conn. 1984). The Supreme Court of the United States has even recognized that "such damages are frequently the result of the caprice and prejudice of jurors. . . ." Id. at 1004 (citing Smith v. Wade, 461 U.S. 30, 103 S.Ct 1625, 1641-42 (1983)).

In this case, the plaintiff has not sought the award of punitive damages under any applicable theory of law. See Exhibit A, Amended Complaint. Moreover, plaintiff has not pled the elements of wanton, willful or reckless conduct that an award of punitive damages would require. To permit such unsupported allegations to be pursued at trial against the defendant would confuse and mislead the jury. Because punitive damages awards are often a reflection of juror prejudice, these are precisely the types of situations that the Court's discretionary power is designed to address. That power should be exercised now, to preclude error at trial, because any claim by plaintiff for common law punitive damages would be insufficient on its face.

### III. CONCLUSION

For the foregoing reasons, the defendant DaimlerChrysler Corporation respectfully requests that this Court exclude from trial any and all reference to, evidence of, testimony, comments and/or argument regarding punitive damages.

Defendant,
DaimlerChrysler Corporation
By its attorneys,


_____/s/_____
Peter M. Durney (Fed. Bar ID# CT14569)
  pdurney@cornellgollub.com
James P. Kerr (Fed. Bar ID# CT24142)
  jkerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, MA  02110
(617) 482-8100
(617) 482-3917 Fax

### CERTIFICATE OF SERVICE

I, Peter M. Durney, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 1st day of November, 2004 a true copy of the foregoing Defendant DaimlerChrysler Corporation's Motion *in Limine* to Exclude References to, Testimony and/or Comments Regarding Punitive Damages and Incorporated Memorandum of Law, was served by hand, directed to:

Steven E. Arnold, Esq.
STANGER & ARNOLD, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut  06107
Attorney for Plaintiff

by first class mail postage prepaid, directed to:

Mr. Christopher Miller
Inmate #266075
c/o Willard-Cybulski Correctional Institution
Third-Party Defendant

- 7 -

| | |
|---|---|
| Rikki Timbo, Inc. | Maurice Samuelian |
| Agent for Service: Richard W. Tomc, Esq. | Kathleen Samuelian |
| 49 Main Street | 52 Mallard Avenue |
| Middletown, CT 06457 | East Hampton, CT 06424 |
| Third-party defendant | Third-party defendant |

_____/s/_____
Peter M. Durney