UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Jeep Wrangler Class Action ) | |
| ) | |
| Angela Phelan, Administratrix of ) | |
| the Estate of Christopher Phelan, ) | |
| Class Member, and Individually ) | |
| ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DaimlerChrysler Corporation ) | November 1, 2004 |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO DISCOVERY DISPUTES IN THIS CASE AND INCORPORATED MEMORANDUM OF LAW**

Defendant DaimlerChrysler Corporation ("DaimlerChrysler" or "defendant") submits this motion *in limine* and incorporated memorandum of law to exclude from trial any and all reference to, evidence of, or argument regarding discovery disputes that occurred in this case as irrelevant and unfairly prejudicial under Fed. R. Evid. 401-403.

In support of its motion, DaimlerChrysler states that:

1. DaimlerChrysler anticipates that plaintiff may attempt to relitigate discovery disputes that occurred earlier in this litigation in an attempt to divert attention from the true issues of this case and unfairly prejudice the jury against DaimlerChrysler. At a minimum, defendant anticipates that certain references to discovery disputes contained in correspondence, reports, or

**ORAL ARGUMENT IS REQUESTED**

incidental to other documentary evidence may be offered or referred to by counsel and/or witnesses.

2. References to pre-trial discovery disputes should not be admitted for any purpose because such disputes are irrelevant, unfairly prejudicial, and improper matters for consideration by the trier of fact. DaimlerChrysler requests an order to preclude plaintiff and plaintiff's witnesses from offering evidence of or making reference to discovery disputes. See Fed. R. Evid. 401-403. If any such discovery disputes are mentioned in any manner before the jury, the prejudicial effect could not be cured by sustaining an objection by DaimlerChrysler's counsel. The objection would likely reinforce the improper remarks, giving them greater importance in the jurors' minds.

3. Any disputes that have occurred in this case arose as the result of honest differences of opinion regarding legitimate discovery issues. Evidence of, discussion of, or reference to discovery disputes that occurred during the history of this case is not admissible at trial for any purpose, because such matters are irrelevant, unfairly prejudicial, and an improper matter for consideration by the trier of fact. If any such discovery disputes are mentioned in any manner before the jury, the prejudicial effect could not be cured by sustaining an objection from defense counsel. To the contrary, any objection could reinforce the improper remarks, giving them greater importance in the jurors' minds. Defendant therefore requests an order to preclude plaintiff's counsel and witnesses from offering evidence of or making reference to such matters.

4. Discovery in this matter has been closed since December 31, 2003. The parties have brought their discovery disputes to this Court for resolution during the history of this case, and the Court has decided them. Trial is an improper forum for re-hashing discovery

differences. Discovery matters have no place before the jury, and accordingly, there should be no reference to or evidence of such matters at trial. The Court, in particular, should prohibit any reference to or comment on drawings, test information, or other documentation, including purported complaints, which are not part of the official record in this case. Plaintiff should be prohibited from making any suggestions whatsoever to the jury either that defendant did not fulfill its discovery obligations or that relevant information, which plaintiff's experts would have found useful, was not produced. The jury should not be asked to assume that damaging evidence exists or to speculate about documents and/or information that is not part of the record.

5. In sum, DaimlerChrysler has met its discovery obligations in this matter. Plaintiff should be prohibited from suggesting otherwise to the jury. Evidence of pretrial discovery disputes is simply not relevant and would result in unfair prejudice to DaimlerChrysler if argued in the presence of the jury. See Fed. R. Evid. 401-403.

WHEREFORE, defendant DaimlerChrysler Corporation respectfully requests that this Court preclude all mention of discovery disputes in this case.

Defendant,
DaimlerChrysler Corporation
By its attorneys,


_____/s/_____
Peter M. Durney (Fed. Bar ID# CT14569)
   pdurney@cornellgollub.com
James P. Kerr (Fed. Bar ID# CT24142)
   jkerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, MA  02110
(617) 482-8100
(617) 482-3917 Fax

- 4 -

## CERTIFICATE OF SERVICE

I, Peter M. Durney, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 1st day of November, 2004 a true copy of the foregoing Defendant DaimlerChrysler Corporation's Motion *in Limine* to Exclude References to Discovery Disputes in This Case and Incorporated Memorandum of Law, was served by hand, directed to:

Steven E. Arnold, Esq.
STANGER & ARNOLD, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut 06107
Attorney for Plaintiff

by first class mail postage prepaid, directed to:

Mr. Christopher Miller
Inmate #266075
c/o Willard-Cybulski Correctional Institution
Third-Party Defendant

| | |
|---|---|
| Rikki Timbo, Inc. | Maurice Samuelian |
| Agent for Service: Richard W. Tomc, Esq. | Kathleen Samuelian |
| 49 Main Street | 52 Mallard Avenue |
| Middletown, CT 06457 | East Hampton, CT 06424 |
| Third-party defendant | Third-party defendant |

_____/s/_____
Peter M. Durney