UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratrix of | ) | |
| the Estate of Christopher Phelan, | ) | |
| Class Member, and Individually | ) | |
| | ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DaimlerChrysler Corporation | ) | November 1, 2004 |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S MOTION *IN LIMINE* TO LIMIT GRAPHIC PHOTOGRAPHS OF CHRISTOPHER PHELAN AND INCORPORATED MEMORANDUM OF LAW**

Defendant DaimlerChrysler Corporation ("DaimlerChrysler" or "defendant") submits this motion *in limine* and incorporated memorandum of law to limit the introduction into evidence of graphic photographs of decedent Christopher Phelan as unfairly prejudicial, confusing and misleading to the jury, and needlessly cumulative under Fed. R. Evid. 403.

**I.      INTRODUCTION**

This case arises from a January 18, 2000 motor vehicle accident on Route 2 westbound in Glastonbury Connecticut, in which Christopher Phelan ("Mr. Phelan") was fatally injured. Specifically, a 1987 Ford Taurus driven by third-party defendant Christopher Miller ("Miller"),

**ORAL ARGUMENT IS REQUESTED**

who was intoxicated, struck Mr. Phelan's 1994 Jeep Wrangler ("Jeep" or "subject vehicle") from behind at a high rate of speed. Plaintiff's accident reconstructionist estimated in his report that the vehicle driven by Miller was traveling at about 100 miles per hour when it struck the Jeep. Following the impact, the Jeep was forced forward and towards the right into a wire rope guardrail system. The Jeep struck and knocked down a light post and then turned over, eventually coming to rest against a tree to the north of the roadway. Christopher Phelan died as a result of the collision.

Defendant anticipates that plaintiff will seek to introduce multiple highly graphic and inflammatory photographs of Mr. Phelan that were taken on January 18, 2000 at the accident scene and on January 19, 2000 at the Connecticut Medical Examiner's office. Plaintiff's inflammatory evidence is unnecessary and cumulative to this matter. Plaintiff's alleged damages are susceptible of proof through admission of live witness testimony and there is no need to introduce multiple disturbing, dramatic and unfairly prejudicial photographs. A limited number of photographs may be necessary to address accident reconstruction, biomechanical and injury mechanism issues, however, it would be highly and unfairly prejudicial to the defendant if all such photos were summarily admitted.

## II.     ARGUMENT

Rule 403 of the Federal Rules of Evidence gives the Court discretion to exclude evidence that has limited relevance. See Fed. R. Evid. 403. ("Although relevant, evidence may be excluded if its probative evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues . . . by considerations of . . . needless presentation of cumulative

evidence"). Evidence "is unfairly prejudicial if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case.'" Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980) (citation omitted); accord Old Chief v. United States, 519 U.S. 172, 180 (1997).

Federal courts in this Circuit have excluded gruesome photographs under Rule 403 where their probative value is greatly exceeded by the risk of unfair prejudice. See United States v. George, 266 F.3d 52, 63 (2d Cir. 2001) (upholding the exclusion of a videotape that defendant argued was relevant to showing his cognitive ability as unduly prejudicial to prosecution's false representation case); Hygh v. Jacobs, 961 F.2d 359, 367 (2d Cir. 1992) (holding that plaintiff's mug shot should have been excluded as it prejudicially fastened the jury's attention on injuries that were not issues at trial).

Photographs depicting Mr. Phelan's injuries taken at the accident scene and the Medical Examiner's office, if not directly related to specific expert testimony, could have an "undue tendency to suggest decision on an improper basis…." Advisory Committee's Note, Fed. R. Evid. 403. They would be certain to arouse the emotions of the jurors, to the substantial and unfair prejudice of defendant. Instead of a trial on the merits, the proceedings could be marred by jury distraction and confusion as jurors attempt to digest this evidence and to accord it more weight than any other evidence at trial.

The facts of this accident will pose a sufficient challenge for the jury to unravel, in light of the conflicts between the parties' experts on the basic issues of this case. The Court should require plaintiff to try this case on its facts, instead of creating collateral issues, undue delay, or jury confusion by the presentation of inflammatory photographs of Christopher Phelan's injuries, unrelated to specific expert testimony on issues of accident reconstruction, biomechanics and/or occupant kinematics, or injury causation. Exclusion of such photographs is the only proper means by which to accomplish these purposes.

### III.   CONCLUSION

WHEREFORE, defendant DaimlerChrysler Corporation respectfully requests that this Court limit the introduction of graphic and inflammatory photographs of Christopher Phelan.[1]

>
> Defendant,
> DaimlerChrysler Corporation
> By its attorneys,
>
>
> _____/s/_____
> Peter M. Durney (Fed. Bar ID# CT14569)
>   pdurney@cornellgollub.com
> James P. Kerr (Fed. Bar ID# CT24142)
>   jkerr@cornellgollub.com
> CORNELL & GOLLUB
> 75 Federal Street
> Boston, Massachusetts 02110
> (617) 482-8100
> (617) 482-3917 (facsimile)

---

[1] Upon the Court's request, DaimlerChrysler will provide copies of the photographs of Christopher Phelan to the Court for *in camera* inspection.

CERTIFICATE OF SERVICE

      I, Peter M. Durney, attorney for defendant DaimlerChrysler Corporation, hereby certify that on this 1st day of November, 2004 a true copy of the foregoing Defendant DaimlerChrysler Corporation's Motion *in Limine* to Limit Graphic Photographs of Christopher Phelan and Incorporated Memorandum of Law, was served by hand, directed to:

Steven E. Arnold, Esq.
STANGER & ARNOLD, LLP
29 South Main Street, Suite 325
West Hartford, Connecticut 06107
Attorney for Plaintiff

by first class mail postage prepaid, directed to:

Mr. Christopher Miller
Inmate #266075
c/o Willard-Cybulski Correctional Institution
Third-Party Defendant

| | |
|---|---|
| Rikki Timbo, Inc. | Maurice Samuelian |
| Agent for Service: Richard W. Tomc, Esq. | Kathleen Samuelian |
| 49 Main Street | 52 Mallard Avenue |
| Middletown, CT 06457 | East Hampton, CT 06424 |
| Third-party defendant | Third-party defendant |

                                              _____/s/_____
                                              Peter M. Durney