UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGELA PHELAN, ADMINISTRATRIX OF THE ESTATE OF CHRIS PHELAN | : | CIVIL NO. 3:02 CV 1219 (JBA) |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| DAIMLERCHRYSLER CORPORATION | : | NOVEMBER 1, 2004 |
| | : | |
| Defendant | : | |

## JOINT TRIAL MEMORANDUM – APPENDIX 8.A-1

### PLAINTIFF'S LIST OF WITNESSES

1.    **Angela A. Phelan**
      21 Uplands Way
      Glastonbury, CT 06033

Angela Phelan, Chris Phelan's mother and the Administratrix of his estate, will testify about the subject matters in her deposition testimony, her knowledge and understanding of her liability and damage claims against Defendant, including the subject matters of Plaintiff's experts' opinions, matters to which they will testify, and the damages sustained by Chris Phelan and his estate, including: her knowledge of why he believed the Jeep Wrangler was a more rollover safe and crashworthy sport utility vehicle than others he had considered; that Chris Phelan would not

1

have purchased his Jeep Wrangler had he known or been warned that it only looked like it was, but it was not, rollover safety or crashworthy; Chris Phelan's decision to drive his Jeep Wrangler instead of his other vehicle on the day of the accident; Chris Phelan's unique qualities as a teacher and the special relationship he shared with the Flanders School's students and faculty; his education, skills, health, and talents, as well as Chris Phelan's capacity to carry on and enjoy his life's activities in a way that he would have done had he lived; Chris Phelan's future dreams and goals, including his pending marriage and family plans.

2.    **Cassandra A. Daniels**
       5H Lathrop Lane
       Rocky Hill, CT

       Ms. Daniels will testify about her observations and actions at the accident site.

3.    **Lori A. Atkins**
       218 Bull Hill Road
       Colchester, CT 06415

       Ms. Atkins will testify about her observations and actions at the accident site, including: that she found Christopher Phelan seat belted in his Jeep Wrangler driver seat; her conversation with Chris Phelan and observations before his death; and the physical whereabouts of Mr. Miller at the accident site as he was bleeding from his accident injuries.

**4.    Amy M. Bouchard**
1162 Neipsic Road
Glastonbury, CT

Ms. Bouchard will testify about her observations and actions at the accident site, including: that Mr. Miller was bleeding and walking about the accident site; her inspection of the guard rail system; Chris Phelan's seat-belted position within his driver's seat; Chris Phelan's head injuries; and driver's seat being laid down to remove him from the vehicle.

**5.    Malka B. Shah, M.D.**
State of Connecticut
Office of the Chief Medical Examiner
11 Shuttle Road
Farmington, CT  06032

Dr. Shah will testify as an expert on the issue of injury causation, anatomy, and orthopaedics, as more fully set forth in her Case Report No. 00-00977 with Exhibits, and her deposition testimony that may be read into evidence if she may become unavailable for trial, including: her post mortem examination of Christopher; that Chris Phelan did not sustain any serious injuries to his body from this accident other than the fatal blow to his head; and that the location and nature of Chris Phelan's fatal head and brain injury is consistent with the physical evidence of the upper portion of the driver's door frame being fatally pushed into and crushing Chris Phelan's head during the accident sequence.

3

6.     **Trooper Steven R. Roy**
       Connecticut State Police
       Bradley International Airport, Troop W
       Windsor, CT 06096

Trooper Roy will testify about his observations at the accident site as set forth in his deposition, including: his accident investigation; his factual findings; and his accident reconstruction and diagrams.

7.     **Trooper Richard Cournoyer**
       State of Connecticut
       1111 Country Club Road
       Middletown, Connecticut 06457-9294

Trooper Cournoyer will testify about his observations and actions at the accident site, and as set forth in his deposition testimony, including: his factual findings about the accident and his photographs of the accident scene.

8.     **Officer James A. Kennedy**
       Glastonbury Police Department
       2108 Main Street
       Glastonbury, CT

Officer Kennedy will testify about his observations and actions at the accident site as set forth in his deposition testimony.

9.      **State of Connecticut Department of Transportation Personnel**
        **J. MacNeil, A. Chabot, D. Willie, F. Shea, F. Martin**
        2800 Berlin Turnpike
        Newington, CT 06131-7546

These individuals will testify about their observations regarding the condition of the light pole and guardrail system immediately after the accident and during their repair, as well as the actions they took to repair the light pole and guardrail system.

10.     **Kevin J. Walsh**
        PO Box 688
        Madison, CT 06443

Mr. Walsh will testify about his observations and his photographs at the accident site.

11.     **Irving U. Ojalvo, Sc.D**
        Connecticut Technology Associates
        1011 High Ridge Road, 2nd Floor
        Stamford, CT 06905

Dr. Ojalvo will testify as an expert on the issues of accident reconstruction, biomechanics, occupant kinematics, injury causation, and human factors engineering, as more fully set forth in his Jeep Rollover Fatality Accident Investigation & Design Evaluation Report – 1/03 with Exhibits, his deposition testimony, and continued Jeep CJ and Jeep Wrangler testing and analyses; NHTSA and FMVSS 216 and related roof crush testing and standards; the proposals, research, and comments leading to FMVSS 216 and relating to it thereafter, other roof crush testing to present, Defendant's/automotive industry's involvement therewith and response thereto; FMVSS

5

216's application to the Jeep CJ and Jeep Wrangler; Defendant's knowledge, testing and experience with the Jeep CJ and Wrangler roll cage designs, history, revisions, alternative feasible designs and prototypes, and cost and profit considerations; the Jeep CJ and Jeep Wrangler roll cage design, history, revisions and comparisons; similar vehicle damage patterns occurring other Jeep Wrangler rollover accidents; applicable ANSI warning standards; Jeep CJ and Wrangler on-product warning stickers, owner's manuals, service manuals, glove box materials, and their meanings and definitions; FTC and NHTSA proceedings relating to Jeep CJ and Jeep Wrangler product literature; the lack or inadequacy of Defendant's information and warnings about Jeep CJ and Jeep Wrangler product defect, rollover safety and/or crashworthiness; alternative feasible Jeep Wrangler designs, product literature and warnings; Defendant's Jeep CJ and Jeep Wrangler advertising and marketing; consumer perceptions of the Jeep CJ and Jeep Wrangler rollover safety and crashworthiness.

12.    **Goodrich Automotive**
       606 Franklin Avenue
       Hartford, CT 06114

       Chain of custody of Chris Phelan's Jeep Wrangler.

13.    **Arite Used Auto Parts – Company Representative**
       124 Christian Lane
       New Britain, CT

       Authentication of Jeep Wrangler components tested by Plaintiff's experts.

6

14.     **Turnpike Motors – Company Representative**
        2550 Berlin Turnpike
        Newington, CT

        Authentication of Jeep Wrangler components tested by Plaintiff's experts.

15.     **Wilson C. Hayes, Ph.D.**
        Hayes & Associates, Inc.
        301 SW 4th Street, Suite 160
        Corvallis, OR 97333

        Dr. Hayes will testify as an expert on the issues of accident reconstruction, biomechanics, occupant kinematics, injury causation, anatomy, and orthopaedics, as more fully set forth in his Expert Report – 1/31/03 with Exhibits, his deposition testimony, and his continuing case analyses; NHTSA and FMVSS 216 and related roof crush testing and standards; the proposals, research, and comments leading to FMVSS 216 and relating to it thereafter, other roof crush testing to present, Defendant's/automotive industry's involvement therewith and response thereto; FMVSS 216's application to the Jeep CJ and Jeep Wrangler; Defendant's knowledge, testing and experience with the Jeep CJ and Wrangler roll cage designs, history, revisions, alternative feasible designs and prototypes, and cost and profit considerations; the Jeep CJ and Jeep Wrangler roll cage design, history, revisions and comparisons; alternative feasible Jeep Wrangler designs; and accident scene blood pattern analysis.

16. **Ernest L. Rittner, III**
    Co-Part – General Manager
    138 Christian Lane
    New Britain, CT 06051

    Mr. Rittner will testify about the receipt, storage and movement of Chris Phelan's Jeep Wrangler after the accident, vehicle inspections, and his experience and observations about Jeep Wrangler rollover crashworthiness.

17. **Mike Piatek**
    Co-Part
    138 Christian Lane
    New Britain, CT 06051

    Mr. Piatek will testify about the receipt, storage and movement of Chris Phelan's Jeep Wrangler after the accident, vehicle inspections, and his experience and observations about Jeep Wrangler rollover crashworthiness.

18. **Korinna Zappala**
    24 Exeter Court
    Manchester, CT

    Chris Phelan's Jeep Wrangler maintenance history.

19. **Richard Swando**
    5735 Euclid Drive
    West Bloomfield, MI

    Mr. Swando may testify about his knowledge and involvement with Defendant's retention

8

and destruction of Jeep CJ and Jeep Wrangler documents

20.    **Leon Neal**
       DaimlerChrysler Corporation
       1000 Chrysler Drive
       Auburn Hills, MI

       Plaintiff will read/submit into evidence excerpts of Mr. Neal's testimony from the

following depositions:

        a.       Leon Neal, Phelan v. Daimler Chrysler, dated 12/15/03 (video deposition)

        b.       Leon Neal, Margosian v. Chrysler, dated 11/16/98

        c.       Leon Neal, Rogers v. Chrysler, dated 10/5/99

        d.       Leon Neal, Gillespie v. DaimlerChrysler, dated 10/30/00

21.    **Richard Friday**
       DaimlerChrysler Corporation
       1000 Chrysler Drive
       Auburn Hills, MI

       Mr. Friday will testify in person or by deposition about the matters in his deposition in

this case.

22.    **Craig Winn**
       The Winn Group, LLC
       3200 Pine Lake Road
       West Bloomfield, MI 48324

       Plaintiff will determine the nature and extent of Mr. Winn's testimony after Mr. Winn is

deposed before trial by mutual agreement of the parties.

**23.    James F. Thornton**
DaimlerChrysler Corporation
1000 Chrysler Drive
Auburn Hills, MI

Plaintiff will read into evidence excerpts of Mr. Thornton's testimony from the following

depositions:

a.    James F. Thornton, McNulty v. Chrysler, dated 7/7/93

b.    James F. Thornton, McNulty v. Chrysler, dated 10/15/93

c.    James F. Thornton, McNulty v. Chrysler, dated 12/15/93

d.    James F. Thornton, Best v. Chrysler, dated 12/6/94

e.    James F. Thornton, Bontos v. Chrysler, dated 4/22/96

f.    James F. Thornton, Bowen v. Chrysler, dated 4/2/97

g.    James F. Thornton, Rogers v. Chrysler, dated 11/4/99

h.    James F. Thornton, Gillespie v. DaimlerChrysler, dated 11/27/00

**24.    Delbert D. DeRees**
DaimlerChrysler Corporation
1000 Chrysler Drive
Auburn Hills, MI

Plaintiff will read into evidence excerpts of Mr. DeRees' testimony from his deposition in

McNulty v. Chrysler, dated 4/11/94.

25.    **Dennis N. Renneker**
       DaimlerChrysler Corporation
       1000 Chrysler Drive
       Auburn Hills, MI

       Plaintiff will read into evidence excerpts of Mr. Renneker's testimony from his deposition

in McNulty v. Chrysler, dated 4/11/94.

26.    **Francois Castaing**
       DaimlerChrysler Corporation
       1000 Chrysler Drive
       Auburn Hills, MI

       Plaintiff will read into evidence excerpts of Mr. Castaing's testimony from his deposition

in Tenaglia v. Chrysler, dated 3/14/96.

27.    **Michael S. Wogalter, Ph.D.**
       North Carolina State University
       Department of Psychology
       640 Poe Hall, Campus Box 7801
       Raleigh, North Carolina 27695-7801

       Dr. Wogalter will testify as an expert on the issue of human factors engineering, as more

fully set forth in his Expert Report – 2/14/03 with Exhibits, his deposition testimony, and his

continued case analyses; FTC and NHTSA proceedings relating to Jeep CJ and Wrangler product

literature; the lack or inadequacy of Defendant's information and warnings about Jeep CJ and

Jeep Wrangler product literature and decals, rollover safety and/or crashworthiness; that adequate

warnings should have been designed, implemented and retrofitted on the Jeep Wrangler to warn consumers of the product defects and that the Jeep Wrangler is not rollover safe or crashworthy; alternative feasible Jeep Wrangler product literature and decal warnings; Defendant's Jeep CJ and Wrangler advertising and marketing; consumer perceptions of the Jeep CJ and Jeep Wrangler rollover safety and crashworthiness.

28.    **Dr. Gary M. Crakes**
       Maher, Crakes and Associates
       860 Ward Lane
       Cheshire, CT 06410

       Dr. Crakes will testify as an expert regarding the economic damages sustained by Chris Phelan and his estate as a result of his death, as more fully set forth in his Appraisal of Economic Loss Report – 8/6/02 with Exhibits, and his deposition testimony.

29.    **Flanders School Co-Workers**
       **Dr. Cherry McLaughin and Caroline Boucher**
       Boston Post Road
       East Lyme, CT 06333

       **Teresa McKessy**
       417 Buttonball Lane
       Glastonbury, CT 06033

       **Jeffrey Cocco**
       492 Chimney Sweep Hill Road
       Glastonbury, CT 06033

       **John Phelan**
       1056 Neipsic Road

Glastonbury, CT 06033

**Tim Phelan**
12 Laurel Lane
Marlborough, CT  06447

**Kathleen Lockyer**
3 Old Stone Crossing
West Simsbury, CT 06092-2819

**Dennis Phelan**
6 Trinity Circle
Bloomfield, Ct 06002

These fact and hedonic witnesses will testify about their knowledge and understanding of: why he believed the Jeep Wrangler was a more rollover safe and crashworthy sport utility vehicle than others he had considered; that Chris Phelan would not have purchased his Jeep Wrangler had he known or been warned that it only looked like it was, but it was not, rollover safety or crashworthy; Chris Phelan's decision to drive his Jeep Wrangler instead of his other vehicle on the day of the accident; Chris Phelan's unique qualities as a teacher and the special relationship he shared with the Flanders School's students and faculty; his education, skills, health, and talents, as well as Chris Phelan's capacity to carry on and enjoy his life's activities in a way that he would have done had he lived; Chris Phelan's future dreams and goals, including his pending marriage and family plans.

13

Plaintiff reserves the right to call at trial any witnesses listed by Defendant in Appendix 8.A-2 of the Joint Trial Memorandum, or otherwise identified or called by Defendant at trial, together with any rebuttal witnesses whose testimony at trial can not reasonably be anticipated at this time. Further, Plaintiff reserves the right to read any and all portions of depositions taken in this case, consistent with the Federal Rules of Civil Procedure and Evidence.

Plaintiff is presently unaware of the exhibits which the Defendant intends to offer at trial. Further, by mutual agreement of the parties, Plaintiff will depose Craig Winn prior to trial. Accordingly, Plaintiff reserves the right to call additional witnesses at trial after deposing Mr. Winn, and to rebut any witness testimony or evidence offered by Defendant which was not timely disclosed or has yet to be disclosed.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANGELA PHELAN, ADMINISTRATRIX OF  :  CIVIL NO. 3:02 CV 1219 (JBA)
THE ESTATE OF CHRIS PHELAN        :
                                  :
            Plaintiff             :
                                  :
                                  :
VS.                               :
                                  :
DAIMLERCHRYSLER CORPORATION       :  NOVEMBER 1, 2004
                                  :
            Defendant             :


**JOINT TRIAL MEMORANDUM – APPENDIX 8.A-2**


**DEFENDANT'S LIST OF WITNESSES**

The defendant may call some or all of the following witnesses at trial:

(1)    Lori A. Atkins
       218 Bull Hill Road
       Colchester, CT
       (percipient witness at accident scene)

(2)    Amy M Bouchard
       1162 Neipsic Road
       Glastonbury, CT
       (percipient witness at accident scene)

(3)    Dr. Vincent Cortes
       Hartford Hospital Trauma Program
       80 Seymour Street
       Hartford, CT
       (physician who treated Christopher Miller after accident)

1

(4)     Trooper Richard Cournoyer
        Connecticut State Police
        1111 Country Club Road
        Middleton, CT
        (photographed accident vehicle and scene)

(5)     Cassandra Daniels
        5H Lathrop Lane
        Rocky Hill, CT
        (percipient witness at accident scene)

(6)     Jamie Feldman
        39 Tollgate Road
        South Glastonbury, CT
        (percipient witness at accident scene)

(7)     Norma Foster
        38 Mallard Cove
        East Hampton, CT
        (percipient witness to Christopher Miller's pre-accident conduct)

(8)     Richard Friday
        DaimlerChrysler Corporation
        1000 Chrysler Drive
        Auburn Hills, MI
        (Vehicle history)

(9)     James Gallagher
        Gallagher Buick
        325 Columbus Blvd.
        New Britain, CT
        (sale of vehicle to decedent)

(10)    Trooper Matthew Gunsalus
        Connecticut State Police

2

       1111 Country Club Road
       Middletown, CT
       (investigated subject accident for Connecticut State Police)

(11)    Richard Juda, M.D.
       Manchester Memorial Hospital
       71 Haynes Street
       Manchester, CT
       (percipient witness at accident scene)

(12)    James Kennedy
       Glastonbury Police Department
       2108 Main Street
       Glastonbury, CT
       (percipient witness at accident scene)

(13)    James Kenney
       Glastonbury Police Department
       2108 Main Street
       Glastonbury, CT
       (percipient witness at accident scene)

(14)    Gary Meisinger
       60 North Maple Street
       East Hampton, CT
       (ownership history of subject vehicle)

(15)    Christopher Miller
       Robinson Correctional Facility
       285 Shaker Road
       P.O. Box 1400
       Enfield, CT 06082
       (third-party defendant; driver of vehicle that collided with subject vehicle)

(16)    Dr. Joel Milzoff
       78 Deerfield Drive

Glastonbury, CT
(examination of Christopher Miller's post-accident hospital records)

(17)    Leon Neal
        DaimlerChrysler Corporation
        1000 Chrysler Drive
        Auburn Hills, MI
        (history of subject model Jeep Wrangler (YJ))

(18)    Robert Paradis
        Gallagher Buick
        325 Columbus Blvd.
        New Britain, CT
        (sale of subject vehicle to decedent)

(19)    Trooper Michael Pendleton
        Connecticut State Police
        1111 Country Club Road
        Middletown, CT
        (photographed accident scene and vehicle)

(20)    Ernest Rittner
        Coparts
        138 Christian Lane
        New Britain, CT
        (post-accident handling of subject vehicle)

(21)    Trooper Steven Roy
        Connecticut State Police
        1111 Country Club Road
        Middletown, CT
        (reconstructed subject accident for Connecticut State Police)

(22)    Trooper John Sawyer
        Connecticut State Police
        1111 Country Club Road

Middletown, CT
(photographed accident scene and vehicle)

(23)     Detective Jeffrey Schaeffer
         Connecticut State Police
         1111 Country Club Road
         Middletown, CT
         (photographed accident vehicle)

(24)     Craig Winn
         The Winn Group, LLC
         3200 Pine Lake Road
         West Bloomfield, MI 48324
         (history, design parameters and intended purposes and usage of subject model Jeep
         Wrangler (YJ))

(25)     Korinna Zappala
         24 Exeter Court
         Manchester, CT
         (pre-accident handling of subject vehicle)

(26)     Keeper of the Records
         Hartford Hospital
         80 Seymour Street
         Hartford, CT

(27)     Keeper of the Records
         Glastonbury Police Department
         2108 Main Street
         Glastonbury, CT

(28)     Keeper of the Records
         Connecticut Department of Transportation
         2800 Berlin Turnpike
         Newington, CT

(29)    Keeper of the Records
        Burnside Jeep-Eagle
        546 Connecticut Blvd.
        East Hartford, CT

(30)    Keeper of the Records
        Gallagher Buick
        325 Columbus Blvd.
        New Britain, CT

(31)    Keeper of the Records
        Connecticut Department of Public Safety
        1111 Country Club Road
        Middleton, CT

(32)    Keeper of the Records
        Coparts
        138 Christian Lane
        New Britain, CT

(33)    Keeper of the Records
        Amica Mutual Insurance Company
        100 Amica Way
        Lincoln, RI

(34)    Steven R. Arndt, Ph.D.
        EXPONENT
        1800 Diagonal Road -- Suite 355
        Alexandria, VA 22314
        (expert on warnings issues)

(35)    Steven Bailo
        M.P. Holcomb Engineering Corporation
        1729 Northfield Drive
        Rochester Hills, MI  48309
        (expert on accident reconstruction issues)

(36)    Michael B. James
        Collision Safety Engineering
        150 South Mountainway Drive
        Orem, Utah 84058
        (analysis of plaintiff' computer simulations)

(37)    Barry Myers, M.D., Ph.D.
        Duke University -- Biomedical Engineering
        Box 90281
        Durham, N.C.  27708-0281
        (expert on biomechanical issues)

(38)    Michelle Vogler, Ph.D.
        Design Research Engineering
        46475 DeSoto Court
        Novi, MI 48377
        (expert on vehicle design issues)

(39)    Keeper of Records
        Trinity Industries, Inc.
        Highway Safety Division
        1170 N. State Street
        Girard, OH
        (authentication of exemplar guardrail)

(40)    DaimlerChrysler Corporation reserves the right to call at trial any witnesses listed by
        plaintiffs in § 8A of the Joint Trial Memorandum, or otherwise identified or called by
        plaintiffs at trial, together with any rebuttal witnesses whose testimony at trial can not
        reasonably be  anticipated at this time. Further, the defendant reserves the right to read any
        and all portions of depositions taken in this case, consistent with the Federal Rules of
        Civil Procedure and Evidence.

(41)    DaimlerChrysler Corporation is presently unaware of the full listing of exhibits which the
        plaintiff intends to offer at trial.  Accordingly, DaimlerChrysler Corporation reserves the

right to call additional witnesses to rebut any witness testimony or evidence offered by the plaintiff which was not timely disclosed or has yet to be disclosed.

(42)    DaimlerChrysler Corporation also reserves the right to call any of the corporate witnesses who testified at deposition at plaintiff's request.  Also, to the extent plaintiff may seek to introduce any portion of such depositions at trial, DaimlerChrysler Corporation reserves the right to read or play (video) any other portions of such deponents' testimony for any and all purposes.

It appears from plaintiff's discovery responses that plaintiff may seek to present testimony and/or documents on other occurrences alleged to be similar to the subject accident. Should such testimony and/or documents be deemed admissible, the defendant DaimlerChrysler Corporation reserves its right to call some or all of the following witnesses to provide the jury with the requisite factual information and context in which to evaluate these anecdotal accounts, including, but not limited to:

(43)    Records keepers, persons most knowledgeable and others regarding the facts and/or circumstances involved in any alleged similar incident;

(44)    Mechanics, maintenance personnel, service technicians, consultants, and other private or corporate personnel to testify concerning any given vehicle's repair and/or maintenance history;

(45)    Records keepers and persons most knowledgeable concerning damage appraisals and/or repairs conducted on any given vehicle prior to and/or subsequent to any allegedly similar incident which may be put before the jury;

(46)    Responding personnel, EMT's, firefighters, police, physicians, nurses and others having knowledge concerning facts and/or circumstances, including  extrication efforts, vehicle

damage, personal injuries sustained and eyewitnesses to any allegedly similar incident deemed admissible by the Court;

(47)    Fact witnesses which may be necessary to authenticate photographs, drawings, sketches, and other evidence which may be relevant to the jury's full understanding of the facts and circumstances surrounding any allegedly   similar incident deemed admissible at trial.

(48)    In fairness to the defendant, the same categories of witnesses, keepers of records, persons with knowledge, and others regarding the facts and/or circumstances, including the vehicles involved, for allegedly similar incidents, wherein vehicle occupants did not sustain the types of and severity of injuries allegedly sustained by Christopher Phelan, in this accident.