UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGELA PHELAN, ADMINISTRATRIX OF | : | CIVIL NO. 3:02 CV 1219 (JBA) |
| THE ESTATE OF CHRIS PHELAN | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| DAIMLERCHRYSLER CORPORATION | : | NOVEMBER 1, 2004 |
| | : | |
| Defendant | : | |

## **JOINT TRIAL MEMORANDUM – APPENDIX 9.B-3a**

### **PLAINTIFF'S PROPOSED VERDICT FORM**

1.      Has Plaintiff proven by a preponderance of the evidence that Defendant's 1994 Jeep

Wrangler was defective and unreasonably dangerous in design, construction and/or inadequate

warnings?

YES _____          NO _____


If the answer to question 1 is "Yes", answer question 2.

If the answer to question 1 is "No", answer question 3.

1

2.      Were any of the 1994 Jeep Wrangler defects a substantial factor in causing Chris Phelan's rollover injuries and/or death?

      YES _____          NO _____

      If the answer to question 2 is "Yes", go to and answer question 8.

      If the answer to question 2 is "No", answer question 3.

3.      Has Plaintiff proven by a preponderance of the evidence that Defendant was negligent in its design, construction and/or warnings about the 1994 Jeep Wrangler?

      YES _____          NO _____

      If the answer to question 3 is "Yes", answer question 4.

      If the answer to question 3 is "No", answer question 5.

4.      Was Defendant's negligence in the design, construction and/or warnings about the 1994 Jeep Wrangler a substantial factor in causing Chris Phelan's rollover injuries and/or death?

      YES _____          NO _____

If the answer to question 4 is "Yes", go to and answer question 8.

If the answer to question 4 is "No", answer question 5.

5.      Has Plaintiff proven by a preponderance of the evidence that Defendant breached its 1994 Jeep Wrangler express and/or implied warranties of merchantability and/or fitness for a particular or foreseeable purpose?

YES _____          NO _____

If the answer to question 5 is "Yes", answer question 6.

If the answer to question 5 is "No", answer question 7.

6.      Were any of Defendant's breaches of its express and implied warranties a substantial factor in causing Chris Phelan's rollover injuries and/or death?

YES _____          NO _____

If the answer to question 6 is "Yes", go to and answer question 8.

If the answer to question 6 is "No", answer question 7.

7.    If you answered "Yes" to any one or more of the questions above, answer question 8.  If you answered "No" to all of the questions above, the jury foreperson is to sign this verdict form and give it to the Marshall.

8.    Set forth the amount of money damages you award Plaintiff for:

  a.  Chris Phelan's Economic Losses
      (his medical and funeral expenses, and his lost earnings capacity):

      $ _____

  b.  Chris Phelan's Non-Economic Losses
      (his pain, suffering, fear of his impending death, death, and loss of enjoyment of his life):

      $ _____

9.    What percentage of comparative responsibility for Chris Phelan's rollover injuries and/or death do you attribute to:

  Chris Phelan        _____%

  Defendant           _____%

  Any Other Party     _____%

  The total must equal: "100%"

10.    Did Defendant act with knowledge, intention and/or reckless disregard for the safety of 1994 Jeep Wrangler occupants such as Chris Phelan?


YES _____            NO _____

If the answer to question 10 is "Yes", answer question 11.

If the answer to question 10 is "No", the jury foreperson is to sign this verdict form and give it to the Marshall.


11.    Should the Court order Defendant to pay punitive damages in this case?

YES _____            NO _____

The jury foreperson is to sign this verdict form and give it to the Marshall.


_____            _____
Date                      Jury Foreperson

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGELA PHELAN, ADMINISTRATRIX OF | : | CIVIL NO. 3:02 CV 1219 (JBA) |
| THE ESTATE OF CHRIS PHELAN | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| DAIMLERCHRYSLER CORPORATION | : | NOVEMBER 1, 2004 |
| | : | |
| Defendant | : | |

**JOINT TRIAL MEMORANDUM – APPENDIX 9.B-3b**

**DEFENDANT'S PROPOSED VERDICT FORM**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratrix of | ) | |
| the Estate of Christopher Phelan, | ) | |
| Class Member, and Individually | ) | |
| | ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DaimlerChrysler Corporation | ) | September 23, 2004 |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S VERDICT
## [PHELAN V. DAIMLERCHRYSLER CORPORATION]

In this case, the jury finds the issues in favor of the Defendant DaimlerChrysler Corporation.


_____          _____
Foreperson                                    Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratrix of | ) | |
| the Estate of Christopher Phelan, | ) | |
| Class Member, and Individually | ) | |
| | ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DaimlerChrysler Corporation | ) | September 23, 2004 |
| | ) | |
| Defendant | ) | |

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S
PROPOSED JURY INTERROGATORIES
[PHELAN V. DAIMLERCHRYSLER CORPORATION]**

1.    Has the plaintiff proven, by a preponderance of the evidence, that the defective condition

existed at the time of the 1994 Wrangler Jeep (YJ) left the hands of the defendant?

_____        _____
　Yes                             No

If "yes", go to Interrogatory No. 2

If "no", stop here and return a verdict for the defendant.

2.    Has the plaintiff proven, by a preponderance of the evidence, that the 1994 Jeep Wrangler

(YJ) was expected to reach and did reach Christopher Phelan without a substantial

change in condition?

_____            _____
    Yes                      No

If "yes", go to Interrogatory No. 3.

If "no", stop here and return a verdict for the defendant.


3.    Has the plaintiff proven, by a preponderance of the evidence, that the 1994 Jeep Wrangler

(YJ) in which Christopher Phelan was traveling on January 18, 2000, was in a defective

condition unreasonably dangerous to him as of that date?


_____            _____
    Yes                      No

If "yes", go to Interrogatory No. 4.

If "no", stop here and return a verdict for the defendant.


4.    Has DaimlerChrysler Corporation proven, by a preponderance of the evidence, that third-

party defendant Christopher Miller:

a.  Failed to maintain reasonable and proper control of the vehicle he was operating on

January 18, 2000; and/or

b.  Failed to keep a reasonable lookout and be reasonably vigilant to detect anyone or

anything in the path of the vehicle he was operating on January 18, 2000; and/or

c.  Operated the vehicle he was driving at a rate of speed greater than is reasonable,

having regard to the width, traffic and use of the highway, the intersection of streets

and weather conditions; and/or

d.  Operated the vehicle while intoxicated.

_____                   _____
     Yes                               No

If "yes", go to Interrogatory No. 5.

If "no", go to Interrogatory No. 6.

5.    Has DaimlerChrysler Corporation proven that the misconduct of Christopher Miller was a supervening or sole proximate cause of the injuries and/or death of Christopher Phelan?

_____                   _____
     Yes                               No

If "yes", stop here and return a verdict for the third-party defendant.

If "no", go to Interrogatory No. 6.

6.    Has the plaintiff proven, by a preponderance of the evidence, that the defective condition of the 1994 Jeep Wrangler (YJ) proximately caused the injuries and/or death of Christopher Phelan?

_____                   _____
   Yes                                 No

If "yes", go to Interrogatory No. 7.

If "no", stop here and return a verdict for the defendant.

7.    Has the defendant proven by a preponderance of the evidence that Christopher Phelan knowingly and unreasonably assumed the risk of any alleged defect in the subject

vehicle?

_____          _____

     Yes                            No

If "yes", then you are done.

If "no", go to Interrogatory No. 8

8.     What are the fair, just and reasonable damages regarding the injuries and/or death of Christopher Phelan?

$_____

9.     For what percentage of those damages is each party responsible?

_____          _____
Plaintiff                                          Rikki Timbo, Inc.


_____          _____
DaimlerChrysler Corporation              Maurice Samuelian


_____          _____
Christopher Miller                              Kathleen Samuelian


_____          _____
Foreperson                                      Date

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGELA PHELAN, ADMINISTRATRIX OF THE ESTATE OF CHRIS PHELAN | : | CIVIL NO. 3:02 CV 1219 (JBA) |
| Plaintiff | : | |
| VS. | : | |
| DAIMLERCHRYSLER CORPORATION | : | NOVEMBER 1, 2004 |
| Defendant | : | |

## JOINT TRIAL MEMORANDUM – APPENDIX 10.A-1

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Plaintiff objects to Defendant's jury instructions to the extent they do not comply with the Connecticut Judicial Branch, Civil Jury Instructions and case law, they are incomplete as to Plaintiff's product liability negligence and breach of warranty theories, are unnecessarily repetitive, and are inappropriately weighted with language that is not neutral but favorable to the defense in asking the jury to reach a defense verdict. Plaintiff further objects to any jury instructions that may be rendered unnecessary or inappropriate depending on the Court's rulings on the parties' objections and motions. In addition, Plaintiff's more specifically object to the following Requests:

**REQUEST NO. 7**

Plaintiff objects to the second paragraph of this Request because it misstates Connecticut law, Defendant offers no Connecticut authority for this legal proposition, and Defendant has no admissible evidence or proof to support its position that Defendant's 1994 Jeep Wrangler complied with FMVSS 216 testing. Moreover, this paragraph of the Request misstates the purpose of FMVSS 216, it does not apply to the 1994 Jeep Wrangler in this case, or to any principles of causation at issue.

**REQUEST NO. 14**

Plaintiff objects to this Request in its entirety because it misstates Connecticut law. In fact, the authority cited for Defendant's Request is based on Massachusetts' product liability law. Accordingly, Plaintiff respectfully requests that the Court use her proposed jury instruction set forth in paragraph 1.A.3. as it relates to conformance with industry standards.

**REQUEST NO. 25**

Plaintiff objects to this Request in its entirety because it is unbalanced, argumentative, and not Connecticut law.

In <u>Barry v. Quality Steel Product, Inc.</u>, 263 Conn. 424 (2003), the Connecticut Supreme Court decided it is inappropriate to give instructions on the doctrine of superseding cause in cases involving multiple acts of negligence, and further held:

> The doctrine of superseding cause no longer serves a useful purpose in Connecticut's negligence jurisprudence as to situations wherein defendant claims that its tortious conduct is superseded by a subsequent negligent act or there are multiple acts of negligence.  Id.

The Connecticut Supreme Court further held that "superseding cause instructions serve to complicate what is fundamentally a proximate cause analysis." Id.  Accordingly, Plaintiff requests that the Court omit any instruction regarding an intervening or superseding cause, and charge the jury as set forth in section 2 of Plaintiff's proposed jury instructions.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGELA PHELAN, ADMINISTRATRIX OF | : | CIVIL NO. 3:02 CV 1219 (JBA) |
| THE ESTATE OF CHRIS PHELAN | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| DAIMLERCHRYSLER CORPORATION | : | NOVEMBER 1, 2004 |
| | : | |
| Defendant | : | |

## JOINT TRIAL MEMORANDUM – APPENDIX 10.A-2

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Jeep Wrangler Class Action | ) | |
| | ) | |
| Angela Phelan, Administratrix of | ) | |
| the Estate of Christopher Phelan, | ) | |
| Class Member, and Individually | ) | |
| | ) | Civil No. 3:02 CV 1219 JBA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DaimlerChrysler Corporation | ) | November 1, 2004 |
| | ) | |
| Defendant. | ) | |

## DEFENDANT DAIMLERCHRYSLER CORPORATION'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Defendant DaimlerChrysler Corporation ("DaimlerChrysler" or "defendant") respectfully submits the following preliminary objections to Plaintiff's Proposed Jury Instructions. (Defendant's objections track the numerical and alphabetical designations assigned by plaintiff).

## 1.     PRODUCT LIABILITY

The defendant objects to this purported instruction as nothing more than a summary statement of plaintiff's view of the case that is self-serving, biased, inflammatory, and of no value whatsoever to the jury in understanding the law applicable to this case. Defendant notes that plaintiff has cited no authority of any kind for this proposed instruction.

### 1.A.3   Unreasonably dangerous product

Defendant objects to the plaintiff's statement that: "It is for you to draw your own conclusions as to the reasonable expectations of an ordinary user of the Jeep Wrangler, and as to the knowledge common in the community at large regarding Defendant's Jeep Wrangler" as inconsistent with the principles set forth in Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199, 219 (1997).  This is a misstatement of the law applicable to the facts of this case. This case is plainly one of those "instances involving complex product designs" identified by the Potter court in which an "ordinary consumer may not be able to form an expectation".  Id. The modified consumer expectations test described by the Potter court ought to apply here.  Id. at 220-221.  See Defendant's Requested Instruction No. 3 (citing 241 Conn. at 220).

### 1.A.4   Crashworthiness

Plaintiff's requested instructions mischaracterize the standards stated in the cited source, which are derived from Caizzo v. Volkswagenwerk A.G., 647 F.2d 241, 250-251 (2d Cir. 1981), citing Huddell v. Levin, 537 F.2d 726 (3d Cir. 1976).   The source cited by plaintiff states that "plaintiff has an affirmative burden to prove: (1) that there existed at the time of the accident an alternative safe or practicable design; (2) that plaintiff would have sustained a less severe injury had such an alternative design been used, by offering proof of what injuries, if any, would have been sustained with an alternative design; and (3) establish the extent of enhanced injuries attributable to the design defect.  See James H. Rotundo and John D. Williams, Connecticut Product Liability Law 48 (citing Caizzo, 674 F.2d at 250).  Defendant's Requested Instruction No. 13 contains a more accurate statement of crashworthiness law in this jurisdiction.

**B.      Negligence**

The defendant objects to this instruction as a misstatement of the law applicable to this

case.    Plaintiff has framed her action against DaimlerChrysler as crashworthiness claims.

Consistent with the testimony of plaintiff's accident reconstructionist, plaintiff admits in Section

6A above that Christopher Phelan's vehicle was struck from the rear by Christopher Miller's

vehicle prior to Mr. Phelan's death, and alleges that Mr. Phelan survived that accident.  Plaintiff

does not allege that the defendant caused the rear-end collision.

In order to prove a crashworthiness claim under existing law, plaintiff must show that:

(1)  there existed at the time of the accident an alternative safe or practicable design; (2) plaintiff

would have sustained a less severe injury had such an alternative design been used, by offering

proof of what injuries, if any, would have been sustained with an alternative design; and (3)

establish the extent of enhanced injuries attributable to the design defect.    Rotundo and

Williams, <u>Connecticut Product Liability Law</u> at page 48, citing <u>Caizzo</u>, 674 F.2d at 250.

Plaintiff cannot meet her burden on a crashworthiness claim merely by proving the

existence of one of the purported defects alleged in the proposed instruction, but must make the

specific showing set forth in <u>Caizzo</u>, 674 F.2d at 250 and cited in the treatise.

Moreover, plaintiff is not entitled to have the Court read a self-serving summary of

plaintiff's allegations to the jury.

2.    **CAUSATION/COMPARATIVE RESPONSIBILITY**

Plaintiff states incorrectly the plaintiff's burden of proof on causation. Plaintiff is obliged to prove in this case not only that the product was defective in design, but also that the defect was the legal cause of her injuries. Plaintiff must show that the defendant's conduct was <u>both</u> a cause in fact <u>and</u> a proximate cause of the injuries that occurred to Christopher Phelan. <u>See</u> <u>Tesler v. Johnson</u>, 23 Conn.App. 536, 539 (1990); <u>Doe v. Manheimer</u>, 212 Conn. 748, 757 (1989). "The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct". <u>Kowal v. Hofher</u>, 181 Conn. 355, 359 (1980). A proximate cause is "an act or failure to act which is a substantial factor in producing a result." <u>Sanders v. Officers Club of Connecticut, Inc.</u>, 196 Conn. 341, 349 (1985).

Plaintiff also proposes in Section 2 an instruction stating, in substance, that the jury is not to be concerned with rights plaintiff may have against other parties who might have contributed to cause the decedent's injuries, or with rights or claims the defendant may have against other such parties. Given the defendant's third-party claims against Christopher Miller, Rikki Timbo, and Maurice and Kathleen Samuelian and its affirmative defenses relating to the conduct of these parties, this instruction is clearly inapplicable. The jury must consider the defendant's rights against these parties as asserted in the pleadings and the liability of these parties as shown at trial. Furthermore, the jury must consider and determine the degree of third-party responsibility on the issue of proximate causation. <u>Guerin v. Winton Industries, Inc.</u>, 316 F.3d 879, 884 (9th Cir. 2002); (third-party conduct admissible on issue of injury causation; <u>Caizzo</u>, 647 FD.2d at 250 (crashworthiness plaintiff must prove extent of injury enhancement due to alleged design

defect.   See also Bravo v. Ford Motor Co., 2001 WL 477275, Connecticut Superior Court (evidence regarding the cause of the first collision is admissible on the issue of injury causation in a crashworthiness case).


3.     **DAMAGES**

     A.     **Compensatory/General Damages**

     B.     **Death Damages**

     B1.    **Loss of Earning Capacity**


Plaintiff's proposed instructions in these matters suggest that there are no clear guidelines of any kind for determination of damages.  In this wrongful death action, however, the damages are circumscribed by statute.  Damages for wrongful death in Connecticut "are assessed on the basis of the loss to the decedent had he lived, and, except in that sense, not on the basis of the loss to his estate".  Floyd v. Fruit Industries, 144 Conn. 659, 671 (1957).  The administratrix may recover "just damages together with the costs of reasonably necessary medical, hospital and nursing services and including funeral expenses....".  Conn. Gen.Stat. § 52-555 (1997).  "Just damages" include the value of the decedent's lost earning capacity less deductions for necessary living expenses reduced to present value, among other factors.  E.g., Ladd v. Douglas Trucking Co., 203 Conn. at 197.  This is a matter requiring proof by plaintiff at trial which the jury must weigh against countervailing evidence provided by defendant.


     C.     **Punitive Damages**

Plaintiff is not entitled to an instruction on punitive damages.   The only claims at issue in

this trial are plaintiff's individual product liability claims as stated in Count III of plaintiff's Second Amended Complaint dated October 12, 2002.  Plaintiff failed to allege punitive damages under Conn. Gen. Stat. §52-240b in Count III, or in other portion of that pleading.   Plaintiff may not seek punitive damages at this late date.  With discovery long since complete and with jury selection taking place on December 1, the defendant has received no notice of plaintiff's intent to pursue punitive damages on the individual product liability claims and has had no opportunity to prepare a defense against those claims, and so would be unfairly prejudiced if plaintiff were allowed to pursue such claims. The defendant incorporates its <u>Motion *in Limine* to Exclude References to, Testimony and/or Comments Regarding Punitive Damages and Incorporated Memorandum of Law</u> in support of this objection. The defendant also respectfully refers the court to the affirmative defenses to punitive damages raised in DaimlerChrysler Corporation's Amended Answer to Plaintiff's Amended Complaint.